UNITED STATES DISTRICT CICURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS P. PIPPETT, JR.,<br>JOSEPH T. MCDONALD, and<br>JAMES J. ROSATO, IND. par.<br>t/a ECM ELECTRICAL<br>CONSTRUCTION,<br>    Plaintiffs, | :<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL CASE NO.<br>3:01cv1716(MRK) |
| vs. | :<br>: | |
| WATERFORD DEVELOPMENT, LLC,<br>    Defendant and Third-Party Plaintiff, | :<br>: | |
| vs. | :<br>:<br>: | |
| THOMAS PIPPETT, SR.,<br>    Third-Party Defendant. | :<br>: | |
| DARLENE JENNINGS,<br>    Plaintiff, | :<br>:<br>: | CIVIL CASE NO.<br>3:02cv1937(MRK) |
| vs. | :<br>: | |
| WATERFORD DEVELOPMENT, LLC,<br>    Defendant. | :<br>: | AUGUST 3, 2004 |

## JOINT TRIAL MANAGEMENT REPORT

### I. Trial Counsel

For Plaintiff:

Gerald Jay Pomerantz, Esquire
Pomerantz & Scheffer
Stephen Girard Building, 7th Floor
Philadelphia, PA 19107
(215) 569-8866
Fax (215) 568-6511

Norman Perlberger, Esquire
Perlberger Law Associates, P.C.
326 W. Lancaster Avenue, Suite 210
Ardmore, PA 19003
(610) 645-0900

Fax (610) 645-9240

For Defendant:

Andrew Houlding,
Rome McGuigan, P.C.,
One State Street,
Hartford, CT 06103.
(860) 493-3468
(860) 724-3921
email: ahoulding@rms-law.com

### II.    Jurisdiction.

Plaintiffs claim diversity jurisdiction; Defendant agrees that there is diversity of

citizenship, but does not concede that Plaintiffs' claims exceed $75,000.

### III.    Jury/Non-Jury.

A.    Pippett et als. v. Waterford:  Defendant contends that at least portions of the

Plaintiffs' claims are triable only to a jury.

B.    Jennings v. Waterford.  Jennings has never served Defendant with a jury demand,

and the case is not on the jury docket.  This case will be tried to the bench.

C.    Waterford vs. Pippett Sr.  Third-Party Plaintiff Waterford has not claimed this

action to a jury, and it is an action seeking essentially equitable relief.  This case will be tried to

the bench.

**N.B.  Plaintiffs contend that "the consolidated cases are to be tried to a jury."**

### IV.    Length of Trial.

Defendant estimates 9 days.  Plaintiffs estimate 15 days.

### V.    Further Proceedings:

A.    Waterford, as Third-Party Plaintiff, has moved for default against Third-Party

Defendant Thomas Pippett Sr; and Pippett Sr., subsequently filed a motion for leave to file his

answer and affirmative defense, together with a proposed answer and defense. Waterford anticipates filing its reply to the defense and closing the pleadings.

B.    Waterford, as Defendant in <u>Pippett v. Waterford,</u> is moving to preclude Plaintiffs from bringing extraneous, inflammatory and prejudicial issues into this case on the eve of trial. In this employment termination case, Plaintiffs are now attempting to interject claims that their termination is tied to the ongoing federal investigation of members of the Rowland administration. *See* Plaintiffs' Witness List, proposing the examination, "as on cross," of witnesses Mark Wolman, Len Wolman, and Alan Angel regarding extraneous, inflammatory, and prejudicial issues such as the "relationship or involvement" with "the former Governor, his Chief of Staff, state officers, employees or agents involved in bids and awards of contracts for state projects and the overlap of contractors or state officials involved in the federal probe of corruption." Defendant also objects to the listing of "contingent witnesses" who have never been identified as potential witnesses in this case, including former Governor John Rowland and former Rowland staff member Lawrence Alibozek. There is no evidence, adduced through the discovery phase of this litigation, tending to suggest that either of these witnesses has any knowledge of the employment of the Plaintiffs or their termination of employment.

C.    The parties in <u>Pippett v. Waterford</u> and <u>Jennings v. Waterford</u> have moved for consolidation of those two cases for trial purposes. However, <u>Jennings</u> is not on the jury docket, while <u>Pippett</u> is on the jury docket.

**N.B. Plaintiffs state that "Counsel anticipate a pretrial conference to resolve outstanding evidentiary disputes and to discuss possible settlement."**

**VI.    Nature of Case.**

A.    <u>PLAINTIFFS' STATEMENT OF THE CASE</u>

This matter concerns Plaintiffs' claims of breach of contract, equitable estoppel, promissory estoppel, negligent misrepresentation, and violation of the implied covenant of good faith and fair dealing arising out of the termination of their services by Defendant, Waterford Development, LLC with respect to a development project called "Adriaen's Landing" in Hartford, Connecticut. The Adriaen's Landing project was being run and developed by Waterford Development, LLC. According to the Plaintiffs, employment on the project was to last between three and one-half and four years and included other significant benefits. After foregoing other employment opportunities, Plaintiffs began working on the project. Plaintiffs allege that Defendants failed to comply with the terms of the employment agreements and Plaintiffs suffered significant damages as a result. Plaintiffs also claim that the reasons given to them for termination were pretextual and that the evidence will show that the underlying reasons were caused by Defendant's malicious, reckless and/or grossly negligent behavior, all of which resulted in an undermining of the public trust, misuse of public funds and constituting acts contrary to public policy, thereby entitling Plaintiffs to punitive damages.

**Defendant's Objection:**

**The final sentence of Plaintiffs' Statement of the Case is objectionable inasmuch as it sounds in fraud, yet Plaintiffs withdraw Count Three of the Second Amended Complaint, alleging fraud, in response to Defendant's Motion to Dismiss (April 1, 2002) for failure to comply with the requirement of Federal Rules of Civil Procedure Rule 9(b).**

*Plaintiffs' Response:*

*Plaintiffs' punitive damages claim flows from Count IV (Negligent Misrepresentation) and Count V (Breach of Good Faith and Fair Dealing) in that the proof will show that*

*"termination of employment [was] violative of an important public policy." Barry v. Posi-Seal Int'l, Inc., 672 A.2d 514, 520-521 (Conn. App. 1996).*

B.    DEFENDANT'S STATEMENT OF THE CASE

Defendant admits that it employed the Plaintiffs but that it is not liable to them because it had no legal duty to continue their employment for any period of time; and further, that it had a good faith basis for terminating their employment when it determined that there was insufficient work at that stage on the Project. Defendant contends that all of the Plaintiffs were employed on an at-will basis, meaning that the Plaintiffs could terminate their employment at any time and so could the Defendant, without having to provide a reason. Defendant further contends that it did have a good faith reason for termination of the employment relationship, inasmuch as too many people had been hired too early in the process; there was insufficient work for the Plaintiffs to perform in October, 2000; Plaintiffs were laid off, with two weeks' severance pay, and their positions were not filled.

Waterford has filed a Third-Party Complaint against Tom Pippett Sr., father of Plaintiff Tom Pippett Jr. Pippett Sr. was retained in May, 2000, through his company, TPPI, to serve as Project Director. To the extent that Plaintiffs claim they rely on statements and promises made to them by Pippett Sr., Waterford claims that Pippett Sr. was not authorized to make those statements and promises, and that if he made the statements and promises alleged by the Plaintiffs, he should be liable for any damages sustained by the Plaintiffs.

Pippett Sr., denies these allegations and claims that Waterford's Third-Party Complaint is barred by a release between Waterford and TPPI. Waterford contends that the release is not a bar because the release is in favor of TPPI, not Pippett Sr., and that even if it was in favor of Pippett Sr., his false testimony and other actions in support of his son and co-plaintiffs

constitutes a material breach of any release, such that Waterford is relieved of any reciprocal obligations.

    **VII.**    **Trial by Magistrate Judge.**  Counsel have not agreed to trial by a Magistrate Judge.

    **VIII.  Evidence.**

    **(A) WITNESSES**

    **Plaintiffs' Witness List (Defendant's Objections and Plaintiffs' Responses are interpolated between each witness listed by Plaintiffs).**

    1. **Thomas P. Pippett, Jr.** (Plaintiff), 10 Roosevelt Blvd., Ocean City, NJ 08226.

    Thomas Pippett, Jr. is expected to testify regarding his personal professional background and experience; matters relating to his recruitment to work on the Adriaen's Landing project; the circumstances of his employment on the Adriaen's Landing project; his experiences while working on the Adriaen's Landing project team; his termination by Waterford Development; his subsequent employment and damages. Expected duration of testimony: one half day.

    **Defendant's Objection: Defendant objects to testimony from Pippett, Jr., concerning statements to him by Pippett, Sr.  Such testimony is inadmissible hearsay in the absence of evidence showing that Pippett Sr. had actual authority from Defendant to make such statements.  FRE 801(d)(2)(D)**

    *Plaintiffs' Response: Since Pippett, Sr. is a third party defendant, his statements are not hearsay under FRE 801(d)(1) and (d)(2).*

    2. **Joseph T. McDonald** (Plaintiff), 11851 Basile Road, Philadelphia, PA 19154.

    Joseph McDonald is expected to testify regarding his personal professional background and experience; matters relating to his recruitment to work on the Adriaen's Landing project; the circumstances of his employment on the Adriaen's Landing project; his experiences while working on the Adriaen's Landing project team; his termination by Waterford Development; his subsequent employment and damages. Expected duration of testimony: one half day.

    **Defendant's Objection: Defendant objects to testimony from McDonald, concerning statements to him by Pippett, Sr.  Such testimony is inadmissible hearsay in the absence of evidence showing that Pippett Sr. had actual authority from Defendant to make such statements.  FRE 801(d)(2)(D)**

*Plaintiffs' Response: Since Pippett, Sr. is a third party defendant, his statements are not hearsay under FRE 801(d)(1) and (d)(2).*

3. **James T. Rosato** (Plaintiff), 1411 Sawmill Road, Downingtown, PA 19335.

James Rosato is expected to testify regarding his personal professional background and experience; m atters r elating t o h is r ecruitment t o w ork o n t he A driaen's Landing p roject; t he circumstances of his employment (through his company, Electrical Construction Management) on the Adriaen's Landing project; his experiences while working on the Adriaen's Landing project team; his termination by Waterford Development; his subsequent employment and damages. Expected duration of testimony: one half day.

**Defendant's Objection: Defendant objects to testimony from Rosato, concerning statements to him by Pippett, Sr. Such testimony is inadmissible hearsay in the absence of evidence showing that Pippett Sr. had actual authority from Defendant to make such statements. FRE 801(d)(2)(D)**

*Plaintiffs' Response: Since Pippett, Sr. is a third party defendant, his statements are not hearsay under FRE 801(d)(1) and (d)(2).*

4. **Darlene Jennings** (Plaintiff), 429 Grant Avenue, Downingtown, PA 19335.

Darlene Jennings is expected to testify regarding her personal professional background and experience; matters relating to her recruitment to work on the Adriaen's Landing project; the circumstances of her employment on the Adriaen's Landing project; her experiences while working on the Adriaen's Landing project team; her termination by Waterford Development; her subsequent employment and damages. Expected duration of testimony: one half day.

**Defendant's Objection: Defendant objects to testimony from Jennings, concerning statements to her by Pippett, Sr. Such testimony is inadmissible hearsay in the absence of evidence showing that Pippett Sr. had actual authority from Defendant to make such statements. FRE 801(d)(2)(D)**

*Plaintiffs' Response: Since Pippett, Sr. is a third party defendant, his statements are not hearsay under FRE 801(d)(1) and (d)(2).*

5. **Mark Wolman** (as on Cross), 76 Martt (??) Avenue, New London, CT _____.

Mark Wolman is expected to testify regarding his personal and professional background and experience; matters relating to the inception, planning and implementation of the Adriaen's Landing project; his involvement in the recruitment and hiring of Pippett, Sr.; his understanding of the contractual relationship and discussions between Pippett, Sr. and Waterford Development; the authority of Pippett, Sr. to recruit a project team for the Adriaen's Landing project; the hiring of project team members (including the Plaintiffs); the performance of Pippett, Sr. and other project team members (including the Plaintiffs); any and all discussions regarding the terms of employment of Pippett, Sr. and/or project team members (including the Plaintiffs); his

involvement in the termination of Pippett, Sr. and the Plaintiffs; his relationship or involvement with the former Governor, his Chief of Staff, state officers, employees or agents involved in bids and awards of contracts for state projects and the overlap of contractors or state officials involved in the federal probe of corruption. Expected duration of testimony: one day (direct and cross).

**Defendant's Objection: Defendant objects to the introduction of extraneous, inflammatory and prejudicial issues into this case on the eve of trial. Plaintiffs are attempting to interject claims that their termination is tied to the ongoing federal investigation of members of the Rowland administration. Such claims have never been asserted or advanced in Plaintiffs' complaint or in any subsequent pleadings. Plaintiffs should be precluded from pursuing such testimony either because it is irrelevant, FRE 402, or because its probative value is far exceeded by its prejudicial effect, FRE 403.**

*Plaintiffs' Response: Plaintiffs' punitive damages claim flows from Count IV (Negligent Misrepresentation) and Count V (Breach of Good Faith and Fair Dealing) in that the proof will show that "termination of employment [was] violative of an important public policy." Barry v. Posi-Seal Int'l, Inc., 672 A.2d 514, 520-521 (Conn. App. 1996). Discovery has already raised "other reasons for termination other than lack of work." Defendant lost this issue when summary judgment was denied in this case. Ruling and Order (Judge Kravitz), pp. 7-8. While proof of this conduct might be unfairly prejudicial if untrue, FRE 402 clearly would admit same. And under FRE 403, the probative value of proof of the true reason for termination would outweigh any danger of unfair prejudice. It is not true to say these issues have not been asserted in affidavits in opposition to summary judgment, and any absence of reference to this evidence in the pleadings can be amended at or prior to trial to conform to the evidence presented. Fed.R.Civ.P. 15(b).*

6. **Len Wolman** (as on Cross), 25 Westwood Drive, Waterford, CT 06385.

Len Wolman is expected to testify regarding his personal and professional background and experience; matters relating to the inception, planning and implementation of the Adriaen's Landing project; his involvement in the recruitment and hiring of Pippett, Sr.; his understanding of the contractual relationship and discussions between Pippett, Sr. and Waterford Development; the authority of Pippett, Sr. to recruit a project team for the Adriaen's Landing project; the hiring of project team members (including the Plaintiffs); the performance of Pippett, Sr. and other project team members (including the Plaintiffs); any and all discussions regarding the terms of employment of Pippett, Sr. and/or project team members (including the Plaintiffs); his involvement in the termination of Pippett, Sr. and the Plaintiffs; his relationship or involvement with the former Governor, his Chief of Staff, state officers, employees or agents involved in bids and awards of contracts for state projects and the overlap of contractors or state officials involved in the federal probe of corruption. Expected duration of testimony: one half day.

**Defendant's Objection: Defendant objects to the introduction of extraneous, inflammatory and prejudicial issues into this case on the eve of trial. Plaintiffs are attempting to interject claims that their termination is tied to the ongoing federal investigation of members of the Rowland administration. Such claims have never been**

asserted or advanced in Plaintiffs' complaint or in any subsequent pleadings.  Plaintiffs should be precluded from pursuing such testimony either because it is irrelevant, FRE 402, or because its probative value is far exceeded by its prejudicial effect, FRE 403.

*Plaintiffs' Response:  Plaintiffs' punitive damages claim flows from Count IV (Negligent Misrepresentation) and Count V (Breach of Good Faith and Fair Dealing) in that the proof will show that "termination of employment [was] violative of an important public policy." Barry v. Posi-Seal Int'l, Inc., 672 A.2d 514, 520-521 (Conn. App. 1996). Discovery has already raised "other reasons for termination other than lack of work." Defendant lost this issue when summary judgment was denied in this case.  Ruling and Order (Judge Kravitz), pp. 7-8.  While proof of this conduct might be unfairly prejudicial if untrue, FRE 402 clearly would admit same. And under FRE 403, the probative value of proof of the true reason for t ermination w ould o utweigh a ny d anger o f u nfair p rejudice. I t i s n ot t rue t o s ay t hese issues have not been asserted in affidavits in opposition to summary judgment, and any absence of reference to this evidence in the pleadings can be amended at or prior to trial to conform to the evidence presented. Fed.R.Civ.P. 15(b).*

      7. **Alan Angel** (as on Cross), 52 Twin Lakes Drive, Waterford, CT 06385.

Alan Angel is expected to testify regarding his personal and professional background and experience; matters relating to the inception, planning and implementation of the Adriaen's Landing project; his involvement in the recruitment and hiring of Pippett, Sr.; his understanding of the contractual relationship and discussions between Pippett, Sr. and Waterford Development; the authority of Pippett, Sr. to recruit a project team for the Adriaen's Landing project; the hiring of project team members (including the Plaintiffs); the performance of Pippett, Sr. and other project team members (including the Plaintiffs); any and all discussions regarding the terms of employment of Pippett, Sr. and/or project team members (including the Plaintiffs); his involvement in the termination of Pippett, Sr. and the Plaintiffs; his relationship or involvement with the former Governor, his Chief of Staff, state officers, employees or agents involved in bids and awards of contracts for state projects and the overlap of contractors or state officials involved in the federal probe of corruption. Expected duration of testimony: one day (direct and cross).

**Defendant's Objection: Defendant objects to the introduction of extraneous, inflammatory and prejudicial issues into this case on the eve of trial.  Plaintiffs are attempting to interject claims that their termination is tied to the ongoing federal investigation of members of the Rowland administration.   Such claims have never been asserted or advanced in Plaintiffs' complaint or in any subsequent pleadings.  Plaintiffs should be precluded from pursuing such testimony either because it is irrelevant, FRE 402, or because its probative value is far exceeded by its prejudicial effect, FRE 403.**

*Plaintiffs' Response:  Plaintiffs' punitive damages claim flows from Count IV (Negligent Misrepresentation) and Count V (Breach of Good Faith and Fair Dealing) in that the proof will show that "termination of employment [was] violative of an important public policy." Barry v. Posi-Seal Int'l, Inc., 672 A.2d 514, 520-521 (Conn. App. 1996). Discovery has already raised "other reasons for termination other than lack of work." Defendant lost*

*this issue when summary judgment was denied in this case.* <u>*Ruling and Order*</u> *(Judge Kravitz), pp. 7-8. While proof of this conduct might be unfairly prejudicial if untrue, FRE 402 clearly would admit same. And under FRE 403, the probative value of proof of the true reason for t ermination w ould o utweigh a ny d anger o f u nfair p rejudice. I t i s n ot t rue t o s ay t hese issues have not been asserted in affidavits in opposition to summary judgment, and any absence of reference to this evidence in the pleadings can be amended at or prior to trial to conform to the evidence presented. Fed.R.Civ.P. 15(b).*

8. **Thomas Pippett, Sr.** (Third Party Defendant, as on Cross), 504 Foxwood Lane, Paoli, PA 19301.

Thomas Pippett, Sr. is expected to testify regarding his personal professional background and experience;  matters relating to his recruitment to work as project director on the Adriaen's Landing project;  matters relating to his recruitment of the Adriaen's Landing project team members (including the Plaintiffs); the circumstances of his employment (through his company TPPI) on the Adriaen's Landing project; his experiences while directing the Adriaen's Landing project team (including, but not limited to concerns regarding fees, scope of engagement and expertise of contractors or consultants associated with the Adriaen's Landing project); his termination by Waterford Development;  as well as the background, experience, work performance and termination of the Plaintiffs. Expected duration of testimony: one and one half days.

**Defendant's Objection: Defendant objects to the introduction of irrelevant evidence concerning Pippett Sr.'s "experiences while directing the Adriaen's Landing project team (*including, but not limited to concerns regarding fees, scope of engagement and expertise of contractors or consultants associated with the Adriaen's Landing project*) as having no tendency to prove any facts material to Plaintiffs' claims, and as leading to the introduction of prejudicial evidence having little or no probative value in support of Plaintiffs' employment claims.    FRE 401-403.**

*Plaintiffs' Response: Clearly, evidence concerning Pippett, Sr.'s experiences while directing the project are relevant to issues relating to whether or not he was satisfactorily performing as Project Director, whether he raised legitimate concerns regarding the propriety and amounts of various fees and consultants on the project, and what the real reasons were why Waterford terminated his services and the employment of the Plaintiffs at bar.  FRE 402.*

9. **Rick Bodge**, c/o Waterford Group.

Rick Bodge is expected to testify regarding his personal professional background and experience;  matters relating to his recommendation of Pippett, Sr. as a candidate for the position of project director on the Adriaen's Landing project; and matters relating to his knowledge and experiences working with Pippett, Sr. and/or any of the Plaintiffs. Expected duration of testimony: one quarter day.

10. **Brendan Fox**, 30 Bonny View Road, West Hartford, CT 06107.

Brendan Fox is expected to testify regarding his personal professional background and experience; matters relating to his involvement in the Adriaen's Landing project as Executive Director of the Capital City Economic Development Authority (CCEDA); and his understanding of the staffing of the Adriaen's Landing project (including any interactions he had with Pippett, Sr. and/or any of the Plaintiffs). Expected duration of testimony: one quarter day.

11. **Linda McDonald**, 11851 Basile Road, Philadelphia, PA 19154.

Linda McDonald is expected to testify regarding her understanding of the deal employing her husband on the Adriaen's Landing project; her view of her husband's experiences relating to the project; her personal or professional sacrifices caused by her move to Connecticut; and the effect of her husband's termination. Expected duration of testimony: one quarter day.

**Defendant's Objection: Defendant objects to this witness's testimony concerning "her understanding of the deal employing her husband on the Adriaen's Landing project; her view of her husband's experiences relating to the project; her personal or professional sacrifices caused by her move to Connecticut; and the effect of her husband's termination." Her understanding of the deal is irrelevant, as she was not a party to any such deal and, upon information and belief, her understanding is based on hearsay not within any hearsay exception, FRE 801; her view of her husband's experiences is inadmissible for lack of personal knowledge, FRE 602; her personal or professional sacrifices are irrelevant inasmuch as she is not a party to this case, FRE 402; and she has not been designated as an expert witness, nor has her husband alleged non-economic damages, so that her testimony on the "effect of her husband's termination" is also irrelvant, FRE 402.**

*Plaintiffs' Response: Mrs. McDonald's intent and state of mind are relevant as Plaintiff McDonald's wife, all of which goes to the reasonableness of their actions in relocating and relying on the representations of the terms of employment presented to Plaintiff McDonald. FRE 401-402.*

12. **Benson Cohn**, 93 Scantic Road, East Windsor, CT 06088.

Benson Cohn is expected to testify regarding his personal professional background and experience; his involvement with the Adriaen's Landing project; matters relating to the approval of Pippett, Sr. as a candidate for the position of project director on the Adriaen's Landing project; and his interaction with project team members, including Pippett, Sr., and with the Wolmans. Expected duration of testimony: one quarter day.

13. **Robert Saint**, 182 Diamond Hill Road, Ashaway, RI 02804.

Robert Saint is expected to testify regarding his personal and professional background and experience; matters relating to his involvement in the Adriaen's Landing project; his understanding of the circumstances that led him to become appointed interim project director; scope of responsibilities and amount of work available to the project team before and after termination of Pippett, Sr. and Plaintiffs; and any replacement or redistribution of any of

Plaintiffs' work duties or responsibilities after their terminations. Expected duration of testimony: one quarter day.

14. **Paul Fry**, 7 Galway Lane, Cherry Hill, NJ 08003.

Paul Fry is expected to testify regarding his personal professional background and experience; m atters r elating t o h is r ecruitment t o w ork o n t he A driaen's Landing p roject; t he circumstances of his employment on the Adriaen's Landing project; his experiences while working on the Adriaen's Landing project team; his knowledge (if any) of the circumstances of the termination of Pippett, Sr. and/or Plaintiffs; his knowledge of any replacements for or reassignment of the duties and responsibilities of Pippett, Sr. and/or Plaintiffs (after their terminations) on the Adriaen's Landing project; any delays or cost overruns associated with the project that took place after the termination of Pippett, Sr. and/or Plaintiffs; how any such delays or cost overruns fell within the scope of the Project Director and/or the Waterford Development project team; and his interactions with the Plaintiffs and Pippett, Sr. Expected duration of testimony: one quarter day.

13. **Albert Gary**, 189 Kenyon Street, Hartford, CT 06105.

Albert Gary is expected to testify regarding his personal professional background and experience;  matters relating to his recruitment to work on the Adriaen's Landing project; the circumstances of his employment on the Adriaen's Landing project; his experiences while working on the Adriaen's Landing project team; his knowledge (if any) of the circumstances of the termination of Pippett, Sr. and/or Plaintiffs; his knowledge of any replacements for or reassignment of the duties and responsibilities of Pippett, Sr. and/or Plaintiffs (after their terminations) on the Adriaen's Landing project; any delays or cost overruns associated with the project that took place after the termination of Pippett, Sr. and/or Plaintiffs; how any such delays or cost overruns fell within the scope of the Project Director and/or the Waterford Development project team; and his interactions with the Plaintiffs and Pippett, Sr. Expected duration of testimony:one quarter day.

14. **Joseph Noce**, 212 Lindbergh Avenue, Broomall, PA 19008.

Joseph Noce is expected to testify regarding his personal professional background and experience; m atters r elating t o h is r ecruitment t o w ork o n t he A driaen's Landing p roject; t he circumstances of his employment on the Adriaen's Landing project; his experiences while working on the Adriaen's Landing project team; his interactions with the Plaintiffs and Pippett, Sr.; his knowledge, experience and interactions with the Plaintiffs and Pippett, Sr.; his prior relation with and/or knowledge of Pippett, Sr.'s expertise on other projects; his knowledge (if any) of the circumstances of the termination of Pippett, Sr. and/or Plaintiffs; his knowledge of any replacements for or reassignment of the duties and responsibilities of Pippett, Sr. and/or Plaintiffs (after their terminations) on the Adriaen's Landing project; any delays or cost overruns associated with the project that took place after the termination of Pippett, Sr. and/or Plaintiffs; how any such delays or cost overruns fell within the scope of the Project Director and/or the Waterford Development project team; and his ongoing duties and interactions with Waterford

Development on the Adriaen's Landing project after the termination of Pippett, Sr. and the Plaintiffs. Expected duration of testimony: one quarter day.

15. **Chuck Sheehan**, 574 Forest Street, East Hartford, CT 06118.

Chuck Sheehan is expected to testify regarding his personal professional background and experience; his involvement with the Adriaen's Landing project; and his interaction with project team members, including Pippett, Sr., and with the Wolmans. Expected duration of testimony: one quarter day.

16. **Doug Aikens** (Video Trial Deposition)

Doug Aikens is expected to testify regarding his personal professional background and experience; m atters r elating t o h is r ecruitment t o w ork o n t he A driaen's Landing p roject; t he circumstances of his employment on the Adriaen's Landing project; his experiences while working on the Adriaen's Landing project team; his knowledge, experience and interactions with the Plaintiffs and Pippett, Sr.; his prior relation with and/or knowledge of Pippett, Sr.'s expertise on other projects; his knowledge (if any) of the circumstances of the termination of Pippett, Sr. and/or Plaintiffs; his knowledge of any replacements for or reassignment of the duties and responsibilities of Pippett, Sr. and/or Plaintiffs (after their terminations) on the Adriaen's Landing project; any delays or cost overruns associated with the project that took place after the termination of Pippett, Sr. and/or Plaintiffs; how any such delays or cost overruns fell within the scope of the Project Director and/or the Waterford Development project team; and his ongoing duties and interactions with Waterford Development on the Adriaen's Landing project after the termination of Pippett, Sr. and the Plaintiffs. Expected duration of testimony: one quarter day.

17. **Jill Fink** (Video Trial Deposition)

Jill Fink is expected to testify regarding her personal professional background and experience; matters relating to her recruitment to work on the Adriaen's Landing project; the circumstances of her employment on the Adriaen's Landing project; her experiences while working on the Adriaen's Landing project team; her knowledge, experience and interactions with the Plaintiffs and Pippett, Sr.; her prior relation with and/or knowledge of Pippett, Sr.'s expertise on other projects; her knowledge (if any) of the circumstances of the termination of Pippett, Sr. and/or Plaintiffs; her knowledge of any replacements for or reassignment of the duties and responsibilities of Pippett, Sr. and/or Plaintiffs (after their terminations) on the Adriaen's Landing project; any delays or cost overruns associated with the project that took place after the termination of Pippett, Sr. and/or Plaintiffs; how any such delays or cost overruns fell within the scope of the Project Director and/or the Waterford Development project team; and her ongoing duties and interactions with Waterford Development on the Adriaen's Landing project after the termination of Pippett, Sr. and the Plaintiffs. Expected duration of testimony: one quarter day.

## CONTINGENT WITNESSES FOR PLAINTIFFS

18. **Lawrence Alibozek** (current address to be determined).

Depending on the testimony (of witnesses identified as #s 5, 6,7 and 8 above) that develops at trial (and subject to the Court's discretion), Lawrence Alibozek (former Governor Rowland's former Chief of Staff) may be subpoenaed to testify regarding complaints made by Pippett, Sr. and/or Plaintiffs questioning possible improprieties connected with excessive or unnecessary consulting fees and the financial management of the project that resulted in the termination of Pippett, Sr. and the Plaintiffs. Expected duration of testimony: if subpoenaed at trial, his testimony may span a full day.

**Defendant's Objection: Defendant objects to the introduction of extraneous, inflammatory and prejudicial issues into this case on the eve of trial. Plaintiffs are attempting to interject claims that their termination is tied to the ongoing federal investigation of members of the Rowland administration. Such claims have never been asserted or advanced in Plaintiffs' complaint or in any subsequent pleadings. Plaintiffs should be precluded from pursuing such testimony either because it is irrelevant, FRE 402, or because its probative value is far exceeded by its prejudicial effect, FRE 403.**

*Plaintiffs' Response: This witness is listed as "contingent" and will only be compelled to testify if and when the Court hears "foundation testimony" that invokes the public policy concerns that would support a punitive damages claim. See, e.g., Barry v. Posi-Seal Int'l, Inc. 672 A.2d 514, 520-521 (Conn. App. 1996).*

19. **John G. Rowland** (current address to be determined).

Depending on the testimony (of witnesses identified as #s 5, 6,7 and 8 above) that develops at trial (and subject to the Court's discretion) (former Governor) John Rowland may be subpoenaed to testify regarding complaints made by Pippett, Sr. and/or Plaintiffs questioning possible improprieties connected with excessive or unnecessary consulting fees and the financial management of the project that resulted in the termination of Pippett, Sr. and the Plaintiffs. Expected duration of testimony: if subpoenaed at trial, his testimony may span a full day.

**Defendant's Objection: Defendant objects to the introduction of extraneous, inflammatory and prejudicial issues into this case on the eve of trial. Plaintiffs are attempting to interject claims that their termination is tied to the ongoing federal investigation of members of the Rowland administration. Such claims have never been asserted or advanced in Plaintiffs' complaint or in any subsequent pleadings. Plaintiffs should be precluded from pursuing such testimony either because it is irrelevant, FRE 402, or because its probative value is far exceeded by its prejudicial effect, FRE 403.**

*Plaintiffs' Response: This witness is listed as "contingent" and will only be compelled to testify if and when the Court hears "foundation testimony" that invokes the public policy concerns that would support a punitive damages claim. See, e.g., Barry v. Posi-Seal Int'l, Inc. 672 A.2d 514, 520-521 (Conn. App. 1996).*

20. **Richard Meister** (current address to be determined).

Despite repeated attempts, Plaintiffs have been unable to get in touch in Richard Meister, who, if found to be available (he is likely beyond the subpoena power of the Court), would be expected to testify regarding his duties and responsibilities in connection with the Adriaen's Landing project; need for a Project Director and project team on or after May, 2000; and Defendant's prospects for finding a Project Director prior to the hiring of Pippett, Sr. Expected duration of testimony: one quarter day.

Plaintiffs reserve the right to supplement this list of proposed trial witnesses upon good cause and with permission of the Court.

### (a) (ii) Defendant's Witness List:

### D-1. Len Wolman, Waterford Development LLC, 50 Columbus Blvd., Hartford CT.

Len Wolman is expected to testify about: conception and development of the Adriaen's Landing Project (the "Project"); the identification, retention, and termination of Thomas Pippett Sr. and his company, TPPI; the scope of TPPI's authority; the reasons for termination of the Plaintiffs; and the operations of Defendant following the terminations. Expected duration, including cross examination: one-half day.

### D-2. Mark Wolman, Waterford Development LLC, 50 Columbus Blvd., Hartford CT.

Mark Wolman is expected to testify in general about the Adriaen's Landing Project (the "Project"); the identification, retention, and termination of Thomas Pippett Sr. and his company, TPPI; the scope of TPPI's authority; the identification, retention, and termination of WDLLC personnel generally; the employment policies and practices established by WDLLC; the terms and conditions of employment of the Plaintiffs; communications with plaintiffs; the reasons for the termination of Plaintiffs; and the operations of Defendant following the terminations. Expected duration, including cross examination: one day.

### D-3. Alan Angel, Waterford Development LLC, 50 Columbus Blvd., Hartford CT.

Alan Angel is expected to testify in general about the Adriaen's Landing Project (the "Project"); the identification, retention, and termination of Thomas Pippett Sr. and his company, TPPI; the scope of TPPI's authority; the identification, retention, and termination of WDLLC personnel generally; the employment policies and practices established by WDLLC; the terms and conditions of employment of the Plaintiffs; communications with plaintiffs; the reasons for the termination of Plaintiffs; and the operations of Defendant following the terminations. Expected duration, including cross examination: one-half day.

**Plaintiffs' Objections: Any preferred testimony that involves self-serving hearsay (e.g., reasons for termination of Plaintiffs or Pippett, Sr.) of which he would have no direct knowledge as chief financial officer, not involved in project management or daily operations of the Adriaen's Landing project. FREs 602, 801(a) and (d)(2).**

**D-4.    Robert Saint, Waterford Development LLC, 50 Columbus Blvd., Hartford CT.**

Robert Saint is expected to testify about the employment policies and practices established by WDLLC; the reasons for the termination of Plaintiffs; and the operations of Defendant following the terminations.   Expected duration, including cross examination: one-half day.

**Plaintiffs' Objections: Any proferred testimony that involves self-serving hearsay (e.g., reasons for termination of Plaintiffs or Pippett, Sr.) of which he would have no direct knowledge as not having been involved in project management or daily operations of the Adriaen's Landing project to that point.  FREs 602, 801(a) and (d)(2).**

**D-5. Fiona McAlister, Waterford Development LLC, 50 Columbus Blvd., Hartford CT.**

Fiona McAlister is expected to testify about the employment policies and practices established by WDLLC; communications with Thomas Pippett Sr.; and the operations of the Defendant both before and after the terminations of the Plaintiffs. Expected duration, including cross examination: two hours.

**Plaintiffs' Objections: To the extent this witness' testimony on "employment policies and practices" or the "operations of the Defendant" are cumulative and better admitted through other witnesses listed by Defendant, such testimony should be excluded under FREs 403 and 602.**

**D-6 Al Gary, Waterford Development LLC., 50 Columbus Blvd., Hartford CT.**

Al Gary is expected to testify about the employment policies and practices established by WDLLC; communications with Thomas Pippett Sr.; and the operations of the Defendant both before and after the terminations of the Plaintiffs. Expected duration, including cross examination: one hour.

**Plaintiffs' Objections: To the extent this witness' testimony on "employment policies and practices" or the "operations of the Defendant" are cumulative and better admitted through other witnesses listed by Defendant, such testimony should be excluded under FREs 403 and 602.**

**D-7 Paul Fry, Waterford Development LLC., 50 Columbus Blvd., Hartford CT.**

Paul Fry is expected to testify about the employment policies and practices established by WDLLC; communications with Thomas Pippett Sr.; and the operations of the Defendant both before and after the terminations of Plaintiffs.  Expected duration, including cross examination: one hour.

**Plaintiffs' Objections: To the extent this witness' testimony on "employment policies and practices" or the "operations of the Defendant" are cumulative and better admitted**

through other witnesses listed by Defendant, such testimony should be excluded under FREs 403 and 602.

**D-8.    Charles Sheehan, Capital City Economic Development Authority, Hartford, CT.**

Charles Sheehan is expected to testify concerning CCEDA's relationship to the Project and to Waterford Development LLC; his communications with Mark Wolman generally; his communications with Tom Pippett Sr., and with Plaintiffs; and his preparation of a memo, transmitted via email, to Mark Wolman expressing his concerns about Tom Pippett Sr. Expected duration, including cross examination: three hours.

**Plaintiffs' Objections: Testimony regarding "preparation of a memo" should be excluded as he had no direct knowledge as to the matters set forth therein, it was entirely contrived, based on hearsay and self-serving. FREs 602, 801. His understanding of Pippett, Sr.'s duties and responsibilities criticized in the memo is irrelevant and not based upon his own personal knowledge. FREs 402, 602 and 801.**

**D-9.    Joseph Noce, 212 Lindbergh Avenue, Broomall, PA (by deposition).**

Mr. Noce has retired from employment with Waterford and is no longer within 100 miles of the District Court. Joseph Noce has testified in a deposition concerning communications with Thomas Pippett Sr.; and his understanding of the terms and conditions of his employment based on communications with Tom Pippett Sr., and with Waterford. Expected duration: ten minutes.

**Plaintiffs' Objections: His "understanding of the terms and conditions of Pippett, Sr.'s employment" is irrelevant and not based upon his own personal knowledge. FREs 402, 602 and 801.**

### Plaintiffs' Objections to Defendant's Witnesses:

(None stated.)

**8(b) EXHIBITS**

**(1)    Plaintiffs' Trial Exhibits and Defendant's Objections.**

### Defendant's General and Continuing Objections To Plaintiffs' Trial Exhibits:

**General and Continuing Objection: Defendant objects to all Plaintiffs' proposed trial exhibits for failure to conform substantially with the Court's Order regarding the preparation of the Joint Trial Memorandum which provides, in pertinent part, that "[c]opies of the actual exhibits shall be exchanged no later than seven days prior to submission of the Joint Trial Memorandum..."** *See* **Joint Trial Memorandum – Instructions for the Honorable Mark R. Kravitz (rev. 1/04), §8(b). Pursuant to the Court's Order, this Joint Trial Memorandum was originally due July 27, 2004. Actual copies of**

Plaintiffs' proposed trial exhibits Bates numbered P359-P-885 were not received by defense counsel until July 26, 2004; actual copies of the balance of Plaintiff's proposed exhibits were not received until July 30, 2004, and was still incomplete.

Although the parties exchanged draft Exhibit Lists on July 20, 2004, Plaintiffs initially listed exhibits numbered P-1 through P-159, including numerous documents never previously disclosed (including, but not limited to, the documents received by Defendant on July 26, 2004.)  By electronic mail transmission July 27, 2004, Plaintiffs transmitted a revised list of proposed Trial Exhibits, altering the numbering of the original list and reducing the number of listed documents from 159 to a mere 103.  By Federal Express Delivery on July 30, 2004, Plaintiffs delivered another revised list of proposed Trial Exhibits together with actual copies of many, but not all, of their proposed Trial Exhibits.

Defendant is substantially prejudiced by the limited time permitted for review of the actual proposed Plaintiff exhibits, especially in light of the large volume of such exhibits and in light of the two revisions of the exhibits.

Defendant's Specific Objections to Plaintiffs' Trial Exhibits are interpolated after each listed Plaintiffs' Exhibit.

Note: Where Defendant inserts the phrase "Defendant Stipulates" following a proposed Plaintiffs' Trial Exhibit, Defendant does not waive its general objection, as stated above, and Defendant reserves the right to object to any variation, in the version of the proposed document, from such documents as reviewed by Defendant, but otherwise stipulates to the admissibility of the document as a full exhibit if the actual document is as described.

P-1. Connecticut General Assembly Enabling Legislation Text for Adriaen's Landing Project
**Defendant Stipulates.**

P-2. Memorandum from Meister to Lewis (5/1/00)          WDLLC-Meister 101 - 102
**Objection:- Hearsay, FRE 801(b).**
*Basis for Admission: FRE 801(d)(2)(c), (D); 803(6), (8); 804(a).*

P-3. Waterford Group Memorandum of Understanding (2/25/00)
**Defendant Stipulates**

P-4. Adriaen's Landing Development Agreement (10/26/00)
**Defendant Stipulates**

P-5. Mohegan Sun Fax Pippett C.V. to Len Wolman (5/5/00)          0445 – 0447
**Defendant Stipulates**

P-6. Cohn letter to Wolmans (5/9/00)          P399
**Defendant Stipulates**

P-7.  Thomas P. Pippett, Jr. Curriculum Vitae                                                     P1 – P2
**Defendant Stipulates**

P-8.  Thomas P. Pippett, Jr. Curriculum Vitae (with handwriting, 1st page)          0014 - 0015
**Objection.  Authentication of handwriting required.  FRE 901.**
*Basis for Admission: Will be authenticated by Pippett, Sr.*

P-9.  Jennings Curriculum Vitae                                                                         P403
**Objection: Authentication required.  FRE 901.  (It is uncertain when this exhibit was**
**prepared.)**
*Basis for Admission: Will be authenticated by Plaintiff Jennings.*

P-10.  Len Wolman email to Angel re: employment letter (6/26/00)                         0308
**Defendant Stipulates**

P-11.  Angel Fax to Pippett (6/28/00)                                                                0304 – 0306
**Objection: Handwritten notations on the document must be identified.  FRE 901.**
*Basis for Admission: Will be authenticated through party testimony.*

P-12.  Joseph R. McDonald Curriculum Vitae                                                       P11
**Objection: Authentication required.  FRE 901.  (It is uncertain when this exhibit was**
**prepared.)**
*Basis for Admission: Will be authenticated by Plaintiff McDonald.*

P-13.  Rosato Fax Packet to Pippett, Sr. (6/27/00)                                             0286 – 0291
**Objection:  Defendant objects to P-13 on grounds that the document contains handwritten**
**comments of uncertain origin.  FRE 901.**
*Basis for Admission: Will be authenticated by Plaintiff Rosato.*

P-14.  List of Positions & Salaries (Jennings Dep., Exhibit D-1)                            P400
**Objection:  The documents are not authenticated, FRE 901.**
*Basis for Admission: Will be authenticated by Pippett, Sr. and Plaintiff Jennings.*

P-15.  Draft Organizational Chart Version                                                            P297
**Objection: Handwritten notations on the document must be identified.  FRE 901.**
*Basis for Admission: Will be authenticated by Pippett, Sr.*

P-16.  Preliminary Development Budget Drafts Packet (6/22/00)                       P299 - P307
**Defendant Stipulates.**

P-17.  Draft Staffing Budget Sheet (Pippett, Sr. 2001 Dep., Exhibit P-4)                 P3
**Objection: Handwritten notations on the document must be identified.  FRE 901.**
*Basis for Admission: Will be authenticated by Pippett, Sr. and Mark Wolman.*

P-18.  Draft Staffing Budget Sheet (Pippett, Sr., 2001 Dep., Exhibit P-7)                 P4
**Objection: Handwritten document, must be identified.  FRE 901.**

*Basis for Admission: Will be authenticated by Pippett, Sr. and Mark Wolman.*

P-19.  Draft Staffing Budget Sheet (Pippett, Sr., 2001 Dep., Exhibit P-8)          P5
**Objection: Handwritten document, must be identified.  FRE 901.**
*Basis for Admission: Will be authenticated by Pippett, Sr. and Mark Wolman.*

P-20. Waterford Development New Hire Compliance Report (7/14/2000)          0019
**Defendant Stipulates**

P-21. Waterford Meeting Minutes Packet          WD001 - WD049
     (6/9/00; 5/16/00; 5/25/00; 6/6/00; 6/27/00; 7/21/00; 7/25/00; 8/1/00;
     8/8/00; 8/15/00; 8/22/00; 8/29/00; 9/1/00; 9/12/00; 9/19/00; 9/26/00)
**Defendant Stipulates.**

P-22. Handwritten notes (Dick re: Tom)          0378
**Objection: Handwritten document, must be identified.  FRE 901.**
*Basis for Admission: Will be authenticated by Alan Angel and Mark Wolman.*

P-23. Draft Organizational Chart Version          P308
**Defendant Stipulates**

P-24. Budget Review Summary (9/28/2000)          P309 - P310
**Objection: Handwritten notations on the document must be identified.  FRE 901.**
*Basis for Admission: Will be authenticated by Pippett, Sr., Benson Cohn and Mark Wolman.*

P-25. Preliminary Development Budget Draft          P311 - P314
**Objection: Handwritten notations on the document must be identified.  FRE 901.**
*Basis for Admission: Will be authenticated by Pippett, Sr., Benson Cohn and Mark Wolman.*

P-26.  Budget Review Version          P14
P-27.  Budget Review Summary (6/1/00 to 12/31/00)          P15 - P16
P-28.  Budget Review Version          P17
P-29. Budget Review Overview Version          P19
**Objection:  Defendant objects to P-26 through 29 on grounds that the documents lack
authenticity.  The documents all bear the date of July 12, 2002, approximately two years
after the period when the Plaintiffs were employed, and it is uncertain whether the
documents accurately reflect information applicable to the period of Plaintiffs'
employment.  FRE 901.**
*Basis for Admission: Date comes from when spreadsheets were printed out from electronic
files; data will be authenticated by Pippett, Sr., McDonald, Cohn and/or Mark Wolman.*

P-30. Fax draft agreement from Angel/Mark W. to Pippett (7/12/00)          0406 – 0416
**Objection: Handwritten notations on the document must be identified.  FRE 901.**
*Basis for Admission: Will be authenticated by Pippett, Sr. and Angel*

P-31. Draft Services Agreement (TPPI)          P349 - P358

**Objection: Handwritten notations on the document must be identified. FRE 901.**
*Basis for Admission: Will be authenticated by Pippett, Sr.*

P-32. Fax draft agreement from Angel to Pippett (8/7/00)                    0419 - 0429
**Objection: Handwritten notations on the document must be identified. FRE 901.**
*Basis for Admission: Will be authenticated by Pippett, Sr. and Angel*

P-33. Draft Services Agreement                                              0431-0440
**Objection: Handwritten notations on the document must be identified. FRE 901.**
*Basis for Admission: Will be authenticated by Pippett, Sr.*

P-34. Waterford Meeting Minutes (10/3/00)                           WD050 - WD060
**Defendant Stipulates.**

P-35. Waterford Master Files Index Listing (Jennings Dep., Exhibit D-5)   P406 - P408
**Objection:      Must be authenticated. FRE 901.**
*Basis for Admission: Will be authenticated by Jennings, Mark Wolman and Cohn*

P-36. Adriaen's Landing Monthly Project Status Report Excerpt 1 (10/31/00) WD124 - WD136
P-37. Adriaen's Landing Monthly Project Status Report Excerpt 2 (10/31/00) WD137 - WD167
P-38. Adriaen's Landing Monthly Project Status Report Excerpt 3 (10/31/00) WD168 - WD174
P-39. Adriaen's Landing Monthly Project Status Report Excerpt 4 (10/31/00) WD175 - WD177
P-40. Adriaen's Landing Master Schedule Update (10/27/00)          WD178 - WD208
**Objection: Defendant objects to introduction of excerpts from the Adriaen's Landing**
**Monthly Project Status Report; Defendant will stipulate to admissibility of the entire**
**Report.**
*Basis for Admission: Defendant can submit in its case any unsubmitted portion(s) it deems*
*probative of defenses.*

P-41. Pippett letter to Len Wolman (12/8/00)                                  0390
**Defendant Stipulates.**

P-42. Fax copy of termination agreement between TPPI and Waterford (1/15/01)  0380 – 0381
**Defendant Stipulates**

P-43. Termination agreement between TPPI and Waterford (marked up)            0623
**Defendant Stipulates.**

P-44. Pippett, Jr. Madsen Construction Co. Paystub (7/01/02)                    P6
**Objection: Authentication required FRE 901.**
*Basis for Admission: Will be authenticated by Pippett, Jr.*

P-45. Copies of Waterford Development Business Cards (Pippett, Jr., Rosato, McDonald)   P9
**Defendant Stipulates.**

P-46. Pippett, Jr. Tax Forms (1999)                                            P

P-47. Pippett, Jr. Tax Forms (2000)                                                                P
P-48. Pippett, Jr. Tax Forms (2001)                                                                P
P-49. Pippett, Jr. Tax Forms (2002)                                                                P
P-50. Pippett, Jr. Tax Forms (2003)                                                                P
**Objection:     Plaintiffs have not supplied or previously disclosed the documents listed in P-46-50.  Defendant further objects that tax forms for 1999 are irrelevant.  Subsequent tax forms may be admissible subject to some evidentiary basis that they were prepared and actually filed by Plaintiff with the IRS; however, since they have not even been supplied as of July 30, 2004, they should be excluded.**
*Basis for Admission: Pippett, Jr.'s deposition was taken; information relating to his earnings already provided; no prejudice by late submission; Pippett, Jr. will testify regarding authenticity and filing with IRS.*

P-51. Jennings Fax to Angel re: ECM's EIN                                                          0293
**Defendant Stipulates.**

P-52. Jennings Letter verifying Rosato's employment & salary (8/7/00)                              0292
**Objection:  The letter is unsigned and must be authenticated.  FRE 901.**
*Basis for Admission: Will be authenticated by Rosato and Jennings.*

P-53. ECM Fax Cover Sheet                                                                          P250
**Objection:  Defendant objects to P-53 on grounds that the document contains handwritten comments in several different hands along with a handwritten notation, with arrow, purporting to identify a portion of the handwriting as authored by "Tom P. Sr."  FRE 901.**
*Basis for Admission: Will be authenticated and handwritten portions identified by Pippett, Sr.*

P-54. Draft Employment Contract (7/11/2000)                                                        P263 - P264
**Objection: Handwritten notations on the document must be identified.  FRE 901.**
*Basis for Admission: Handwritten portions will be identified by Rosato.*

P-55. ECM Draft Employment Contract Version (7/3/2000)                                             P275 - P277
**Defendant Stipulates.**

P-56. Rosato Calendar Page (10/02/00 - 10/06/00)                                                   P254
**Objection: Handwritten notations on the document must be identified.  FRE 901.**
*Basis for Admission: Handwritten portions will be identified by Rosato.*

P-57. State of Connecticut Sales and Use Tax Permit (ECM)                                          P261
P-58. State of Connecticut Guarantee Surety Bond (Rosato)                                          P262
**Defendant Stipulates.**

P-59. ECM Profit and Lost Summary (1997 - 1999)                                                    P315
**Objection:  Defendant objects to P-59 on grounds that the document is an unsigned compilation of figures and must be authenticated.  FRE 901.**
*Basis for Admission: Will be authenticated by Rosato.*

P-60. ECM Form 1040 Schedule C (1997)                                P316 - P317
P-61. ECM Form 1040 Schedule C (1998)                                P318-P319
P-62. ECM Form 1040 Schedule C (1999)                                P320 - P321
**Objection: Irrelevance.  FRE 402. (Documents all precede period of employment by as much as three years.)**
*Basis for Admission: Relevant to damages, historical earnings. FRE 401.*


P-63. Rosato letter regarding losses (11/7/00)                        P322
P-64. Rosato handwritten losses calculations                          P323 - P324
P-65. Rosato letter regarding mitigation (7/17/02)                    P325
**Objection:  Defendant objects to P-63 through P-65 on grounds that the documents are not authenticated, FRE 901, and contain hearsay statements offered for their truth.  FRE 801(c).**
*Basis for Admission: Will be authenticated by Rosato, who will provide testimony on his preparation as basis for damages.*


P-66. Rosato Summary of Compensation for Project                      P359 - P360
**Objection:  P 359-360 are unsigned typewritten pages containing a mixture of calculations and commentaries.  The documents are not authenticated, lack probative value, and appear likely, if not certain, to be cumulative if offered in support of Rosato's claims for damages.  Furthermore, these documents were not disclosed to Defendant in a timely manner; they were not received by Defendant until July 26, 2004.**
*Basis for Admission: Will be authenticated by Rosato, who will provide testimony on his preparation as basis for damages; Defendant not prejudiced by production on 7/26/04.*


P-67. Rosato Tax Forms (2000)                                         P361 - P364
P-68. Rosato Tax Forms (2001)                                         P365 - P368
P-69. Rosato Tax Forms (2002)                                         P369 - P372
P-70. Rosato Tax Forms (2003)                                         P373 - P376
**Objection:     These documents were not disclosed to Defendant in a timely manner; they were not received by Defendant until July 26, 2004.  Defendant deems the tax returns otherwise admissible subject to some evidentiary basis that they were prepared and actually filed by Plaintiff with the IRS.**
*Basis for Admission: Rosato's deposition was taken; information relating to his earnings already provided; no prejudice by late submission; Rosato will testify regarding authenticity and filing with IRS.*


P-71. McDonald Waterford Earnings Statement (10/06/2000)             P13
P-72. McDonald Calendar Pages (July - September 2000)                 P152 - P154
**Defendant Stipulates.**


P-73. McDonald Job Search Packet                            P156 - P191; P437 - P855
**Objection: These documents were not disclosed to Defendant in a timely manner; they were not received by Defendant until July 26, 2004.  The documents must be authenticated, FRE 901.**

*Basis for Admission: McDonald's deposition was taken; information and documents relating to his job search already provided; no prejudice by late update submission of more recent documents; McDonald will testify regarding authenticity and job search.*

P-74. McDonald Tax Forms (2002)                                        P377 - P384
P-75. McDonald Tax Forms (2003)                                        P385 - P391
**Objection: These documents (P-74—75) were not disclosed to Defendant in a timely manner; they were not received by Defendant until July 26, 2004. Defendant deems the tax returns otherwise admissible subject to some evidentiary basis that they were prepared and actually filed by Plaintiff with the IRS.**
*Basis for Admission: McDonald's deposition was taken; information relating to his earnings already provided; no prejudice by late submission; McDonald will testify regarding authenticity and filing with IRS.*

P-76. McDonald Earnings Summary                                        P392
P-77. McDonald Lost Earnings Chart                                     P393
P-78. McDonald Earnings Sheet (2004)                                   P394
P-79. McDonald Payroll Check Stub (7/9/04)                             P395
P-80. McDonald Benefits Summary (L.F. Driscoll)                        P396 - P398
**Objection: These documents (P-76-80) were not disclosed to Defendant in a timely manner; they were not received by Defendant until July 26, 2004. The documents must be authenticated, FRE 901.**
*Basis for Admission: McDonald's deposition was taken; information and documents relating to his earnings already provided; no prejudice by late update submission of more recent documents; McDonald will testify regarding authenticity.*

P-81. McDonald Draft Employment Letter (7/17/2000)                     0054 – 0055
**Defendant Stipulates**

P-82. McDonald Unemployment Form (10/10/00)                            0062 - 0063
**Defendant Stipulates.**

P-83. Handwritten Notes Packet (Jennings Dep., Exhibit D-6)            P409 - P412
**Objection: The documents are not authenticated, FRE 901**
*Basis for Admission: Was authenticated at deposition; Plaintiff Jennings will authenticate at trial.*

P-84. Handwritten Notes (Jennings Dep., Exhibit D-7)                   P413
**Objection: The documents are not authenticated, FRE 901; the documents contain hearsay, FRE 801.**
*Basis for Admission: Was authenticated at deposition; Plaintiff Jennings will authenticate at trial.*

P-85. Draft Employment Contract (Jennings Dep., Exhibit D-9)           P414 - P415
**Objection: The documents are not authenticated, FRE 901**

*Basis for Admission: Was authenticated at deposition; Plaintiff Jennings will authenticate at trial.*

| | |
|---|---|
| P-86. Jennings Tax Forms (2000) | P419 - P421 |
| P-87. Jennings Tax Forms (2001) | P416 - P418 |
| P-88. Jennings Tax Forms (2002) | P___ - P___ |
| P-89. Jennings Tax Form (2003) | P428 - P429 |

**Objection:    These documents (P-86—89) were not disclosed to Defendant in a timely manner,.  P-88 still has not been received.**

*Basis for Admission: Jennings' deposition was taken; information relating to her earnings already provided; no prejudice by late submission of P-88; 2000 and 2001 tax returns were previously provided and marked as Defendant's Exhibits D-10 and D-11 at Jennings deposition; Jennings will testify regarding authenticity and filing with IRS.*

| | |
|---|---|
| P-90. Jennings Unemployment Form (Waterford) | P422 |

**Defendant Stipulates.**

| | |
|---|---|
| P-91. Jennings letter to Aspen Woods (11/13/00) (Jennings Dep., Exhibit D-13) | P423 |

**Defendant Stipulates**

| | |
|---|---|
| P-92. Jennings letter to George (6/16/00) (Jennings Dep., Exhibit Jennings-1) | P424 |

**Objection: The document is not signed and not authenticated, FRE 901.**

*Basis for Admission: Was authenticated at deposition; Plaintiff Jennings will authenticate at trial.*

| | |
|---|---|
| P-93. Jennings Waterford Earnings Statement (11/3/00) | P425 |
| P-94. Jennings Waterford Earnings Statement (11/3/00) | P426 |
| P-95. Manchester Developers statement (Jennings) | P427 |

**Defendant Stipulates.**

| | |
|---|---|
| P-96. Damages Summary (all Plaintiffs, after mitigation) | P432 |
| P-97. Damages Breakdown (each Plaintiff) | P434 - P434 |
| P-98. Salary & Benefits Chart (all Plaintiffs) | P435 |

**Objection:    The documents contained at P432-435 are summaries of alleged damages, but the documents have no identified author(s), have never previously been disclosed to Defendant, and there is no foundation for their admission.  Plaintiffs have never identified any expert witness as having prepared an opinion as to any part of their case, and should be barred from offering damage calculations and summaries such as the documents identified as P-96-98.**

*Basis for Admission: No need to have an expert witness to present damages based upon contractual losses; Plaintiffs will testify to support damages.*

P-99. Mark Wolman Affidavit (3/29/01)
**Objection: Mark Wolman is listed by both parties as a trial witness.  Defendant does not object to the use of a prior sworn statement for purposes of impeachment at trial, but does**

object to the admissibility of the affidavit in the absence of any proffer of inconsistency. **FRE 613.**
*Basis for Admission: Also admissible under FREs 613(b), 801(d)(2) and 807.*

P-100. Affidavit of Thomas P. Pippett, Sr.
**Objection:    Defendant objects to the admissibility of P-100 except for purposes of impeachment in the event that the witness testifies in contradiction of his prior sworn testimony.**
*Basis for Admission: Also admissible under FREs 613(b), 801(d)(2) and 807.*

P-101. Wolman letter to Cohn w/encls. (7/17/00) (Cohn Dep., Exhibit Cohn-4)
**Defendant Stipulates**

P-102. LF Driscoll Co. Sr. Project Accountant Job Posting (McDonald)              P435a
**Objection: This document, dated June 29, 2004, was not disclosed to Defendant until July 26, 2004; it is (apparently) a print-out of a computerized job listing and must be identified and authenticated by its proponent.  FRE 901.**
*Basis for Admission: Plaintiff McDonald will authenticate.*

P-103. LF Driscoll Co. Letter to McDonald (6/30/04)              P436
**Objection:  Untimely disclosure; authentication required.  FRE 901.**
*Basis for Admission: Recent hiring of Plaintiff McDonald could not be disclosed prior to commencement of employment.*

P-104. Wolman letter to Cohn, w/attachments (11/13/00) (Cohn Dep., Exhibit Cohn-5)
**Defendant Stipulates.**

**P-105.** Mark Wolman fax to Pippett, Sr. (5/8/00) (Len Wolman Dep., Exhibit
**Objection:  Untimely (July 30, 2004.)**
*Basis for Admission: Identified in Len Wolman deposition; originally produced by Defendant; no prejudice to Defendant.*


### (B)(2) DEFENDANT TRIAL EXHIBITS

Plaintiffs' Specific Objections to Defendant's Trial Exhibits are interpolated after each listed Defendant's Exhibit.

**GENERAL:**

501.  Minutes of Meeting, August 29, 2000 (P228-P230).

**Objection: Depending on which portion is proffered, could be self-serving and hearsay. FRE 801.**

502.  Payroll Spreadsheets and graphs prepared by Robert Saint

**Objection: Self-serving, created to mislead jury by virtue of arbitrary and statistically deceptive parameters and formatting.**

503. Bud Cohn email to and from David Lewis, October 10, 2000, Bates # 0005.

**Objection: Hearsay. FRE 801(b).**

504. Version of draft employment agreement with handwritten notations. #0300.

**Objection: Document not identifiable by date, time and authorship; lacking authenticity. FRE 901.**

**ROSATO:**

505. Draft Agreement between Waterford and ECM, with handwritten notes by Rosato (P237-P239).

506. Copy of check in the amount of $8,934.06 from Waterford to ECM, dated October 12, 2000 (Rosato Deposition Exhibit D).

**MCDONALD**

507. McDonald's Waterford Job Application with Resume (007-0075).

**Objection: Irrelevant, given to McDonald after he commenced employment; probative value substantially outweighed by unfair prejudice. FRE 403.**

508. McDonald's Complete Diary (P026-P151).

509. McDonald UC-61 Form (0064).

**JENNINGS:**

510. Job application submitted to WDLLC, with Resume (Jennings Deposition Exhibit D-2).

**Objection: Irrelevant, given to Jennings after she commenced employment; probative value substantially outweighed by unfair prejudice. FRE 403.**

511. Jennings' Letter to Aspen Woods Leasing Office dated November 13, 2000 (see attached).

**PIPPETT, SR.**

512. Pippett Letter to Len Wolman, October 19, 2000 (see attached).

**Objection: Not relevant to issues of the case; Settlement document.  FREs 403, 408.**

513.  E-mail from C. Pippett to Alan Angel with attached draft of proposed Services Agreement, dated June 29, 2000 (Pippett, Jr. Deposition, Exhibit B).

**Objection: Irrelevant, Pippett, Sr. not making any claims for relief; probative value substantially outweighed by unfair prejudice.  FREs 402, 403.**

*Defendant reserves the right to supplement or amend this draft list of proposed trial exhibits after further review of Plaintiffs' proposed list in light of the untimely delivery of Plaintiffs' actual Exhibits.*

(C)    DEPOSITION TESTIMONY:

1.    DEPOSITION TESTIMONY OFFERED BY PLAINTIFFS:

a.    See Plaintiffs' Witnesses ## 16 (Doug Aitken) and 17 (Jill Fink).

b.    In the event that Joseph Noce is unavailable at trial, Plaintiffs reserve the right to introduce the following excerpts from the transcript of his deposition which took place on November 26, 2002:

N.T. 7, Lines 2-12 and 19-23.
N.T. 8, Line 24 through N.T. Line 4.
N.T. 10, Line 25 through N.T. 11, Line 6
N.T. 11, Lines 20-25.
N.T. 30, Lines 3-10.

**Defendant's Objection: Defendant objects to testimony from Joseph Noce concerning statements to him by Pippett, Sr.  *See N.T. 8, Line 24 (Question: What did Tom Pippett Sr. say to you with respect to how long you would be involved in theProject? Answer As long as I wanted to . . ..." See also, N.T. 10-11.*  Such testimony is inadmissible hearsay in the absence of evidence showing that Pippett Sr. had actual authority from Defendant to make such statements.  FRE 801(d)(2)(D)  Defendant objects to the admission into evidence of Mr. Noce's responses to leading questions on direct examination.  Defendant objects to the admission into evidence of N.T. 11, Lines 20-25, as irrelevant. ( *"Question: What made you decide to take on this project despite your preliminary reservations? Answer: I was recently widowed . . .."* This exchange has no apparent probative value with respect to Plaintiffs claims or any other issue in this case.**

c.    In the event that Benson Cohn is unavailable at trial, Plaintiffs reserve the right to introduce the following excerpts from the transcript of his deposition which took place on November 25, 2002:

> N.T. 18, Line 10-25 through N.T. 19, Line 24.
> N.T. 21, Lines 15 through N.T. 22, Line 3.
> N.T. 26, Lines 19-23.
> N.T. 27, Line 11 through N.T. 28, Line 15.
> N.T. 29, Lines 3-6.
> N.T. 31, Line 2 through N.T. 32, Line 11.
> N.T. 45, Lines 9-17.
> N.T. 46, Line 5 through N.T. 47, Line 6.
> N.T. 48, Lines 9-15.
> N.T. 50, Lines 14-21.
> N.T. 52, Line 3 through N.T. 55, Line 10.
> N.T. 60, Line 4 through N.T. 61, Line 17.
> N.T. 67, Line 21 through N.T. 68, Line 10.
> N.T. 74, Line 12 through N.T. 77, Line 20
> N.T. 85, Lines 6-9.
> N.T. 99, Lines 2-15.
> N.T. 100, Line 17 through N.T. 102, Line 16.

**Defendant's Objection: Defendant knows of no reason why Mr. Cohn should be unavailable, inasmuch as he is a Connecticut citizen residing within 100 miles of the court. Defendant respectfully submits that Plaintiffs, if they seek Mr. Cohn's testimony, should issue a trial subpoena. Absent a showing that Mr. Cohn is unavailable under FRE 804(a), none of his deposition testimony is admissible. In the event that Plaintiffs are permitted to introduce portions of Mr. Cohn's deposition testimony over Defendant's objection, Defendant reserves the right to object to particular portions of the transcript.**

### Defendant's Deposition Testimony

Defendant anticipates introducing excerpts of the deposition of Joseph Noce, 212 Lindbergh Avenue, Broomall, PA (by deposition). Mr. Noce has retired from employment with Waterford and is no longer within 100 miles of the District Court. Defendant proposes to read into the record the questions and answers, on cross examination, of Joseph Noce, Noce Deposition Transcript pp. 32-34.)

### Plaintiffs' Objections to Defendant's Deposition Testimony:

**Plaintiffs object to the introduction of any deposition testimony to be read in lieu of live testimony that encompasses response(s) to leading question(s).**

## IX.    STIPULATIONS AND PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW.

### a.    Bench Trial.-Darlene Jennings v. Waterford Development LLC

The claims of Darlene Jennings, and Defendant's defenses, are triable to the bench.  The Third-party claims of Waterford against Thomas Pippett Sr., for indemnification, are likewise triable to the bench.  Defendant Waterford hereby submits its proposed findings of fact and conclusions of law with respect to Jennings.  As to Waterford's claims against Pippett, these are contingent on an assessment of liability against Waterford in favor of the plaintiffs Pippett Jr., Rosato, and McDonald.

**Objection: Plaintiffs object to any proposed findings of fact or conclusions of law as to Plaintiff Jennings.  Her matter was consolidated for trial at the Defendant's request. Separate trials would be an enormous waste of the Court's resources, and the time and efforts of counsel.  Witnesses and documents will be identical or similar in both cases. Fed.R.Civ.P. 42(a).  For judicial economy, the Jennings matter should be tried along with its companion case as to which jury trial was demanded.  All parties and the Court have operated under the distinct understanding that this was to be a jury trial.  See, e.g., Ruling and Order (Judge Kravitz) denying summary judgment with numerous references to the material issues of fact to be determined by the jury.**

### i.    Defendant's Proposed Findings of Fact:

1.    Jennings was employed by Waterford from June 26 until  November 3, 2000.

2.    Her employment was at all times subject to the terms, conditions, policies and procedures established by Waterford.

3.    Jennings executed an employment application that provided expressly that her employment was to be at will.

4.    Jennings was assigned to perform Human Resource functions on behalf of Waterford.

5.    Based on her experience and training, Jennings understood the meaning of the statement on her employment application.

6.    Jennings was assigned by Tom Pippett Sr., to the position of Contract Compliance officer for Waterford.

7.    Waterford's duties and responsibilities during the period of Jennings' employment, with respect to the Project, were delineated in the Memorandum of Understanding (MOU).

8.      Pursuant to the MOU and pursuant to operational decisions by the management of Waterford and by the State of Connecticut, the Contract Compliance functions were performed by individuals retained directly by the State.

9.      Jennings' role with respect to affirmative action and minority hiring and employment functions were limited in fact and under the MOU.

10.     Jennings' role in connection with Waterford's personnel matters was very limited, inasmuch as Waterford had fewer than 12 employees, including Jennings, in the Summer of 2000.

11.     Jennings' position was reviewed in October, 2000, by the Acting Project Director, Robert Saint, and by Mark Wolman.

12.     Waterford management determined, as of the end of October, 2000, that Jennings'position was unnecessary.

13.     On November 3, 2000, Jennings' position was eliminated and she was laid off from her employment.

14.     Waterford paid Jennings all of her accrued vacation pay and other accrued benefits; two weeks' salary as severance pay; and paid early termination fees for the termination of her apartment lease in Hartford.

15.     Waterford did not fill Jennings' position.


**ii.      Defendant's Proposed Conclusions of Law.**

1.      At all times material herein, Jennings was employed by Waterford on an at-will basis.

2.      Waterford had no duty to continue Jennings' employment for any definite or indefinite period of time.

3,      Even if Waterford had agreed that Jennings would only be terminated for cause, Waterford had cause for terminating her position when it eliminated her position.

4.      Waterford did not violate any duty to Jennings.

**b.      Jury Trial: Thomas Pippett Jr., James Rosato/ECM Construction Management, and Joseph McDonald v. Waterford**

**PLAINTIFFS' PROPOSED STIPULATION OF UNCONTROVERTED FACTS TO BE READ TO THE JURY WITH RESPECT TO CLAIMS OF PIPPETT JR., ROSATO, AND MACDONALD.**