*Defendant's Objection: Defendant has not had time to read, let alone consider the validity of Plaintiffs' proposed "Stipulation." Accordingly, Defendant strenuously objects that this cannot be considered a "stipulation," and respectfully refers the Court to the Defendant's proposed stipulation of facts, included below Plaintiffs' version.*

a.      Plaintiff Thomas P. Pippett Jr., is a citizen of the State of New Jersey and was employed by Defendant Waterford from June 26, 2000 until October 2, 2000.

b.      Plaintiff James J. Rosato is a citizen of the Commonwealth of Pennsylvania and operates or does business as ECM Electrical Construction Management ("ECM"). ECM was retained by Waterford from July 10, 2000 until October 2, 2000.

c.      Plaintiff Joseph McDonald is a citizen of the Commonwealth of Pennsylvania and was employed by Waterford from July 24, 2000 until October 2, 2000.

d.      Plaintiff Darlene Jennings is a citizen of the Commonwealth of Pennsylvania and was employed by Waterford from June 26, 2000 until November 3, 2000.

e.      Third-Party Defendant Thomas P. Pippett Sr., is a citizen of the Commonwealth of Pennsylvania and is president of TPP Inc (TPPI"). TPPI was retained by Waterford from May 25, 2000 until September 29, 2000.

f.      Waterford is Developer of the Adriaen's Landing Project (the "Project") in Hartford, CT as defined in a Memorandum of Understanding dated February 24, 2000 ("MOU") between Waterford, the State of Connecticut, and the Capital City Economic Development Authority (CCEDA).

g.      Waterford's rights, duties, and obligations with respect to the Project in the period February 24 through October 26, 2000 are delineated in the MOU.

h.      The MOU was superseded on October 26, 2000, by a Development Agreement between Waterford, the State, and CCEDA.

i. All of the principals, members, and directors of Waterford Development, LLC are citizens of the State of Connecticut.

j. The sole owners of Waterford Development LLC are two brothers, Mark and Len Wolman.

k. At the time the MOU was signed, the Adriaen's Landing project was projected as costing approximately three-quarters of $1 billion to develop.

l. By the terms of the enabling legislation and Memorandum of Understanding, part of Waterford's responsibilities included the hiring of a project director and a project management team to direct the day-to-day operations of the project.

m. Waterford has referred to Richard Meister as the "ad hoc project director" until he left to pursue other opportunities.

n. After Meister left, Waterford then solicited a number of people for the position of Project Director, and ultimately, upon the recommendation of several people, including Rick Bodge who worked for the Wolmans at the Mohegan Sun Project, solicited Thomas Pippett Sr.

o. Tom Pippett Sr. had an established track record of successfully directing numerous large and complex construction projects throughout the country, including several for Donald Trump in the Atlantic City, New Jersey, area.  These projects included hotels, casinos, transportation centers, and convention centers.

p. The project which Tom Pippett Sr. had worked on immediately prior to his solicitation by Waterford was the conversion of the P.S.F.S. Building in Philadelphia, Pennsylvania, into the Loews Hotel.

q. On May 7, 2000, Waterford first contacted Tom Pippett Sr. to attempt hiring him as the Project Director for Adriaen's Landing.

r. One day later, on May 8, 2000, Benson Cohn, Executive Finance Officer for the Office of Policy and Management for the State of Connecticut, sent a letter to the Wolmans formally requesting the preparation of a "proposed staffing plan and a staffing and expense budget for the Adriaen's Landing Project, which was required under the Memorandum of Understanding of February 24, 2000.

s. The Memorandum of Understanding expressly required that Waterford " shall furnish a sufficient number of trained personnel, having adequate experience on projects of this scope and magnitude."

t. Tom Pippett Sr. went to Connecticut and interviewed with the Wolmans, and thereafter was hired as Project Director, whose personal services were engaged through his company known as TPPI.

u.     Waterford authorized Pippett Sr., through TPPI, as its agent to identify personnel to be hired by Waterford in connection with the Project pursuant both to Waterford's policies, terms, and conditions of employment, and pursuant to the MOU.

v. As part of his initial assignment, Pippett was asked and authorized to put together a project management team.

w. At the time of hiring, the Wolmans represented to Tom Pippett Sr. that the Project was anticipated to take between 3 ½ and 4 years until completion.

x. Tom Pippett Sr. then interviewed and extended offers of employment to a number of individuals, including the plaintiffs in this case. Pursuant to his charge, Pippett Sr. prepared a preliminary staffing budget that listed the specific salaries and benefit packages over an estimated 3-year period for particular designated management team positions, which he submitted to Waterford for approval.

y. Pippett Sr. extended offers to the plaintiffs after they were approved by Waterford.

z. Prior to hiring, Waterford knew that the plaintiffs were leaving positions and relocating from the Philadelphia area to assume their new positions with the Adriaen's Landing Project.

aa. According to Benson Cohn, it was acknowledged that the advantage of Pippett Sr. bringing his own people to the Project was that it would then have in place a team that was accustomed to working with each other, and would reduce the learning curve substantially.

bb. At the time of hiring, none of the plaintiffs were presented written contracts or employment applications by Waterford.

cc. Plaintiffs received paychecks from Waterford consistent with the offers made to them by Pippett Sr.

dd. Tom Pippett Jr. was not shown a draft contract until mid-August 2000.

ee. Joe McDonald was not shown a draft contract until August 29, 2000.

ff. Jim Rosato was not shown a draft contract until August 2000.

gg. Darlene Jennings was not shown a draft contract until August 2000.

hh. The draft contracts were never signed by either side, and plaintiffs objected to terms in the written contract including, but not limited to, the fact that they provided for an "at-will" relationship with Waterford.

ii. Each of the plaintiffs objected to Waterford that the written contracts did not reflect the oral contracts they believed they had entered into in their negotiations with Tom Pippett Sr.

jj.  On September 29, 2000, Waterford terminated the services of TPPI and Tom Pippett Sr. without prior notice.

kk.  Tom Pippett Jr., Joe McDonald and James Rosato (through ECM) were terminated, without prior notice, on October 2, 2000.

ll.  Darlene Jennings was terminated, without prior notice, on November 3, 2000.

mm.  From the time that Tom Pippett Sr. was hired by Waterford, until his termination, he acted as the Project Director for the Adriaen's Landing Project.

nn.  At the time that he contacted, met with, and extended offers of employment to, the plaintiffs, Tom Pippett Sr. was acting as the agent for Waterford.

**b.    Jury Trial: <u>Thomas Pippett Jr., James Rosato/ECM Construction Management, and Joseph McDonald v. Waterford</u>**

**DEFENDANT'S PROPOSED STIPULATION OF UNCONTROVERTED FACTS TO BE READ TO THE JURY WITH RESPECT TO CLAIMS OF PIPPETT JR., ROSATO, AND MACDONALD.**

a.     Plaintiff Thomas P. Pippett Jr., is a citizen of the State of New Jersey and was employed by Defendant Waterford from June 26, 2000 until October 2, 2000.

b.     Plaintiff James J. Rosato is a citizen of the Commonwealth of Pennsylvania and operates or does business as ECM Electrical Construction Management ("ECM").  ECM was retained by Waterford from July 10, 2000 until October 2, 2000.

c..    Plaintiff Joseph McDonald is a citizen of the Commonwealth of Pennsylvania and was employed by Waterford from July 24, 2000 until October 2, 2000.

d.     Plaintiff Darlene Jennings is a citizen of the Commonwealth of Pennsylvania and was employed by Waterford from June 26, 2000 until November 3, 2000.

e.     Third-Party Defendant Thomas P. Pippett Sr., is a citizen of the Commonwealth of Pennsylvania and is president of TPP Inc (TPPI").  TPPI was retained by Waterford from May 25, 2000 until September 29, 2000.

f.     Waterford is Developer of the Adriaen's Landing Project (the "Project") in Hartford, CT as defined in a Memorandum of Understanding dated February 24, 2000 ("MOU") between Waterford, the State of Connecticut, and the Capital City Economic Development Authority (CCEDA).

g.      Waterford's rights, duties, and obligations with respect to the Project in the period February 24 through October 26, 2000 are delineated in the MOU.

h.      Waterford authorized Pippett Sr., through TPPI, as its agent to identify personnel to be hired by Waterford in connection with the Project pursuant both to Waterford's policies, terms, and conditions of employment, and pursuant to the MOU.

i.      The MOU was superseded on October 26, 2000, by a Development Agreement between Waterford, the State, and CCEDA.

j.      Waterford terminated the services of TPPI and Tom Pippett Sr., on September 29, 2000.

k.      On October 2, 2000, Waterford terminated the services of ECM Construction Management and its principal, James Rosato, and terminated the employment of Joseph McDonald and Thomas Pippett Jr.


### IX (b)(1)  Proposed Voir dire questions.

### A.      Plaintiff's Proposed Voir Dire Questions:

Pursuant to Local Rule of Civil Procedure Rule 47(a), Plaintiffs hereby propose the

following voir dire questions for potential jurors:

### PLAINTIFF'S PROPOSED VOIR DIRE

1. Do you know any of the parties in this litigation?     The following are the plaintiffs: Thomas Pippett, Jr.; Joseph T. McDonald; James J. Rosato, t/a ECM Electrical Construction; and Darlene Jennings.     The following are the defendant and its principals:   Waterford Development, LLC; Mark Wolman; Leonard Wolman.

2. Do you know any of the following individuals?   Thomas Pippett, Sr., Rick Bodge, Brendan Fox, Linda McDonald, Benson Cohn, Robert Saint, Paul Fry, Albert Gary, Joseph Noce, Charles Sheehan, Doug Aikens, Jill Fink, Alan Angel, Fiona McAlister, Richard Meister, Lawrence Alibozek, John G. Rowland.

3. Do you have any present or prior involvement with either the Wolmans or any of the projects they have been involved in or built, including but not limited to Mohegan Sun and Adriaen's Landing.

4. Are any of you employed, or have you ever been employed, in the construction business or by any building trade?

5.  Are you or have you ever been a state or municipal employee?

6.  Do you have any relatives who are so employed?

7.  Do you have any difficulty in believing or finding that a contract can be entered into orally or simply by a handshake?

8.  Would you find against the plaintiffs if you determined that they acted in reliance on oral promises made to them but never signed a written contract?

9.  Have any of you been jurors in a civil or criminal case?

10. If so, can you tell us about that involvement and whether the case settled or went to verdict?

11. Do you have a predisposition against those people who sue for damages?

12. Conversely, do you have any problem finding against a corporation when you have been instructed that such a corporation is liable for the acts of its agents or employees?

13. Have you ever had a suit against a contractor or someone who worked on your house or business property?

14. Have you ever sued a contractor or person involved in the repair, renovation, or other work on your house or property?

15. If you are instructed that losses can be awarded not only for those that were actually incurred at the time of the alleged wrong but also for future losses, would you have difficulty in making such an award projecting those losses into the future?

16. Have any of you been plaintiffs bringing a suit against anyone?

17. Have any of you been defendants sued by someone or some entity for any reason?

18. Attorneys who have worked on behalf of the plaintiffs in this matter include the following: Gerald Jay Pomerantz, Norman Perlberger, Michael W. Jones, and Mark S. Scheffer. Do you know any of these individuals personally?

## B.    Defendant's Proposed Voir Dire Questions:

### DEFENDANT'S PROPOSED VOIR DIRE

Pursuant to Local Rule of Civil Procedure Rule 47(a), Defendant hereby proposes the following voir dire questions for potential jurors:

1.    The defendant, Waterford Development, LLC, is a corporation ("Waterford"). As such, it may have greater economic resources than the plaintiffs. The relative economic resources of the plaintiffs and the defendant are of no relevance whatsoever to the issues in this case, and this factor must not be allowed to enter into your decision-making. Do you feel that you can judge the evidence with complete indifference to the relative size or economic status of the parties?

**Objection: Object to second sentence, which is a post-trial matter and should be raised as part of closing and proper jury instructions at end of the case.**

2.    Do you feel sympathetic to or allied with persons who attack corporations or other institutions in the courts or elsewhere?

3.    Do you feel disposed to grant monetary damages to the plaintiffs, <u>even if the plaintiffs fail to prove their case by a preponderance of the evidence</u>, simply because they lost their jobs?

**Objection: Underlined phrase should be deleted because it attempts to sway and argue a position; not needed for purpose of voir dire.**

4.    Would you have any difficulty in refusing to award damages to plaintiffs if they showed they suffered some damage but failed to meet legal standards to hold the company liable?

**Objection: Argument; not needed for purpose of voir dire.**

5.    Have you, or any relative or friend, been involved in any way in a claim involving a former employer as a party, witness, juror, or attorney? If so:
    (a)    What were the facts?
    (b)    What was the outcome of the action?

6.    Do you feel that you were treated unfairly by an employer? If so, what were the reasons you felt you were treated unfairly?

7.    Do you believe that, before you or any other employee could be terminated from a job, that the employer must have *reasonable cause* to terminate employment?

8.    Have you ever been rejected for employment, demoted, laid-off from employment, offered an alternative position, or discharged?

9.    Have you ever collected unemployment compensation? If so, for how long, when, where?

10.    Have you ever been self-employed or owned your own business? If so, what was the nature of the business, and how many employees did you employ?

11.     Waterford Development LLC is affiliated with other companies with similar names, including the Waterford Group.  Have you ever been involved in a dispute with Waterford or any company using the Waterford name for any reason?  If so:

    (a)     What were the facts?

    (b)     What was the outcome?

12.     This case involves the project in Hartford that is under construction and is called the Adriaen's Landing Project.  Are you familiar in any way with this project?  Do you have any strong feelings, one way or another, about this project?

13.     The Adriaen's Landing Project includes a convention center that is being constructed using public, taxpayer funds, and a hotel that is being constructed using private funds.  Do you have strong feelings, one way or another, about the fact that taxpayer funds are involved in the construction project?

14.     You may hear references in this trial to Mohegan Sun, the casino in Montville.  Do you have strong feelings, one way or another, about Mohegan Sun?  What about the people who were involved in building and operating the casino?

15.     Several of the witnesses in this trial are people who immigrated to the United States from South Africa.  Do you have strong feelings, one way or another, about South Africa or South African people?

16.     You may hear references in this trial to former Governor John Rowland.  Do you have strong feelings, one way or another, about Mr. Rowland?  What about other people in the Rowland administration?

17.     Have you heard anything about this case or the parties that would influence your attitude toward the parties, or cause you to feel that you cannot decide the case fairly and impartially?

18.     Have you formulated any opinion whatsoever in advance of hearing the evidence as to whether monetary or any other type of damages should be awarded simply because a lawsuit has been brought?

19.     The defendant is represented by Andrew Houlding of the law firm of Rome McGuigan, P.C.  The other lawyers in the firm are:  Lewis B. Rome; Austin J. McGuigan; Richard Banbury; Jonathan Blake; Morris Borea; Jack Bradley; Rob Britt; Ziska Burkley; Joseph Burns; Bridget Ciarlo; Glenn Coe; Brian Courtney; Bob Ernest; Bernard Gaffney; Brenda Hamilton; Rick Healey; Renee Hildreth; Harvey Hoberman; William Kaliff; Tony Ludovico; Ryan McGuigan; Jeffrey Ment; David Rome; Debra Ruel; Maria Santos; Jack Strother; Will Watson; Jackie Wilson; Helga Woods; and Olga Zargos.

    (a)     Do you know any of these attorneys or that firm?

    (b)     Whom do you know?

    (c)     How do you know that person?

    (d)     What do you know or what have you heard of that person?

20.    The following people may be called as witnesses in this case:

Len Wolman; Mark Wolman; Alan Angel; Robert Saint; Paul Fry; Al Gary; Fiona McAlister; Joseph Noce; Charles Sheehan; Benson "Bud" Cohn; Brendan Fox; Rick Bodge; Doug Aitken; Jill Fink; and Richard Meister.

(i)     Do you know of the persons named?
(ii)    Whom do you know?
(iii)   How do you know that person?
(iv)    What do you know or what have you heard about that person?

21.    Have you had experience as a grand juror or a juror at a trial in either a state court or a federal court? If so:

(a)    When?
(b)    Where?
(c)    Was it civil or a criminal trial?
(d)    What was the result?

22.    This case will probably take most or all of two weeks to try. Would the mere fact that the trial may be of that duration in any way affect your opinion as to the merits of the case, or affect your willingness and ability to carefully sift the evidence on all issues?

23.    Do you believe that if a case has gotten to this point that the Judge must have decided it has merit? I.e., do you believe that if this case lacked merit a Judge would have dismissed it by now?

**Objection: Prejudicial argument; presumes knowledge of pretrial proceedings.**

24.    If you find that your beliefs differ from those of others on the jury, would you be able to stand up for your own beliefs?

25.    Do you know of any reason why you would not be able to listen to the evidence fairly and impartially and decide the issues strictly on the basis of the evidence you will hear in the courtroom, free of all bias and prejudice?

26.    Do you know of any other reason, or has anything occurred during this question period, that might make you doubtful that you would be a completely fair and impartial juror in this case? If there is, it is your duty to disclose that reason at this time.

## IX(b)(2)        PROPOSED JURY INSTRUCTIONS

### PLAINTIFFS' PROPOSED INSTRUCTIONS: (See attachment)

**DEFENDANT'S PROPOSED INSTRUCTIONS: (See attachment)**

**IX(3) PROPOSED VERDICT FORM**

<u>**Plaintiffs' Proposed Verdict Form**</u>

<u>**Thomas P. Pippett, Jr.**</u>

    1. Has the plaintiff proven, by a preponderance of the evidence, that Pippett, Sr. had actual or apparent authority to make representations to plaintiffs on behalf of the defendant regarding employment on the Adriaen's Landing project?

               _____ Yes            _____ No

**Count One**

    2. Has the plaintiff proven, by a preponderance of the evidence, that defendant agreed either by words or actions or conduct, either directly or through a representative with actual or apparent authority, to undertake some form of actual contract commitment to plaintiff, under which Pippett, Jr. could not be terminated without just cause?

               _____ Yes            _____ No

    **If the answer to this question is "No," your deliberation with respect to Pippett, Jr.'s Count One is complete, and you should proceed to question no. ___. If the answer to this question is "Yes," please continue to the next question.**

    3. Did defendant terminate Pippett, Jr. without just cause?

               _____ Yes            _____ No

    **If the answer to this question is "No," your deliberation with respect to Pippett, Jr.'s Count One is complete, and you should proceed to question no. ___. If the answer to this question is "Yes," please continue to the next question.**

    4. Has the plaintiff proven, by a fair preponderance of the evidence, that he was harmed as a result of Waterford's terminating his employment?

               _____ Yes            _____ No

**If the answer to this question is "No," your deliberation with respect to Pippett, Jr.'s Count One is complete, and you should proceed to question no. ____. If the answer to this question is "Yes," please continue to the next question.**

5. What amount of damages, if any, has plaintiff proven were a result of the breach of the employment agreement?

$_____

6. Has Waterford proven, by a fair preponderance of the evidence, that the plaintiff has failed to mitigate his damages reasonably, as these terms have been defined?

_____ Yes          _____ No

**If the answer to this question is "No," your deliberation with respect to Pippett, Jr.'s Count One is complete, and you should proceed to question no. ____. If the answer to this question is "Yes," please continue to the next question.**

7. What amount of money should be subtracted from that award as a result of plaintiff's failure to mitigate his damages?

$_____

**Count Two**

8. Has the plaintiff proven, by a preponderance of the evidence, that defendant made a clear and definite promise of employment for the duration of the Adriaen's Landing project, either by words or actions or conduct, either directly or through a representative with actual or apparent authority, which defendant could have reasonably expected to induce reliance on the part of the plaintiff?

_____ Yes          _____ No

**If the answer to this question is "No," your deliberation with respect to Pippett, Jr.'s Count Two is complete, and you should proceed to question no. ____. If the answer to this question is "Yes," please continue to the next question.**

9. Has the plaintiff proven, by a preponderance of the evidence, that he did, in fact, detrimentally rely on such promise by the defendant?

_____ Yes                    _____ No

**If the answer to this question is "No," your deliberation with respect to Pippett, Jr.'s Count Two is complete, and you should proceed to question no. ___. If the answer to this question is "Yes," please continue to the next question.**

10. Has the plaintiff proven, by a fair preponderance of the evidence, that he was harmed as a result of Waterford's terminating his employment?

_____ Yes                    _____ No

**If the answer to this question is "No," your deliberation with respect to Pippett, Jr.'s Count Two is complete, and you should proceed to question no. ___. If the answer to this question is "Yes," please continue to the next question.**

11. What amount of damages, if any, has plaintiff proven were a result of his detrimental reliance on defendant's promise of employment for the duration of the project?

$_____

12. Has Waterford proven, by a fair preponderance of the evidence, that the plaintiff has failed to mitigate his damages reasonably, as these terms have been defined?

_____ Yes                    _____ No

**If the answer to this question is "No," your deliberation with respect to Pippett, Jr.'s Count Two is complete, and you should proceed to question no. ___. If the answer to this question is "Yes," please continue to the next question.**

13. What amount of money should be subtracted from that award as a result of plaintiff's failure to mitigate his damages?

$_____

**Count Four**

14. Has the plaintiff proven, by a preponderance of the evidence, that defendant made one or more false representation that plaintiff was to be employed for the duration of the Adriaen's Landing project, either by words or actions or conduct, either directly or through a representative with actual or apparent authority, that which defendant failed to exercise reasonable care or competence in ensuring that its representative with actual or apparent authority was not making a false representation, and that plaintiff justifiably relied on the defendant's misrepresentation(s)?

_____ Yes            _____ No

**If the answer to this question is "No," your deliberation with respect to Pippett, Jr.'s Count Four is complete, and you should proceed to question no. ___. If the answer to this question is "Yes," please continue to the next question.**

15. Has the plaintiff proven, by a fair preponderance of the evidence, that he suffered a loss as a result of Waterford's terminating his employment?

_____ Yes            _____ No

**If the answer to this question is "No," your deliberation with respect to Pippett, Jr.'s Count Four is complete, and you should proceed to question no. ___. If the answer to this question is "Yes," please continue to the next question.**

16. What amount of damages, if any, has plaintiff proven were a result of his detrimental reliance on defendant's promise of employment for the duration of the project?

$_____

17. Has Waterford proven, by a fair preponderance of the evidence, that the plaintiff has failed to mitigate his damages reasonably, as these terms have been defined?

_____ Yes            _____ No

**If the answer to this question is "No," your deliberation with respect to Pippett, Jr.'s Count Four is complete, and you should proceed to question no. ___. If the answer to this question is "Yes," please continue to the next question.**

18. What amount of money should be subtracted from that award as a result of plaintiff's failure to mitigate his damages?

$_____

**If you have answered "Yes" to question no. 15, please continue to the next question.**

**Punitive Damages**

19. Has the plaintiff proven, by a fair preponderance of the evidence, that the defendant's actions were willful, wanton or reckless, and that defendant's actions were violative of an important public policy as explained to you?

_____ Yes               _____ No

**Count Five**

20. Has the plaintiff proven, by a preponderance of the evidence, that defendant breached an implied covenant of good faith and fair dealing, in failing o fulfill the reasonable and justified expectations of the plaintiff in connection with the employment contract?

_____ Yes               _____ No

**If the answer to this question is "No," your deliberation with respect to Pippett, Jr.'s Count Five is complete, and you should proceed to question no. ___. If the answer to this question is "Yes," please continue to the next question.**

21. Has the plaintiff proven, by a fair preponderance of the evidence, that he was harmed as a result of Waterford's terminating his employment?

_____ Yes               _____ No

**If the answer to this question is "No," your deliberation with respect to Pippett, Jr.'s Count Five is complete, and you should proceed to question no. ___. If the answer to this question is "Yes," please continue to the next question.**

22. What amount of damages, if any, has plaintiff proven were a result of the breach of the implied covenant of good faith and fair dealing?

$_____

23. Has Waterford proven, by a fair preponderance of the evidence, that the plaintiff has failed to mitigate his damages reasonably, as these terms have been defined?

_____ Yes        _____ No

**If the answer to this question is "No," your deliberation with respect to Pippett, Jr.'s Count Five is complete, and you should proceed to question no. ___. If the answer to this question is "Yes," please continue to the next question.**

24.  What amount of money should be subtracted from that award as a result of plaintiff's failure to mitigate his damages?

$_____

**If you have answered "Yes" to question no. 21, please continue to the next question.**

**Punitive Damages**

25.  Has the plaintiff proven, by a fair preponderance of the evidence, that the defendant's actions were willful, wanton or reckless, and that defendant's actions were violative of an important public policy as explained to you?

_____ Yes        _____ No

### James Rosato

26.  Has the plaintiff proven, by a preponderance of the evidence, that Pippett, Sr. had actual or apparent authority to make representations to plaintiffs on behalf of the defendant regarding employment on the Adriaen's Landing project?

_____ Yes        _____ No

**Count One**

27.  Has the plaintiff proven, by a preponderance of the evidence, that defendant agreed either by words or actions or conduct, either directly or through a representative with actual or apparent authority, to undertake some form of actual contract commitment to plaintiff, under which Rosato could not be terminated without just cause?

_____ Yes        _____ No

**If the answer to this question is "No," your deliberation with respect to Rosato's Count One is complete, and you should proceed to question no. \_\_\_. If the answer to this question is "Yes," please continue to the next question.**

28. Did defendant terminate Rosato without just cause?

_____ Yes          _____ No

**If the answer to this question is "No," your deliberation with respect to Rosato's Count One is complete, and you should proceed to question no. \_\_\_. If the answer to this question is "Yes," please continue to the next question.**

29. Has the plaintiff proven, by a fair preponderance of the evidence, that he was harmed as a result of Waterford's terminating his employment?

_____ Yes          _____ No

**If the answer to this question is "No," your deliberation with respect to Rosato's Count One is complete, and you should proceed to question no. \_\_\_. If the answer to this question is "Yes," please continue to the next question.**

30. What amount of damages, if any, has plaintiff proven were a result of the breach of the employment agreement?

$_____

31. Has Waterford proven, by a fair preponderance of the evidence, that the plaintiff has failed to mitigate his damages reasonably, as these terms have been defined?

_____ Yes          _____ No

**If the answer to this question is "No," your deliberation with respect to Rosato's Count One is complete, and you should proceed to question no. \_\_\_. If the answer to this question is "Yes," please continue to the next question.**

32. What amount of money should be subtracted from that award as a result of plaintiff's failure to mitigate his damages?

$_____

**Count Two**

33. Has the plaintiff proven, by a preponderance of the evidence, that defendant made a clear and definite promise of employment for the duration of the Adriaen's Landing project, either by words or actions or conduct, either directly or through a representative with actual or apparent authority, which defendant could have reasonably expected to induce reliance on the part of the plaintiff?

_____ Yes                    _____ No

**If the answer to this question is "No," your deliberation with respect to Rosato's Count Two is complete, and you should proceed to question no. \_\_\_. If the answer to this question is "Yes," please continue to the next question.**

34. Has the plaintiff proven, by a preponderance of the evidence, that he did, in fact, detrimentally rely on such promise by the defendant?

_____ Yes                    _____ No

**If the answer to this question is "No," your deliberation with respect to Rosato's Count Two is complete, and you should proceed to question no. \_\_\_. If the answer to this question is "Yes," please continue to the next question.**

35. Has the plaintiff proven, by a fair preponderance of the evidence, that he was harmed as a result of Waterford's terminating his employment?

_____ Yes                    _____ No

**If the answer to this question is "No," your deliberation with respect to Rosato's Count Two is complete, and you should proceed to question no. \_\_\_. If the answer to this question is "Yes," please continue to the next question.**

36. What amount of damages, if any, has plaintiff proven were a result of his detrimental reliance on defendant's promise of employment for the duration of the project?

$_____

37. Has Waterford proven, by a fair preponderance of the evidence, that the plaintiff has failed to mitigate his damages reasonably, as these terms have been defined?

_____ Yes                    _____ No

**If the answer to this question is "No," your deliberation with respect to Rosato's Count Two is complete, and you should proceed to question no. ___. If the answer to this question is "Yes," please continue to the next question.**


38. What amount of money should be subtracted from that award as a result of plaintiff's failure to mitigate his damages?

$ _____


**Count Four**

39. Has the plaintiff proven, by a preponderance of the evidence, that defendant made one or more false representation that plaintiff was to be employed for the duration of the Adriaen's Landing project, either by words or actions or conduct, either directly or through a representative with actual or apparent authority, that which defendant failed to exercise reasonable care or competence in ensuring that its representative with actual or apparent authority was not making a false representation, and that plaintiff justifiably relied on the defendant's misrepresentation(s)?

_____ Yes        _____ No

**If the answer to this question is "No," your deliberation with respect to Rosato's Count Four is complete, and you should proceed to question no. ___. If the answer to this question is "Yes," please continue to the next question.**


40. Has the plaintiff proven, by a fair preponderance of the evidence, that he suffered a loss as a result of Waterford's terminating his employment?

_____ Yes        _____ No

**If the answer to this question is "No," your deliberation with respect to Rosato's Count Four is complete, and you should proceed to question no. ___. If the answer to this question is "Yes," please continue to the next question.**


41. What amount of damages, if any, has plaintiff proven were a result of his detrimental reliance on defendant's promise of employment for the duration of the project?

$ _____

42.  Has Waterford proven, by a fair preponderance of the evidence, that the plaintiff has failed to mitigate his damages reasonably, as these terms have been defined?

_____ Yes          _____ No

**If the answer to this question is "No," your deliberation with respect to Rosato's Count Four is complete, and you should proceed to question no. ___. If the answer to this question is "Yes," please continue to the next question.**

43.  What amount of money should be subtracted from that award as a result of plaintiff's failure to mitigate his damages?

$_____

**If you have answered "Yes" to question no. 40, please continue to the next question.**

**Punitive Damages**

44.  Has the plaintiff proven, by a fair preponderance of the evidence, that the defendant's actions were willful, wanton or reckless, and that defendant's actions were violative of an important public policy as explained to you?

_____ Yes          _____ No

**Count Five**

45.  Has the plaintiff proven, by a preponderance of the evidence, that defendant breached an implied covenant of good faith and fair dealing, in failing o fulfill the reasonable and justified expectations of the plaintiff in connection with the employment contract?

_____ Yes          _____ No

**If the answer to this question is "No," your deliberation with respect to Rosato's Count Five is complete, and you should proceed to question no. ___. If the answer to this question is "Yes," please continue to the next question.**

46.  Has the plaintiff proven, by a fair preponderance of the evidence, that he was harmed as a result of Waterford's terminating his employment?

_____ Yes          _____ No

**If the answer to this question is "No," your deliberation with respect to Rosato's Count Five is complete, and you should proceed to question no. ___.**
**If the answer to this question is "Yes," please continue to the next question.**

47.  What amount of damages, if any, has plaintiff proven were a result of the breach of the implied covenant of good faith and fair dealing?

$_____

48.  Has Waterford proven, by a fair preponderance of the evidence, that the plaintiff has failed to mitigate his damages reasonably, as these terms have been defined?

_____ Yes          _____ No

**If the answer to this question is "No," your deliberation with respect to Rosato's Count Five is complete, and you should proceed to question no. ___.**
**If the answer to this question is "Yes," please continue to the next question.**

49.  What amount of money should be subtracted from that award as a result of plaintiff's failure to mitigate his damages?

$_____

**If you have answered "Yes" to question no. 46, please continue to the next question.**
**Punitive Damages**

50.  Has the plaintiff proven, by a fair preponderance of the evidence, that the defendant's actions were willful, wanton or reckless, and that defendant's actions were violative of an important public policy as explained to you?

_____ Yes          _____ No

### Joseph McDonald

51.  Has the plaintiff proven, by a preponderance of the evidence, that Pippett, Sr. had actual or apparent authority to make representations to plaintiffs on behalf of the defendant regarding employment on the Adriaen's Landing project?

_____ Yes          _____ No

**Count One**

52. Has the plaintiff proven, by a preponderance of the evidence, that defendant agreed either by words or actions or conduct, either directly or through a representative with actual or apparent authority, to undertake some form of actual contract commitment to plaintiff, under which McDonald could not be terminated without just cause?

_____ Yes            _____ No

**If the answer to this question is "No," your deliberation with respect to McDonald's Count One is complete, and you should proceed to question no. ___. If the answer to this question is "Yes," please continue to the next question.**

53. Did defendant terminate McDonald without just cause?

_____ Yes            _____ No

**If the answer to this question is "No," your deliberation with respect to McDonald's Count One is complete, and you should proceed to question no. ___. If the answer to this question is "Yes," please continue to the next question.**

54. Has the plaintiff proven, by a fair preponderance of the evidence, that he was harmed as a result of Waterford's terminating his employment?

_____ Yes            _____ No

**If the answer to this question is "No," your deliberation with respect to McDonald's Count One is complete, and you should proceed to question no. ___. If the answer to this question is "Yes," please continue to the next question.**

55. What amount of damages, if any, has plaintiff proven were a result of the breach of the employment agreement?

$_____

56. Has Waterford proven, by a fair preponderance of the evidence, that the plaintiff has failed to mitigate his damages reasonably, as these terms have been defined?

_____ Yes            _____ No

**If the answer to this question is "No," your deliberation with respect to McDonald's Count One is complete, and you should proceed to question no. ___. If the answer to this question is "Yes," please continue to the next question.**

57. What amount of money should be subtracted from that award as a result of plaintiff's failure to mitigate his damages?

$_____

**Count Two**

58. Has the plaintiff proven, by a preponderance of the evidence, that defendant made a clear and definite promise of employment for the duration of the Adriaen's Landing project, either by words or actions or conduct, either directly or through a representative with actual or apparent authority, which defendant could have reasonably expected to induce reliance on the part of the plaintiff?

_____ Yes          _____ No

**If the answer to this question is "No," your deliberation with respect to McDonald's Count Two is complete, and you should proceed to question no. ___. If the answer to this question is "Yes," please continue to the next question.**

59. Has the plaintiff proven, by a preponderance of the evidence, that he did, in fact, detrimentally rely on such promise by the defendant?

_____ Yes          _____ No

**If the answer to this question is "No," your deliberation with respect to McDonald's Count Two is complete, and you should proceed to question no. ___. If the answer to this question is "Yes," please continue to the next question.**

60. Has the plaintiff proven, by a fair preponderance of the evidence, that he was harmed as a result of Waterford's terminating his employment?

_____ Yes          _____ No

**If the answer to this question is "No," your deliberation with respect to McDonald's Count Two is complete, and you should proceed to question no.**

___. **If the answer to this question is "Yes," please continue to the next question.**

61. What amount of damages, if any, has plaintiff proven were a result of his detrimental reliance on defendant's promise of employment for the duration of the project?

$_____

62. Has Waterford proven, by a fair preponderance of the evidence, that the plaintiff has failed to mitigate his damages reasonably, as these terms have been defined?

_____ Yes            _____ No

**If the answer to this question is "No," your deliberation with respect to McDonald's Count Two is complete, and you should proceed to question no. ___. If the answer to this question is "Yes," please continue to the next question.**

63. What amount of money should be subtracted from that award as a result of plaintiff's failure to mitigate his damages?

$_____

**Count Four**

64. Has the plaintiff proven, by a preponderance of the evidence, that defendant made one or more false representation that plaintiff was to be employed for the duration of the Adriaen's Landing project, either by words or actions or conduct, either directly or through a representative with actual or apparent authority, that which defendant failed to exercise reasonable care or competence in ensuring that its representative with actual or apparent authority was not making a false representation, and that plaintiff justifiably relied on the defendant's misrepresentation(s)?

_____ Yes            _____ No

**If the answer to this question is "No," your deliberation with respect to McDonald's Count Four is complete, and you should proceed to question no. ___. If the answer to this question is "Yes," please continue to the next question.**

65. Has the plaintiff proven, by a fair preponderance of the evidence, that he suffered a loss as a result of Waterford's terminating his employment?

_____ Yes                    _____ No

**If the answer to this question is "No," your deliberation with respect to McDonald's Count Four is complete, and you should proceed to question no. ___. If the answer to this question is "Yes," please continue to the next question.**

66.  What amount of damages, if any, has plaintiff proven were a result of his detrimental reliance on defendant's promise of employment for the duration of the project?

$_____

67.  Has Waterford proven, by a fair preponderance of the evidence, that the plaintiff has failed to mitigate his damages reasonably, as these terms have been defined?

_____ Yes                    _____ No

**If the answer to this question is "No," your deliberation with respect to McDonald's Count Four is complete, and you should proceed to question no. ___. If the answer to this question is "Yes," please continue to the next question.**

68.  What amount of money should be subtracted from that award as a result of plaintiff's failure to mitigate his damages?

$_____

**If you have answered "Yes" to question no. 65, please continue to the next question.**

**Punitive Damages**

69.  Has the plaintiff proven, by a fair preponderance of the evidence, that the defendant's actions were willful, wanton or reckless, and that defendant's actions were violative of an important public policy as explained to you?

_____ Yes                    _____ No

**Count Five**

70.  Has the plaintiff proven, by a preponderance of the evidence, that defendant breached an implied covenant of good faith and fair dealing, in failing o fulfill the reasonable and justified expectations of the plaintiff in connection with the employment contract?

_____ Yes            _____ No

**If the answer to this question is "No," your deliberation with respect to McDonald's Count Five is complete, and you should proceed to question no. ___. If the answer to this question is "Yes," please continue to the next question.**

71.  Has the plaintiff proven, by a fair preponderance of the evidence, that he was harmed as a result of Waterford's terminating his employment?

_____ Yes            _____ No

**If the answer to this question is "No," your deliberation with respect to McDonald's Count Five is complete, and you should proceed to question no. ___. If the answer to this question is "Yes," please continue to the next question.**

72.  What amount of damages, if any, has plaintiff proven were a result of the breach of the implied covenant of good faith and fair dealing?

$_____

73.  Has Waterford proven, by a fair preponderance of the evidence, that the plaintiff has failed to mitigate his damages reasonably, as these terms have been defined?

_____ Yes            _____ No

**If the answer to this question is "No," your deliberation with respect to McDonald's Count Five is complete, and you should proceed to question no. ___. If the answer to this question is "Yes," please continue to the next question.**

74.  What amount of money should be subtracted from that award as a result of plaintiff's failure to mitigate his damages?

$_____

**If you have answered "Yes" to question no. 71, please continue to the next question.**

**Punitive Damages**

75. Has the plaintiff proven, by a fair preponderance of the evidence, that the defendant's actions were willful, wanton or reckless, and that defendant's actions were violative of an important public policy as explained to you?

_____ Yes          _____ No

### Darlene Jennings

76. Has the plaintiff proven, by a preponderance of the evidence, that Pippett, Sr. had actual or apparent authority to make representations to plaintiffs on behalf of the defendant regarding employment on the Adriaen's Landing project?

_____ Yes          _____ No

**Count One**

77. Has the plaintiff proven, by a preponderance of the evidence, that defendant agreed either by words or actions or conduct, either directly or through a representative with actual or apparent authority, to undertake some form of actual contract commitment to plaintiff, under which Jennings could not be terminated without just cause?

_____ Yes          _____ No

**If the answer to this question is "No," your deliberation with respect to Jennings's Count One is complete, and you should proceed to question no. ___. If the answer to this question is "Yes," please continue to the next question.**

78. Did defendant terminate Jennings without just cause?

_____ Yes          _____ No

**If the answer to this question is "No," your deliberation with respect to Jennings's Count One is complete, and you should proceed to question no. ___. If the answer to this question is "Yes," please continue to the next question.**

79. Has the plaintiff proven, by a fair preponderance of the evidence, that she was harmed as a result of Waterford's terminating his employment?

_____ Yes          _____ No

**If the answer to this question is "No," your deliberation with respect to Jennings's Count One is complete, and you should proceed to question no. \_\_\_. If the answer to this question is "Yes," please continue to the next question.**

80. What amount of damages, if any, has plaintiff proven were a result of the breach of the employment agreement?

$_____

81. Has Waterford proven, by a fair preponderance of the evidence, that the plaintiff has failed to mitigate her damages reasonably, as these terms have been defined?

_____ Yes          _____ No

**If the answer to this question is "No," your deliberation with respect to Jennings's Count One is complete, and you should proceed to question no. \_\_\_. If the answer to this question is "Yes," please continue to the next question.**

82. What amount of money should be subtracted from that award as a result of plaintiff's failure to mitigate her damages?

$_____

**Count Two**

83. Has the plaintiff proven, by a preponderance of the evidence, that defendant made a clear and definite promise of employment for the duration of the Adriaen's Landing project, either by words or actions or conduct, either directly or through a representative with actual or apparent authority, which defendant could have reasonably expected to induce reliance on the part of the plaintiff?

_____ Yes          _____ No

**If the answer to this question is "No," your deliberation with respect to Jennings's Count Two is complete, and you should proceed to question no. \_\_\_. If the answer to this question is "Yes," please continue to the next question.**

84. Has the plaintiff proven, by a preponderance of the evidence, that she did, in fact, detrimentally rely on such promise by the defendant?

_____ Yes          _____ No

**If the answer to this question is "No," your deliberation with respect to Jennings's Count Two is complete, and you should proceed to question no. ___. If the answer to this question is "Yes," please continue to the next question.**

85. Has the plaintiff proven, by a fair preponderance of the evidence, that she was harmed as a result of Waterford's terminating her employment?

_____ Yes          _____ No

**If the answer to this question is "No," your deliberation with respect to Jennings's Count Two is complete, and you should proceed to question no. ___. If the answer to this question is "Yes," please continue to the next question.**

86. What amount of damages, if any, has plaintiff proven were a result of her detrimental reliance on defendant's promise of employment for the duration of the project?

$_____

87. Has Waterford proven, by a fair preponderance of the evidence, that the plaintiff has failed to mitigate her damages reasonably, as these terms have been defined?

_____ Yes          _____ No

**If the answer to this question is "No," your deliberation with respect to Jennings's Count Two is complete, and you should proceed to question no. ___. If the answer to this question is "Yes," please continue to the next question.**

88. What amount of money should be subtracted from that award as a result of plaintiff's failure to mitigate her damages?

$_____

**Count Four**

89. Has the plaintiff proven, by a preponderance of the evidence, that defendant made one or more false representation that plaintiff was to be employed for the duration of the Adriaen's Landing project, either by words or actions or conduct, either directly or through a representative with actual or apparent authority, that which defendant failed to exercise reasonable care or competence in ensuring that its representative with actual or apparent authority was not making a false representation, and that plaintiff justifiably relied on the defendant's misrepresentation(s)?

_____ Yes          _____ No

**If the answer to this question is "No," your deliberation with respect to Jennings's Count Four is complete, and you should proceed to question no. \_\_\_. If the answer to this question is "Yes," please continue to the next question.**

90. Has the plaintiff proven, by a fair preponderance of the evidence, that she suffered a loss as a result of Waterford's terminating her employment?

_____ Yes          _____ No

**If the answer to this question is "No," your deliberation with respect to Jennings's Count Four is complete, and you should proceed to question no. \_\_\_. If the answer to this question is "Yes," please continue to the next question.**

91. What amount of damages, if any, has plaintiff proven were a result of her detrimental reliance on defendant's promise of employment for the duration of the project?

$_____

92. Has Waterford proven, by a fair preponderance of the evidence, that the plaintiff has failed to mitigate her damages reasonably, as these terms have been defined?

_____ Yes          _____ No

**If the answer to this question is "No," your deliberation with respect to Jennings's Count Four is complete, and you should proceed to question no. \_\_\_. If the answer to this question is "Yes," please continue to the next question.**

93. What amount of money should be subtracted from that award as a result of plaintiff's failure to mitigate her damages?

$_____

**If you have answered "Yes" to question no. 90, please continue to the next question.**

**Punitive Damages**

94. Has the plaintiff proven, by a fair preponderance of the evidence, that the defendant's actions were willful, wanton or reckless, and that defendant's actions were violative of an important public policy as explained to you?

_____ Yes          _____ No

**Count Five**

95. Has the plaintiff proven, by a preponderance of the evidence, that defendant breached an implied covenant of good faith and fair dealing, in failing o fulfill the reasonable and justified expectations of the plaintiff in connection with the employment contract?

_____ Yes          _____ No

**If the answer to this question is "No," your deliberation with respect to Jennings's Count Five is complete, and you should proceed to question no. \_\_\_. If the answer to this question is "Yes," please continue to the next question.**

96. Has the plaintiff proven, by a fair preponderance of the evidence, that he was harmed as a result of Waterford's terminating his employment?

_____ Yes          _____ No

**If the answer to this question is "No," your deliberation with respect to Jennings's Count Five is complete, and you should proceed to question no. \_\_\_. If the answer to this question is "Yes," please continue to the next question.**

97. What amount of damages, if any, has plaintiff proven were a result of the breach of the implied covenant of good faith and fair dealing?

$_____

98. Has Waterford proven, by a fair preponderance of the evidence, that the plaintiff has failed to mitigate his damages reasonably, as these terms have been defined?

_____ Yes          _____ No

**If the answer to this question is "No," your deliberation with respect to Jennings's Count Five is complete, and you should proceed to question no. \_\_\_. If the answer to this question is "Yes," please continue to the next question.**

99.  What amount of money should be subtracted from that award as a result of plaintiff's failure to mitigate his damages?

$_____

**If you have answered "Yes" to question no. 96, please continue to the next question.**

**Punitive Damages**

100.  Has the plaintiff proven, by a fair preponderance of the evidence, that the defendant's actions were willful, wanton or reckless, and that defendant's actions were violative of an important public policy as explained to you?

_____ Yes          _____ No

**<u>Defendant's Proposed Verdict Form</u>**

Attorneys for DEFENDANT

WATERFORD DEVELOPMENT, LLC

By: _____
    Andrew Houlding, Esquire
    Rome, McGuigan & Sabanosh
    One State Street
    Hartford, CT 06103
    Tel. (860) 493-3468
    Fax (860) 724-3921
    Email: (ahoulding@rms-law.com)

Attorneys for PLAINTIFFS

THOMAS P. PIPPETT, JR.; JOSEPH T.
McDONALD; JAMES J. ROSATO,
individually and t/a ECM ELECTRICAL
CONSTRUCTION MANAGEMENT; and
DARLENE JENNINGS

By: _____
    Gerald Jay Pomerantz, Esquire
    Pomerantz & Scheffer
    21 South 12th Street, Suite 700
    Philadelphia, PA 19107
    Tel. (215) 569-8866
    Fax (215) 568-6511
    Email: (gjpomlaw@hotmail.com)

By: _____
    Norman Perlberger, Esquire
    Perlberger Law Associates, P.C.
    326 W. Lancaster Avenue, Suite 210
    Ardmore, PA 19003
    Tel. (610) 645-0900
    Fax (610) 645-9240
    Email. perlberglaw@aol.com

Attorneys for DEFENDANT
WATERFORD DEVELOPMENT, LLC

Attorneys for PLAINTIFFS
THOMAS P. PIPPETT, JR.; JOSEPH T.
McDONALD; JAMES J. ROSATO,
individually and t/a ECM ELECTRICAL
CONSTRUCTION MANAGEMENT; and
DARLENE JENNINGS


By: _____
    Andrew Houlding, Esquire
    Rome, McGuigan, P.C.
    One State Street
    Hartford, CT 06103
    Tel. (860) 493-3468
    Fax (860) 724-3921
    Email: (ahoulding@rms-law.com)

By: _____
    Gerald Jay Pomerantz, Esquire
    Pomerantz & Scheffer
    21 South 12th Street, Suite 700
    Philadelphia, PA 19107
    Tel. (215) 569-8866
    Fax (215) 568-6511
    Email: (gjpomlaw@hotmail.com)


By: _____
    Norman Perlberger, Esquire
    Perlberger Law Associates, P.C.
    326 W. Lancaster Avenue, Suite 210
    Ardmore, PA 19003
    Tel. (610) 645-0900
    Fax (610) 645-9240
    Email: perlberglaw@aol.com