# DEFENDANT'S PROPOSED JURY INSTRUCTIONS

## A. Instructions as to Count One alleging breach of contract:

The Plaintiffs in this case claim that they entered into individual employment agreements with Waterford in which Waterford agreed that they would be employed for the duration of the Adriaen's Landing Project, and that their employment could only be terminated for "cause" before the Project is completed.

You must first determine, with respect to each Plaintiff, whether the Plaintiff has proved by a preponderance of the evidence that an employment contract existed based on all the circumstances.

A contract is not completely formed if the parties regard the agreement as incomplete. To constitute an offer and acceptance sufficient to create an enforceable contract, each must be found to have been based on an identical understanding by the parties. If the minds of the parties have not truly met, no enforceable contract exists. An agreement must be definite and certain as to its terms and requirements. So long as any essential matters are left open for further consideration, the contract is not complete. You may consider whether all material terms essential to an employment contract, such as duration, conditions of employment, salary, fringe benefits, and grounds for termination were included. Geary v. Wentworth Laboratories, Inc., 60 Conn.App. 622, 629, (2000).

If you find that one or more of the Plaintiffs has proven by a fair preponderance of the evidence that a contract was created between that Plaintiff and Waterford, you must then

consider whether that Plaintiff has proven that Waterford breached the contract by that same standard, a fair preponderance of the evidence. Id.

Under Connecticut law, the employment relationship is terminable at will by either the employer or the employee and thus may be terminated at any time and for any reason. Magnan v. Anaconda Industries, Inc., 193 Conn. 558 (1984). Employment at will grants both parties the right to terminate the relationship for any reason, or no reason, at any time without fear of legal liability. Thibodeau v. Design Group One Architects, LLC, 260 Conn. 691, 697-98, 802 A.2d 731 (2002).

However, the parties to the employment relationship can enter into a contractual agreement so that employment is no longer at will. For example, they can agree that the employment relationship will continue indefinitely and can only be terminated for "cause."

In Count One of their 2nd Amended Complaint, the Plaintiffs claim that they were employed for the entire duration of the Project and that their employment could only be terminated for cause.

In order to meet their burden, the Plaintiffs must convince you, by the preponderance of credible evidence, that Waterford agreed to be bound by an employment contract that was for the duration of the Project and that Waterford also agreed that it could only be terminated by Waterford for cause.

A contract is an agreement, written or oral, to do or not to do a certain thing. It gives rise to an obligation or legal duty enforceable in an action brought to the courts. The agreement constituting a contract may be expressed or implied. Nevertheless, whether expressed or

implied, the Plaintiffs must demonstrate an actual agreement by the Defendant to have an employment contract with them containing the specific terms that they claim, including the duration and the grounds for termination.

"A contract implied in fact, like an express contract, depends on actual agreement." Burnham v. Karl and Gelb, 50 Conn.App. 385, 387 (1998) *upheld* 252 Conn. 153 (2000). That is, in this case the Plaintiffs must prove that Waterford agreed by either words or action or conduct to undertake some form of actual contractual commitment to the Plaintiffs under which they could not be terminated except for cause for the duration of the Project. The Plaintiffs have the burden of proving that a contractual agreement existed here which would limit the employer's right to terminate employment at will.

Without definite and unequivocal language demonstrating an intent by the employer to be bound to a specific promise, there is no contract. Christensen v. Bic Corporation, 18 Conn.App. 451, 455, 458 (1989). The Plaintiffs' perception or understanding, standing on its own, is not enough to establish that a contract was formed. Id.

Simply because the Plaintiffs believed that policies or statements of the Defendant established a contract does not bind the Defendant unless you are convinced that the preponderance of the evidence establishes that Defendant intended to be bound to such a contract. Reynolds v. Chrysler First Comm. Corp., 40 Conn.App. 725, 730 (1996).

Also, practices and comments alone, without representations that the practices are part of the agreement, do not create a contract. Christensen, *supra*, at 455, 458 (1989); Corriveau v.

Jenkins Bros., 144 Conn. 383, 132 A.2d 67 (1957); L.F. Pace & Sons, Inc. v. Travelers Indemnity Co., 9 Conn.App. 30, 38, 514 A.2d 766, *cert. denied*, 201 Conn. 811, 516 A.2d 886 (1986).

In connection with your consideration of whether Waterford entered into an agreement with Plaintiffs (or any one of them), you must determine whether any policy or statement upon which the Plaintiffs relied was made by an employee or agent of the Defendant who was authorized by the Defendant to make such an agreement which would commit the Defendant. In other words, you must determine whether Plaintiffs have demonstrated by a fair preponderance of the evidence that an employee or representative of Waterford was authorized by Waterford to offer them contracts of employment for the duration of the Project and terminable only for cause. The mere existence of an employment relationship without more does not render statements of an employee admissible against an employer. Liebman v. Society of Our Lady of Mount St. Carmel, Inc., 151 Conn. 582, 586, 200 A.2d 721 (1964). Before evidence can be admitted to show what an agent said, it must be established that the agent was authorized by the principal to make an admission. Robles v. Lavin, 176 Conn. 281, 284, 407 A.2d 959 (1978). The agency relationship must be proved by a fair preponderance of the evidence. Id.

"Apparent authority must be derived not from the acts of the agent but from the acts of his principal. '[The] acts of the principal must be such that (1) the principal held the agent out as possessing sufficient authority to embrace the act in question, or knowingly permitted him to act as having such authority, and (2) in consequence thereof the person dealing with the agent,

4

acting in good faith, reasonably believed, under all the circumstances, that the agent had the necessary authority.' " Munson v. United Technologies Corp., Hamilton Standard Div., 28 Conn.App. 184, 188-89 (Conn.App. 1992).

Before evidence can be admitted to show what an agent said, it must be established that the agent was authorized by the principal to make an admission. The agency relationship must be proved by a fair preponderance of the evidence. Munson v. United Tech. Corp., 28 Conn.App. 184, 188, 609 A.2d 1066 (1992).

Therefore, in order for you to find that the words or conduct of a Waterford agent or employee constituted a contract between the Plaintiffs and Waterford, for a definite period of time and terminable only for cause, you have to determine that the Plaintiffs established, by a fair preponderance of the credible evidence, that the employee or agent to whom the words or conduct is attributed was invested by Waterford with the authority to offer Plaintiffs those terms in an employment contract.

If you do not find that the Plaintiffs have met their burden on each element of the proofs required for this count, then you must return a verdict for the Defendant.

If you find that the Plaintiffs have met their burden on each element of the proofs required for this count, and you find that Waterford agreed upon an employment contract with one or more of the Plaintiffs for a specific duration and terminable only for cause, you must then determine whether Waterford breached such a contract. In this regard, if you first find that the employment contract was terminable only for cause, you would have to consider whether

Waterford had cause to terminate their employment.

The law provides that, if an employer must have cause for termination, this simply means that the employer is forbidden to act arbitrarily or capriciously. Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471, 475, 427 A.2d 385 (1980). That is, an employer who wishes to terminate an employee for cause must do nothing more than give a proper reason for dismissal." Id. An employer rightfully has managerial discretion in making such decisions and the right to make independent, good faith judgments. In making your decision, you cannot interfere with the legitimate exercise of managerial discretion." Gaudio v. Griffin Health Services Corp., 249 Conn. 523, 540 (1999).

Therefore, if you find that Waterford, in terminating the employment of the Plaintiffs (or any one of them), gave a proper reason for dismissal, then you must find for the Defendant Waterford on the First Count of Plaintiffs' complaint.

If you do return a verdict for the Plaintiffs, or any one of them, then you must assign damages for Defendant's breach.

In Connecticut, when an employee is prevented from fully performing because the employer wrongfully discharged him, the employee can recover the wages he would have earned under the terms of the contract, minus any wages which he has earned or could have earned elsewhere. Barry v. Posi-Seal Int'l, Inc., 40 Conn.App. 577, 581 (1996). An employee who has been terminated in breach of a contract has a duty to mitigate his damages. See, e.g., Ann Howard's Apricots Restaurant, Inc. v. Commission on Human Rights & Opportunities, 237

Conn. 209, 229, 676 A.2d 844 (1996). The discharged employee must use reasonable diligence in finding other suitable employment. Greenway v. Buffalo Hilton Hotel, 143 F.3d 47, 53 (2d Cir.1998).

Thus, if you find that Waterford breached an agreement, you must determine whether each of the Plaintiffs has used reasonable diligence to mitigate his damages. If Defendant establishes by a fair preponderance of the evidence that the individual Plaintiffs earned—or could have earned—wages elsewhere during the contract, you can subtract all such wages from your assignment of damages.

**B.     Instructions as to Count Two, alleging equitable and promissory estoppel:**

The Plaintiffs' Count Two is based on "equitable and promissory estoppel." Under the doctrine of promissory estoppel, a "promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." Restatement (Second), Contracts 90 (1973).

The important distinction between promissory estoppel and breach of contract is that under a promissory estoppel theory, the plaintiff does not claim the existence of a contract—only that the Defendant made a clear and definite promise upon which the plaintiff reasonably relied. Stewart v. Cendant Mobility Services Corporation, 267 Conn. 96 (2003). The specific statement upon which the plaintiff relied, however, must be sufficiently promissory and sufficiently definite so as to support contractual liability. Id. at 107.

7

In order to prevail in this case, therefore, the Plaintiffs must demonstrate by a fair preponderance of the evidence that the statements attributed to a Waterford employee as to the duration and other terms of their employment were sufficiently promissory and sufficiently definite so as to support contractual liability.

If you found that a contract did not exist in Count One because the terms such as duration of employment and grounds for termination were insufficiently definite, then you must find for the Defendant in Count Two.

If you find that the promise was sufficiently definite, you must then determine whether such promise upon which the Plaintiffs relied was made by an agent of the Defendant who was authorized by the Defendant to make such a promise which would commit the Defendant.

The mere existence of an employment relationship without more does not render statements of an employee admissible against an employer. Liebman v. Society of Our Lady of Mount St. Carmel, Inc., 151 Conn. 582, 586, 200 A.2d 721 (1964). Before evidence can be admitted to show what an agent said, it must be established that the agent was authorized by the principal to make an admission. Robles v. Lavin, 176 Conn. 281, 284, 407 A.2d 959 (1978). The agency relationship must be proved by a fair preponderance of the evidence. Id.

"Apparent authority must be derived not from the acts of the agent but from the acts of his principal. '[The] acts of the principal must be such that (1) the principal held the agent out as possessing sufficient authority to embrace the act in question, or knowingly permitted him to act as having such authority, and (2) in consequence thereof the person dealing with the agent,

8

acting in good faith, reasonably believed, under all the circumstances, that the agent had the necessary authority.' " Munson v. United Technologies Corp., Hamilton Standard Div., 28 Conn.App. 184, 188-89 (Conn.App. 1992).

Therefore, in order for you to find that the words or conduct of a Waterford employee constituted a clear and definite promise to the Plaintiffs, you have to determine that the Plaintiffs established, by a fair preponderance of the credible evidence, that the person to whom the promise is attributed was invested by Waterford with the authority to make such a promise.

### 1.    Instructions for damages as to promissory estoppel:

If you do return a verdict for the Plaintiffs on this Count, then you may assign damages.

In Connecticut, damages for promissory estoppel are limited to those arising in contract. D'Ulisse-Cupo, *supra*, 206 Conn. at 212-3, n. 1. Therefore, Plaintiffs' damages would be limited to those wages they would have earned under the terms of the contract, minus any wages which they earned or could have earned elsewhere. Barry v. Posi-Seal Int'l, Inc., 40 Conn.App. 577, 581 (1996). The burden of proof is on employer as to the latter. Id.

Therefore, if you find for the Plaintiffs, you may assign damages based upon wages the Plaintiffs would have earned for the term of the contract. If Defendant establishes by a fair preponderance of the evidence that Plaintiffs earned—or could have earned—wages elsewhere during the contract, you can subtract such wages from your assignment of damages.

### C.    Instructions as to Count Four, alleging negligent misrepresentation:

In this count, Plaintiffs claim that Defendant was negligent in its representations to Plaintiffs.

One who, in the course of his business, profession or employment supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information. The plaintiff need not prove that the representations made by the defendant were promissory. It is sufficient ... that the representations contained false information." Citino v. Redevelopment Agency, 51 Conn.App. 262, 273-74, 721 A.2d 1197 (1998). "There must be a justifiable reliance on the misrepresentation for a plaintiff to recover damages." Mips v. Becon, Inc., 70 Conn.App. 556, 558, (2002).

To find the Defendant liable for negligent misrepresentation, you would have to find, by a preponderance of the credible evidence, that the Plaintiffs established that the Defendant's representations (1) contained false information; (2) were negligently made; and (3) were justifiably relied upon by the Plaintiff. D'Ulisse-Cupo, *supra*, 202 Conn. at 218.

In addition, you must determine whether any representation which the Plaintiffs claim was false, negligently made, and justifiably relied upon, was made by an agent of the Defendant who was authorized by the Defendant to make such a representation which would commit the Defendant.

The mere existence of an employment relationship without more does not render statements of an employee admissible against an employer. Liebman v. Society of Our Lady of Mount St. Carmel, Inc., 151 Conn. 582, 586, 200 A.2d 721 (1964). Before evidence can be admitted to show what an agent said, it must be established that the agent was authorized by the principal to make an admission. Robles v. Lavin, 176 Conn. 281, 284, 407 A.2d 959 (1978). The agency relationship must be proved by a fair preponderance of the evidence. Id.

"Apparent authority must be derived not from the acts of the agent but from the acts of his principal. '[The] acts of the principal must be such that (1) the principal held the agent out as possessing sufficient authority to embrace the act in question, or knowingly permitted him to act as having such authority, and (2) in consequence thereof the person dealing with the agent, acting in good faith, reasonably believed, under all the circumstances, that the agent had the necessary authority.' " Munson v. United Technologies Corp., Hamilton Standard Div., 28 Conn.App. 184, 188-89 (Conn.App. 1992).

Therefore, in order for you to find that the words or conduct of an employee of Waterford constituted negligent misrepresentation by Waterford, you have to determine that the Plaintiffs established, by a fair preponderance of the credible evidence, that the employee or agent to whom the words or conduct is attributed was invested by Waterford with the authority to speak for it on the issue.

In addition, you would have to find that Plaintiffs suffered damage which was proximately caused by the Defendant's negligent misrepresentation.

11

"An actual cause that is a substantial factor in the resulting harm is a proximate cause of that harm." Ferndale Dairy, Inc. v. Geiger, 167 Conn. 533, 538, 356 A.2d 91 (1975). Proximate cause results from a sequence of events unbroken by a superseding cause, so that its causal viability continued until the moment of injury or at least until the advent of the immediate injurious force." Coburn v. Lenox Homes, Inc., 186 Conn. 370, 383, 441 A.2d 620 (1982).

Unless you find that the Plaintiffs met their burden of proof as to each and every element of this count, then you must return a verdict for the Defendant.

1.   **Damages.**

If you find that an employee or agent of Waterford, acting with authority to bind Waterford, negligently misrepresented facts as alleged by Plaintiffs, then you may consider Plaintiffs' damages. The measure of damages for misrepresentation is out-of-pocket loss. Martha Graham School v. Martha Graham Center, 224 F.Supp.2d 567 (2002), *citing* Lama Holding Co. v. Smith Barney, Inc., 88 N.Y.2d 413, 646 N.Y.S.2d 76, 668 N.E.2d 1370 (1996).

D.   **Instructions as to Count Five, alleging breach of good faith and fair dealing:**

In order to consider Plaintiffs' claims under this count, you must first have found that Plaintiffs established that an employment contract existed between them and Defendant. There can be no covenant of good faith and fair dealing in the absence of a contract. Therefore, if you find for Defendant on Count One, you may not consider the claims in Count Five.

If you found that a contract existed between Plaintiffs and Defendant, then you may consider whether Plaintiffs have met their burden of showing that the Defendant violated the

implied covenant of good faith and fair dealing by acting in bad faith when it terminated Plaintiffs' employment. Gupta v. New Britain General Hospital, 239 Conn. 574, 596 (1996).

"Bad faith in general implies both 'actual or constructive fraud, or design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive." Habetz v. Condon, 224 Conn. 231, 237 (1992). Since bad faith is equated with fraud, it is the Plaintiff's burden to establish this element by "clear and convincing" evidence, or specific, clear and unequivocal evidence.

In addition, you must determine once again as to this count whether any words or conduct attributed by the Plaintiffs to the Defendant was made by an agent of the Defendant who was authorized by the Defendant to make such a promise which would commit the Defendant.

The mere existence of an employment relationship without more does not render statements of an employee admissible against an employer. Liebman v. Society of Our Lady of Mount St. Carmel, Inc., 151 Conn. 582, 586, 200 A.2d 721 (1964). Before evidence can be admitted to show what an agent said, it must be established that the agent was authorized by the principal to make an admission. Robles v. Lavin, 176 Conn. 281, 284, 407 A.2d 959 (1978). The agency relationship must be proved by a fair preponderance of the evidence. Id.

"Apparent authority must be derived not from the acts of the agent but from the acts of his principal. '[The] acts of the principal must be such that (1) the principal held the agent out as possessing sufficient authority to embrace the act in question, or knowingly permitted him to act

13

as having such authority, and (2) in consequence thereof the person dealing with the agent, acting in good faith, reasonably believed, under all the circumstances, that the agent had the necessary authority.' " <u>Munson v. United Technologies Corp., Hamilton Standard Div.</u>, 28 Conn.App. 184, 188-89 (Conn.App. 1992).

Therefore, in order for you to find that the words or conduct of an employee of Waterford constituted a breach of any covenant of good faith and fair dealing by Waterford, you have to determine that the Plaintiffs established, by a fair preponderance of the credible evidence, that the employee to whom the words or conduct is attributed was invested by Waterford with the authority to speak for it on the issue.

Unless you find that Plaintiffs have met their burden of proof on each and every element of this count, you must return a verdict for the Defendant.

10485-1/381588