IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS P. PIPPETT, JR., <br> JOSEPH T. MCDONALD, and <br> JAMES J. ROSATO, IND. par. <br> t/a ECM ELECTRICAL <br> CONSTRUCTION, <br>       Plaintiffs, | : <br> : <br> : <br> : <br> : <br> : <br> : | CIVIL ACTION NO. <br> 3:01cv1716(MRK) |
| vs. | : <br> : | |
| WATERFORD DEVELOPMENT, LLC, <br>       Defendant. | : <br> : | |
| WATERFORD DEVELOPMENT, LLC, <br>       Third-Party Plaintiff, | : <br> : <br> : | |
| vs. | : <br> : | |
| THOMAS PIPPETT, SR., <br>       Third-Party Defendant. | : <br> : | AUGUST 4, 2004 |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE**

The Defendant and Third-party Plaintiff Waterford Development, LLC ("Waterford"), through its undersigned counsel, hereby files its memorandum of law in support of its motion for an order precluding Plaintiffs from introducing trial evidence in support of claims that their termination is tied to the ongoing federal investigation of members of the Rowland administration, and from introducing other prejudicial evidence in support of other issues that have not been alleged in their complaint.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

The substance of the above-captioned action is that the Plaintiffs, Thomas P. Pippett, Jr., Joseph T. McDonald and James J. Rosato, Individually and trading as ECM Electrical Construction, were employed by Waterford and that Waterford breached contractual and other duties when it terminated their employment after three months.

Plaintiffs are proceeding under the Second Amended Civil Action Complaint dated March 19, 2002 (the "Complaint"). The Complaint contained five counts, including, in Count Three, a claim of "Fraudulent Misrepresentation." However, Plaintiffs withdrew Count Three in response to Defendant's Motion to Dismiss (April 1, 2002) for failure to comply with the requirement of Federal Rules of Civil Procedure Rule 9(b). They have never repleaded after the withdrawal.

Nevertheless, in the exchanges between counsel in the preparation of the "Joint" Trial Memorandum[1], it has become apparent that Plaintiffs seek to introduce evidence at trial in support of a new theory that is not alleged in the Complaint.

As may be seen from portions of the "Joint" Trial Memo, Plaintiffs are proposing to examine witnesses Mark Wolman, Len Wolman, and Alan Angel, about their "relationship or

---

[1] In Defendant's view, this document is hardly prepared as a joint submission, inasmuch as a large portion of the Plaintiffs' contribution to the document was transmitted to Defendant, though its counsel, only three hours before it had to be filed. *See* Defendant's Motion For Extension Of Time To File Motions In Limine And Other Objections To Plaintiffs' Proposed Evidence And To File Objections To Plaintiffs' Proposed Jury Instructions And Jury Verdict Form, August 3, 2004.

involvement" with "the former Governor, his Chief of Staff, state officers, employees or agents involved in bids and awards of contracts for state projects and the overlap of contractors or state officials involved in the federal probe of corruption." Plaintiffs have listed, as "contingent witnesses," former Governor John Rowland and former Rowland staff member Lawrence Alibozek.[2]

Plaintiffs now contend that "the reasons given to them for termination were pretextual and . . . the evidence will show that the underlying reasons were caused by Defendant's malicious, reckless and/or grossly negligent behavior, all of which resulted in an undermining of the public trust, misuse of public funds and constituting acts contrary to public policy, thereby entitling Plaintiffs to punitive damages." See Plaintiffs' Statement of the Case, JTM 08/03/04 at p. 4.

Defendant listed its objection to this portion of the Plaintiffs' Statement of the Case, to which Plaintiffs replied:

> "Plaintiffs' punitive damages claim flows from Count IV (Negligent Misrepresentation) and Count V (Breach of Good Faith and Fair Dealing) in that the proof will show that "termination of employment [was] violative of an important public policy." Barry v. Posi-Seal Int'l, Inc., 672 A.2d 514, 520-521 (Conn. App. 1996).

---

[2] The likelihood that either of these "contingent witnesses" would actually testify at trial concerning anything remotely related to matters under federal investigation is remote, to say the least. Ex-Governor Rowland resigned from office while under investigation; he did not testify in connection with the General Assembly's impeachment inquiry and it is understood that he would invoke his Fifth Amendment privilege if subpoenaed in any case. Alibozek has been indicted and is awaiting sentencing. Alibozek's name has never even been mentioned in this case.

*Rome McGuigan Sabanosh, P.C.* • *Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

In addition, the JTM contains the following exchange concerning the anticipated testimonial evidence. Plaintiffs listed Waterford principal Mark Wolman as one of their witnesses, to be examined "as on cross", and asserted in pertinent part:

> Mark Wolman is expected to testify . . .[concerning] the hiring of project team members (including the Plaintiffs); the performance of Pippett, Sr. and other project team members (including the Plaintiffs); any and all discussions regarding the terms of employment of Pippett, Sr. and/or project team members (including the Plaintiffs); his involvement in the termination of Pippett, Sr. and the Plaintiffs; his relationship or involvement with the former Governor, his Chief of Staff, state officers, employees or agents involved in bids and awards of contracts for state projects and the overlap of contractors or state officials involved in the federal probe of corruption. . . ..

Defendant listed its objection as follows:

> Defendant's Objection: Defendant objects to the introduction of extraneous, inflammatory and prejudicial issues into this case on the eve of trial. Plaintiffs are attempting to interject claims that their termination is tied to the ongoing federal investigation of members of the Rowland administration. Such claims have never been asserted or advanced in Plaintiffs' complaint or in any subsequent pleadings. Plaintiffs should be precluded from pursuing such testimony either because it is irrelevant, FRE 402, or because its probative value is far exceeded by its prejudicial effect, FRE 403.

Plaintiffs' replied:

> Plaintiffs' punitive damages claim flows from Count IV (Negligent Misrepresentation) and Count V (Breach of Good Faith and Fair Dealing) in that the proof will show that "termination of employment [was] violative of an important public policy." Barry v. Posi-Seal Int'l, Inc., 672 A.2d 514, 520-521 (Conn. App. 1996). Discovery has already raised "other reasons for termination other than lack of work." Defendant lost this issue when summary judgment was denied in this case. Ruling and Order (Judge Kravitz), pp. 7-8. While proof of this conduct might be unfairly prejudicial if untrue, FRE 402 clearly would admit same. And under FRE 403, the probative value of proof of the true reason for termination would outweigh any danger of unfair prejudice. It is not true to say

4

these issues have not been asserted in affidavits in opposition to summary judgment, and any absence of reference to this evidence in the pleadings can be amended at or prior to trial to conform to the evidence presented. Fed.R.Civ.P. 15(b).

JTM pp. 7-8.

### B.  ARGUMENT

#### 1.  Plaintiffs Have Never Alleged Violation of an "Important Public Policy."

It is now apparent from the Plaintiffs' submissions in the JTM that they are relying on Barry v. Posi-Seal for the proposition that they can offer proof that their "termination of employment [was] violative of an important public policy," 672 A.2d 520-521, and that therefore they have an open field to bring in evidence concerning indeterminate public policy issues and their purported violation. Plaintiffs even contend that they should be permitted to amend their pleadings to conform to whatever evidence they may introduce to this effect. Their reliance on Barry v. Posi-Seal is misplaced, however.

The Appellate Court's decision in Posi-Seal denied recovery of an award of punitive damages for breach of the covenant of good faith and fair dealing in termination of an employment contract. The court posited that "where there is no allegation or proof that the termination of employment is violative of an important public policy, punitive damages cannot be recovered on a claim that a termination constituted a breach of the implied covenant of good faith and fair dealing contained in an employment contract." Id., 587-88.

5

*Rome McGuigan Sabanosh, P.C.* • *Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

Thus the general rule is that punitive damages are *not* recoverable for breach of the covenant of good faith and fair dealing in employment; and the presumed exception[3] to the rule is that such damages may be recoverable if some type of important public policy violation is alleged and proven. Plaintiffs here appear to believe that their case fits into this narrow exception. However, the Plaintiffs' Complaint does not contain any allegation of a public policy violation, important or otherwise. No "public policy" whatsoever is identified, and no conduct that is "violative" of an important public policy is identified.

Therefore, Plaintiffs should not be permitted to introduce evidence at trial in support of a theory that is (at best) disfavored under Connecticut law and that has not been articulated in Plaintiffs' Complaint.

Such testimony would, if permitted, be highly prejudicial and its probative value, if any, would be substantially outweighed by the unfair prejudice to Defendant, in violation of Federal Rules of Evidence § 403, and therefore should be excluded.

2.  **In the Absence of Allegations and Proof of Violation of an Important Public Policy, Plaintiffs May Not Recover Punitive Damages in Count Five; Hence, Evidence on this Claim Must be Excluded.**

In Count Five, which alleges a "breach of good faith and fair dealing," Plaintiffs demand judgment against Waterford "for compensatory, reliance, expectation, restitution, emotional distress, consequential damages and/or punitive damages....?" This is the only one of the four

---

[3] The Connecticut courts have not affirmatively adopted the doctrine that, if a public policy violation is sufficiently alleged, punitive damages are recoverable.

remaining counts seeking punitive damages. (Note that the dismissed Count Three, alleging fraud, <u>had</u> sought punitive damages. *See* ¶¶ 42-43.)

The <u>Barry v. Posi-Seal</u> decision cited by Plaintiffs clearly holds that no punitive damages are available under Connecticut law for a breach of the covenant of good faith and fair dealing – at least in the absence of allegation and proof of the violation of an important public policy. Since, as summarized above, there are no such allegations in the Complaint, the Plaintiffs cannot recover punitive damages, so that evidence proffered in support of a punitive damages award should be excluded as irrelevant and, again, unduly prejudicial. (Note that Plaintiffs separately list the damage remedies they are pursuing in the final paragraph of each count in the Complaint; they do not seek punitive damages in connection with their First, Second, or Fourth Counts; Count Three has been dismissed; and the punitive damage theory in the Fifth Count fails as a matter of law.)

### 3. Plaintiffs Should Be Precluded From Introducing Evidence In Support of Allegations Missing From Their Complaint.

In the JTM, Plaintiffs assert:

> Discovery has already raised "other reasons for termination other than lack of work." Defendant lost this issue when summary judgment was denied in this case. <u>Ruling and Order</u> (Judge Kravitz), pp. 7-8. While proof of this conduct might be unfairly prejudicial if untrue, FRE 402 clearly would admit same. And under FRE 403, the probative value of proof of the true reason for termination would outweigh any danger of unfair prejudice. It is not true to say these issues have not been asserted in affidavits in opposition to summary judgment, and any absence of reference to this evidence in the pleadings can be amended at or prior to trial to conform to the evidence presented. Fed.R.Civ.P. 15(b). *See* JTM at 8.

7

In other words, it appears that Plaintiffs are planning, either on the eve of trial or after its commencement, to move to amend their Complaint to include as-yet unspecified allegations in support of an unarticulated theory to the effect that Defendant violated an unspecified important public policy of unknown connection with Plaintiffs' claims. That is, they want the freedom to introduce evidence as to matters that are not alleged in their Complaint, and then the freedom to amend the Complaint so as to conform to whatever evidence they succeed in getting into the record. Defendant is obviously prejudiced by such tactics, and Plaintiffs should be precluded from offering trial evidence in support of matters outside the pleadings.

THE DEFENDANT AND
THIRD-PARTY PLAINTIFF,
WATERFORD DEVELOPMENT, LLC

_____
Andrew Houlding, Esq.
Federal Bar # (ct12137)
Rome, McGuigan P.C.
One State Street
Hartford, CT 06103
Phone: (860) 493-3468
Fax: (860) 724-3921
ahoulding@rms-law.com
Its Attorneys

*Rome McGuigan Sabanosh, P.C.* • Attorneys at Law
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

## CERTIFICATION

I hereby certify that I have caused a copy of the foregoing Memorandum of Law in support of Motion in Limine to be sent via facsimile, electronic mail, and by U.S. first class mail, postage prepaid on this 4th day of August, 2004 to the counsel listed below as follows:

Barbara J. Collins, Esq.
44 Capitol Avenue, Suite 402
Hartford, CT  06106

Gerald Jay Pomerantz, Esq.
Mark Scheffer, Esq.
Pomerantz, Scheffer & Associates
7th Floor, Stephen Girard Building
21 South 12th Street
Philadelphia PA  19107-3603

Norman Perlberger, Esq.
Perlberger Law Associates, P.C.
326 W. Lancaster Avenue, Suite 210
Ardmore, PA  19003

**and by U.S. mail only to:**

Brian C. Roche, Esq.
Pullman & Comley, LLC
850 Main Street
Bridgeport, CT  06604

_____
Andrew Houlding

10485-1/382351

*Rome McGuigan Sabanosh, P.C.* • *Attorneys at Law*
One State Street • Hartford, Connecticut  06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726