IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| THOMAS P. PIPPETT, JR.; <br> JOSEPH T. McDONALD; and <br> JAMES J. ROSATO, Ind. & t/a ECM <br> ELECTRICAL CONSTRUCTION, <br>     Plaintiffs | CIVIL ACTION <br><br> NO. 3:01CV1716(JCH) <br> (MRK) |
| vs. | |
| WATERFORD DEVELOPMENT, LLC, <br>     Defendant | |
| WATERFORD DEVELOPMENT, LLC <br>     Third-Party Plaintiff | |
| vs. | |
| THOMAS PIPPETT, SR. <br>     Third-Party Defendant | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR EXTENSION
OF TIME TO FILE MOTIONS IN LIMINE AND OTHER OBJECTIONS TO
PLAINTIFFS' PROPOSED EVIDENCE AND TO FILE OBJECTIONS TO
PLAINTIFFS' PROPOSED JURY INSTRUCTIONS AND JURY VERDICT FORM**

AND NOW, come the plaintiffs, by and through their attorneys, Pomerantz, Scheffer and

Associates, and Perlberger Law Associates, P.C., to respond to Defendant's Motion for

Extension of Time . . . and Jury Verdict Form. Initially, it should be stated that Plaintiffs do not

formally object to Defendant's request for additional time to file motions in limine and to raise objections to materials they only recently received. However, Plaintiffs file this Response to clarify any possible misperception of the level of cooperation and good faith efforts on both sides associated with the circumstances surrounding the parties' joint efforts to prepare and submit the Joint Trial Memorandum in accordance with the Court's instructions. Plaintiffs are compelled to file this Response because Defendant has utilized his motion to sway the Court into a mistaken belief that Plaintiffs have acted in an unprofessional manner ignoring this Court's directives. This is simply not so and the "facts" asserted by Defendant are distorted and one-sided in their presentation. Accordingly, Plaintiffs respond, as follows:

1. Plaintiffs initiated contact and discussions with Defendant concerning the need to coordinate exchange of trial exhibit lists (and the actual exhibits) and designation of witnesses for trial, as part of the parties' joint preparation of materials for the Joint Trial Memorandum. At that same time, Plaintiffs' counsel requested that, due to the fact that Attorneys Pomerantz and Perlberger are based in the greater Philadelphia area, Defendant's counsel undertake the responsibility of incorporating both parties' materials into a uniform, final document, and to arrange filing with the Court. Attorney Houlding agreed to this request.

2. Pursuant to the original scheduling order, counsel were to exchange copies of trial exhibits seven (7) days prior to the deadline for submission on the final Joint Trial Memorandum (i.e., July 20th, based on the original deadline of July 27th).

3. Prior to July 20th, Attorney Perlberger phoned Attorney Houlding and counsel mutually agreed to exchange trial exhibit lists only by July 20th.

4. Consistent with that understanding, by email dated 4:46 p.m. on Tuesday, July 20th,

Plaintiffs' counsel transmitted a draft version of Plaintiffs' Trial Exhibits List. (See attached email, Exhibit "A").

5. By email dated 9:11 p.m. that same date, Defendant's counsel transmitted a draft version of Defendant's Trial Exhibits List. (See attached email, Exhibit "A").

6. By email dated 2:44 p.m. on Wednesday, July 21st, Defendant's counsel transmitted a copy of Defendant's draft witness list. (See attached email, Exhibit "B").

7. By email dated 4:08 p.m. on Thursday, July 22nd, Plaintiff's counsel transmitted a copy of Plaintiffs' draft witness list. (See attached email, Exhibit "C").

8. By email dated 5:29 p.m. on Thursday, July 22nd, Defendant's counsel objected to Plaintiffs' "'proposed examination of witnesses regarding extraneous, inflammatory, and prejudicial issues such as the "relationship or involvement" of witnesses Mark Wolman, Len Wolman, Alan Angel "with the former Governor, his Chief of Staff, state officers, employees or agents involved in bids and awards of contracts for state projects and the overlap of contractors or state officials involved in the federal probe of corruption.'" Defendant's counsel also expressed objection to the listing of "contingent witnesses" (i.e., Alibozek, Rowland, and Meister), at that time. (See attached email, Exhibit "C")

9. Presumably, Defendant's anticipated motions in limine for which additional time has been requested will raise objections to evidence in these areas. Defendant has been aware of these matters since at least July 22nd, if not earlier. Plaintiffs and Third-Party Defendant Pippett, Sr. have attested to claims of other reasons for their termination of employment (e.g., possible improprieties in the awarding on consulting contracts, the amounts of consulting contracts, the number of consultants, etc.) both in deposition testimony and in affidavits attached to Plaintiffs'

-3-

responses in opposition to summary judgment. This Court's Order denying summary judgment likewise alerted Defendant to the presence of these claims.

10. Defendant's counsel promised, and did in fact, send copies of the trial exhibits identified in the first draft version of Defendant's Trial Exhibits List by overnight delivery which arrived on Friday, July 23rd.

11. Anticipating the logistical difficulties of coordinating preparation and exchange of all the items set forth in the scheduling order by the original deadline of July 27th, Plaintiffs' counsel contacted Defendant's counsel about the necessity for requesting a one week extension of the filing deadline for the Joint Trial Memorandum.

12. Defendant's counsel was unwilling to join in the Motion for Extension at that time, notwithstanding that Defendant had not yet supplied Plaintiff with any drafts of its contribution to any portions of the Joint Trial Memorandum other than Defendant's trial exhibits and witness list. Defendant's counsel did, however, not object to Plaintiffs' Motion for Extension, which was approved by the Court.

13. On Friday, July 30th, Defendant's counsel received an actual set of Plaintiffs' Trial Exhibits, in as set forth in the revised Plaintiffs' Exhibit List which reduced the number of exhibits by approximately forty (40%) percent; the revised exhibit list had been previously emailed to Defendant's counsel on July 27th. Due to large number of documents and pages, Plaintiffs' counsel had held off on sending the Exhibits Packet until substantially finalized.

14. By email dated 5:16 p.m., July 30th, Defendant's counsel transmitted Defendant' first draft of its version of the Joint Trial Memorandum, incorporating materials and statements provided by Plaintiffs with Defendant's materials and statements. Attorney Houlding also stated

-4-

that he would "supply proposed jury instructions and jury interrogatories by Tuesday morning." (See attached email, Exhibit "D").

15. Defendant's counsel had previously requested that Plaintiffs' counsel no longer send its submissions for the various sections of the Joint Trial Memo in piecemeal fashion (which was done to expedite exchange of information and to promote cooperative discussion), but to send everything together.

16. Recognizing and appreciating Attorney Houlding's professional courtesy in finalizing and filing the final draft of the Parties' Joint Trial Memorandum, by email dated 2:13 p.m. on Tuesday, August 3rd, Plaintiffs' counsel transmitted Plaintiffs' revision of the Defendant's draft version of the Joint Trial Memorandum, together with a copy of Plaintiffs' proposed jury instructions. Plaintiffs' counsel also acknowledged receipt of Defendant's email dated 12:52 p.m. that same date which attached (for the first time) Defendant's proposed jury instructions. (See email attached, Exhibit "E").

17. Notwithstanding Attorney Houlding's representation that Defendant's proposed "jury interrogatories" would be provided by Tuesday morning (see attached email, Exhibit "D"), August 3rd, Defendant never provided nor raised any desire to discuss joint preparation of a Jury Verdict Form. Consequently, Plaintiffs submitted their own proposed Jury Verdict Form at the time of the return of the revised Joint Trial Memorandum.

18. Both sides have been working hard to attempt to comply with this Honorable Court's requirements for the Joint Trial Memorandum. However, notwithstanding Attorney Houlding's attempt to characterize the relationship as one where Plaintiffs have been holding things up, it has been Plaintiffs' counsel that has incessantly proactively raised the issues pertaining to the specifics

of what is requested in the Scheduling Order and the necessity to prepare and discuss the various materials and information requested by the Scheduling Order.

19. To the extent that Defendant seeks an extension of time to file its own Proposed Verdict Form, and to object to Plaintiffs' Proposed Jury Instructions, Jury Voir Dire, and Proposed Verdict Form, Plaintiffs have no objection. However, if the Court grants Defendant's request, Plaintiffs request an equivalent period of time from the receipt of Defendant's Proposed Verdict Form to raise objections to same.

WHEREFORE, based on the foregoing Response, Plaintiffs respectfully request that the Court accept the Joint Trial Memorandum as filed, to be supplemented by Defendant's suggested verdict slip and/or motions in limine, and Plaintiffs given a corresponding time to file appropriate objections and/or responses, the existing schedule for pretrial conference and trial to remain.

Respectfully submitted,

| POMERANTZ & SCHEFFER | PERLBERGER LAW ASSOCIATES, P.C. |
|---|---|
| *[signature]* | *[signature]* |
| Gerald Jay Pomerantz, Esquire | Norman Perlberger, Esquire |
| 21 South 12th Street, Suite 700 | 326 W. Lancaster Avenue, Suite 210 |
| Philadelphia, PA 19107-3603 | Ardmore, PA 19003 |
| Phone: (215) 569-8866 | Phone: (610) 645-0900 |
| Fax: (215) 568-6511 | Fax: (610) 645-9240 |
| Dated: 8/5/04 | (Attorneys for Plaintiffs) |



michaelwjonesesq@msn.com                                    Printed: Wednesday, August 4, 2004 2:27 PM

**From :**    Andrew Houlding <ahoulding@rms-law.com>
**Sent :**    Tuesday, July 20, 2004 9:11 PM
**To :**      'michael jones' <michaelwjonesesq@msn.com>
**Subject :** RE: Pippett - Plaintiffs' Trial Exhibits List

📎 Attachment : 86@B01!.DOC (0.04 MB)

I received Gerry's proposed list. It is of course so voluminous that it
will take me several more hours to analyze it. After a preliminary review,
I am forwarding the attached list of anticipated Defendant exhibits.

Concerning P-155-59, I have requested these documents from the Defendant,
but I have made no commitment to provide them. We will give it careful
consideration.

Please transmit your proposed witness list as soon as possible. I will
provide my witness list in the morning.


Andrew Houlding (ahoulding@rms-law.com)
Rome McGuigan, P.C.
One State Street, 13th Floor
Hartford, CT 06103

Direct Line (860) 493-3468; Wireless (203) 668-6415; Facsimile (860)
724-3921.

PRIVILEGE AND CONFIDENTIALITY NOTICE

The information in this electronic mail is intended for the addressed
recipient(s) only. This email may contain privileged and confidential
material from the law firm of Rome McGuigan, P.C. If you are not the
intended recipient, please be advised that any disclosure, copying,
distribution or use of the contents of this information is prohibited. If
you have received this email in error, please notify the sender immediately
by replying to this email or by telephone. Thank you.


-----Original Message-----
From: michael jones [mailto:michaelwjonesesq@msn.com]
Sent: Tuesday, July 20, 2004 4:46 PM
To: Andrew Houlding
Cc: perlberglaw@aol.com; gjpomlaw@hotmail.com
Subject: Pippett - Plaintiffs' Trial Exhibits List

Andy,

Norm asked me to email you an attached copy of Plaintiffs' Trial Exhibits
List in the Pippett litigation. Please call us (215-569-8866) if there is
any problem with the file. We look forward to receiving Defendant's Trial
Exhibits List by return fax.

Very truly yours,

Michael W. Jones, Esq.




### EXHIBIT "A"


http://by3fd.bay3.hotmail.msn.com/cgi-bin/getmsg?curmbox=F000000001&a=9d8f1e7fc6f...    8/5/2004

 **Hotmail**®

michaelwjonesq@msn.com                                      Printed: Wednesday, August 4, 2004 2:27 PM

**From :**     Andrew Houlding <ahoulding@rms-law.com>
**Sent :**     Wednesday, July 21, 2004 2:44 PM
**To :**       'michael jones' <michaelwjonesq@msn.com>
**Subject :**  For Gerry Pomerantz -- Pippett v. WDLLC Draft Witness List

📎 Attachment : 86@C01!.DOC (0.04 MB)

Attached please find defendant's draft witness list. I have not received a witness list from you, please forward asap. This will also be transmitted via facsimile. <<86@C01!.DOC>>

Andrew Houlding (ahoulding@rms-law.com)

Rome McGuigan, P.C.

One State Street, 13th Floor

Hartford, CT 06103

Direct Line (860) 493-3468; Wireless (203) 668-6415; Facsimile (860) 724-3921.

**PRIVILEGE AND CONFIDENTIALITY NOTICE**

The information in this electronic mail is intended for the addressed recipient(s) only. This email may contain privileged and confidential material from the law firm of Rome McGuigan, P.C. If you are not the intended recipient, please be advised that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this email in error, please notify the sender immediately by replying to this email or by telephone. Thank you.

**EXHIBIT "B"**


**Hotmail**

michaelwjonesq@msn.com                                Printed: Wednesday, August 4, 2004 2:25 PM

**From :**     Andrew Houlding <ahoulding@rms-law.com>
**Sent :**     Thursday, July 22, 2004 6:12 PM
**To :**       'michael jones' <michaelwjonesesq@msn.com>
**CC :**       'Barbara Collins' <barbcollins@mac.com>, Victoria Montalvo <VMontalvo@rms-law.com>
**Subject :**  RE: For Gerry Pomerantz/Pippett/Jennings v. WDLLC

```
To the extent I reached any such understanding, it was on the premise that
you would be identifying documents that we have in our possession.  One
problem is that your list includes documents that don't correspond to Bates
stamped documents in our possession.

Andrew Houlding  (ahoulding@rms-law.com)
Rome McGuigan, P.C.
One State Street, 13th Floor
Hartford, CT 06103

Direct Line (860) 493-3468; Wireless (203) 668-6415; Facsimile (860)
724-3921.

PRIVILEGE AND CONFIDENTIALITY NOTICE

The information in this electronic mail is intended for the addressed
recipient(s) only. This email may contain privileged and confidential
material from the law firm of Rome McGuigan, P.C. If you are not the
intended recipient, please be advised that any disclosure, copying,
distribution or use of the contents of this information is prohibited. If
you have received this email in error, please notify the sender immediately
by replying to this email or by telephone. Thank you.


-----Original Message-----
From: michael jones [mailto:michaelwjonesesq@msn.com]
Sent: Thursday, July 22, 2004 5:45 PM
To: Andrew Houlding
Cc: gjpomlaw@hotmail.com; perlberglaw@aol.com; barbcollins@mac.com
Subject: RE: For Gerry Pomerantz/Pippett/Jennings v. WDLLC

Andy,

This is to serve as a response to your complaint about not yet having
received "actual copies" of Plaintiffs' Exhibits in your office when you had

an understanding with Attorney Perlberger that the parties would only
exchange trial exhibit lists by Tuesday, July 20th.

Truly yours,

Michael W. Jones, Esq.


You wrote:

>At about 4:45 p.m. today (7/22) I received your Plaintiffs' Witness List.
>We object to your proposed examination of witnesses regarding extraneous,
>inflammatory, and prejudicial issues such as the "relationship or
>involvement" of witnesses Mark Wolman, Len Wolman, Alan Angel "with the
>former Governor, his Chief of Staff, state officers, employees or agents
>involved in bids and awards of contracts for state projects and the overlap
>of contractors or state officials involved in the federal probe of
>corruption."  We will move to preclude the introduction of any evidence
>whatsoever along these lines.  We also object to the listing of "contingent
```

**EXHIBIT "C"**

http://by3fd.bay3.hotmail.msn.com/cgi-bin/getmsg?curmbox=F000000001&a=9d8f1e7fc6f...    8/5/2004

```
>witnesses" who, as you are well aware, have never been identified as
>potential witnesses in this case.
>
>We are transmitting by Federal Express copies of the Exhibits that we
>propose to introduce. We still have not received "actual copies" of
>Plaintiffs' Exhibits from your office. Although I believe that we are in
>possession of many of your proposed exhibits, there are numerous documents
>that have been identified as Plaintiff's Exhibits that, to the best of my
>knowledge, have never been disclosed to us.
>
>We reserve all rights to challenge the introduction of any and all exhibits
>that do not conform to the Court's order.
>
>Andrew Houlding (ahoulding@rms-law.com)
>Rome McGuigan, P.C.
>One State Street, 13th Floor
>Hartford, CT 06103
>
>Direct Line (860) 493-3468; Wireless (203) 668-6415; Facsimile (860)
>724-3921.
>
>PRIVILEGE AND CONFIDENTIALITY NOTICE
>
>The information in this electronic mail is intended for the addressed
>recipient(s) only. This email may contain privileged and confidential
>material from the law firm of Rome McGuigan, P.C. If you are not the
>intended recipient, please be advised that any disclosure, copying,
>distribution or use of the contents of this information is prohibited. If
>you have received this email in error, please notify the sender immediately
>by replying to this email or by telephone. Thank you.
>
>
>-----Original Message-----
>From: michael jones [mailto:michaelwjonesesq@msn.com]
>Sent: Thursday, July 22, 2004 4:08 PM
>To: Andrew Houlding
>Subject: RE: For Gerry Pomerantz/Pippett/Jennings v. WDLLC
>
>Andy,
>
>Attached please find a file copy of Plaintiffs' Witness List, which I will
>also fax to you shortly.
>
>Truly yours,
>
>Michael W. Jones, Esq.
>
```

 **Hotmail**

michaelwjonesq@msn.com                                              Printed: Wednesday, August 4, 2004 2:15 PM

**From :** Andrew Houlding <ahoulding@rms-law.com>
**Sent :** Friday, July 30, 2004 5:16 PM
**To :** "michael jones" <michaelwjonesq@msn.com>, <barbcollins@mac.com>, <perlberglaw@aol.com>
**Subject :** ATTACHED DRAFT JOINT TRIAL MEMO

Attachment : 868P01!.DOC (0.27 MB)

PLEASE FIND ATTACHED OUR DRAFT OF THE MEMO, INCORPORATING PLAINTIFFS' EXHIBITS AS OF 5:05 P.M. AND DEFENDANT'S OBJECTIONS. WE WILL SUPPLY PROPOSED JURY INSTRUCTIONS AND JURY INTERROGATORIES BY TUESDAY MORNING. I WILL MONITOR EMAILS OVER THE WEEKEND AND ON MONDAY BUT WILL BE IN AN ALL DAY MEDIATION OUTSIDE THE OFFICE ON MONDAY. <<868P01!.DOC>>

Andrew Houlding (ahoulding@rms-law.com)

Rome McGuigan, P.C.

One State Street, 13th Floor

Hartford, CT 06103

Direct Line (860) 493-3468; Wireless (203) 668-6415; Facsimile (860) 724-3921.

**PRIVILEGE AND CONFIDENTIALITY NOTICE**

The information in this electronic mail is intended for the addressed recipient(s) only. This email may contain privileged and confidential material from the law firm of Rome McGuigan, P.C. If you are not the intended recipient, please be advised that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this email in error, please notify the sender immediately by replying to this email or by telephone. Thank you.

**EXHIBIT "D"**



michaelwjonesesq@msn.com                                              Printed: Wednesday, August 4, 2004 6:17 PM

**From :**     Andrew Houlding <ahoulding@rms-law.com>
**Sent :**     Tuesday, August 3, 2004 12:52 PM
**To :**       "michael jones" <michaelwjonesesq@msn.com>, <Perlberglaw@aol.com>, "Barbara_J. Collins" <barbcollins@mac.com>
**Subject :**  Defendant's proposed draft jury instructions attached.

📎 Attachment : 86F_01!.DOC (0.09 MB)

<<86F_01!.DOC>>

Andrew Houlding (ahoulding@rms-law.com)

Rome McGuigan, P.C.

One State Street, 13th Floor

Hartford, CT 06103

Direct Line (860) 493-3468; Wireless (203) 668-6415; Facsimile (860) 724-3921.

**PRIVILEGE AND CONFIDENTIALITY NOTICE**

The information in this electronic mail is intended for the addressed recipient(s) only. This email may contain privileged and confidential material from the law firm of Rome McGuigan, P.C. If you are not the intended recipient, please be advised that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this email in error, please notify the sender immediately by replying to this email or by telephone. Thank you.

**EXHIBIT "E"**

| | |
|---|---|
| Gerald Jay Pomerantz, Esquire<br>POMERANTZ & SCHEFFER,<br>Associates in Discrimination Law<br>Identification No. 03636<br>7th Floor, Stephen Girard Building<br>21 South 12th Street<br>Philadelphia, PA   19107-3603<br>(215) 569-8866 | Attorneys for Plaintiff |

## IN THE UNITED STATES DISTRICT COURT

### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS P. PIPPETT, JR.;**<br>**JOSEPH T. McDONALD; and**<br>**JAMES J. ROSATO, Ind. & t/a ECM**<br>**ELECTRICAL CONSTRUCTION** | : | CIVIL ACTION |
| vs. | : | |
| **WATERFORD DEVELOPMENT, LLC** | : | NO. 3:01-cv-1716 (JCH) |

### CERTIFICATION

GERALD JAY POMERANTZ, ESQUIRE, hereby certifies that service of a true and correct copy of Plaintiffs' Plaintiffs' Response to Defendant's Motion for Extension of Time to File Motions in Limine and Other Objections was made this date by fa`x and first-class mail to the following:

| | |
|---|---|
| Andrew Houlding, Esquire<br>Rome McGuigan Sabanosh, P.C.<br>1000 Lafayette Boulevard<br>Bridgeport, CT   06604 | Barbara J. Collins, Esquire<br>44 Capitol Avenue<br>Suite 402<br>Hartford, CT   06106 |

GERALD JAY POMERANTZ, ESQUIRE

DATED: 8/5/04

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS P. PIPPETT, JR.; <br> JOSEPH T. McDONALD; and <br> JAMES J. ROSATO, Ind. & t/a ECM <br> ELECTRICAL CONSTRUCTION, <br>     Plaintiffs | : <br> : <br> : <br> : <br> : <br> : | CIVIL ACTION <br><br> NO. 3:01CV1716(JCH) <br> (MRK) |
| vs. | : : | |
| WATERFORD DEVELOPMENT, LLC, <br>     Defendant | : <br> : <br> : | |
| WATERFORD DEVELOPMENT, LLC <br>     Third-Party Plaintiff | : <br> : <br> : | |
| vs. | : : | |
| THOMAS PIPPETT, SR. <br>     Third-Party Defendant | : <br> : | |

## ORDER

AND NOW, this ___ day of _____, 200__, after considering the merits of Defendant's Motion for Extension of Time and Plaintiffs' response thereto, the Parties Joint Trial Memorandum is accepted as filed, and Defendant shall have until August 10, 2004, to file any motions in limine, and until _____, 2004 to file any suggested verdict form and/or objections to Plaintiffs' proposed jury instructions, voir dire, and verdict form. Plaintiffs are given a corresponding time, or until _____, 2004 to file any responses to any motions in limine, and until _____, 2004 to file any objections and/or responses to Defendant's suggested verdict form and proposed jury instructions.

The existing schedule for pretrial conference and trial remain.

                                                                                                                         J.