UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **THOMAS P. PIPPETT, JR.,** | : | **CIVIL CASE NO.** |
| **JOSEPH T. MCDONALD,** and | : | **3:01cv1716(MRK)** |
| **JAMES J. ROSATO, IND. par.** | : | |
| t/a **ECM ELECTRICAL** | : | |
| **CONSTRUCTION,** | : | |
| Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | |
| **WATERFORD DEVELOPMENT, LLC,** | : | |
| Defendant and Third-Party Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| **THOMAS PIPPETT, SR.,** | : | |
| Third-Party Defendant. | : | |
| | | |
| **DARLENE JENNINGS,** | : | **CIVIL CASE NO.** |
| Plaintiff, | : | **3:02cv1937(MRK)** |
| | : | |
| vs. | : | |
| | : | |
| **WATERFORD DEVELOPMENT, LLC,** | : | |
| Defendant. | : | |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION
TO DEFENDANT'S MOTION IN LIMINE**

   Defendant has filed a Motion in Limine attempting to preclude any evidence that would establish that the alleged termination of Plaintiffs for reason of "lack of work" was pretextual. In placing before the jury what most likely prompted Defendant to act so abruptly and without notice, Plaintiff will proffer evidence that Thomas Pippett, Sr. ("Pippett"), the Project Director was charged with the responsibility of overseeing the Adriaen's Landing

1

Project, including that of "watchdog" over the cost of the project through its component contractors and consultants. In the course of that function, Pippett learned of and questioned the propriety of line items in the budget and negotiations for contracts that seemed "excessive". These contracts, negotiated by state officials, were within the ambit of Pippett's oversight responsibilities.

This is not "new" information to the Defendant. In the section of this Court's Ruling and Order of February 27, 2004 bearing the heading of "Proper For-Cause Termination", the Court first confirmed that "lack of work" can constitute good cause for termination. In denying summary judgment, however, the Court went on the say:

> However, [Plaintiffs] contest Waterford's assertion that lack of work was the true reason for the terminations in this case, and **they have presented sufficient evidence** at this stage of the proceeding to create a genuine issue of material fact as to the actual reason for their terminations and in particular whether lack of work was the real reason. (emphasis added) Ruling at 7-8.

In denying its motion for summary judgment as to Count V for breach of Waterford's duty of good faith and fair dealing, the Court said:

> The parties agree that this cause of action is governed by the same standard that governs Plaintiffs' claim for breach of their alleged for-cause employment contracts – namely, the arbitrary, capricious or bad faith standard. Ruling at 11.

Under both the "for-cause" and "good faith and fair dealing" standards relating to termination of employment, the appellate courts in Connecticut have recognized the right to punitive damages said termination "is violative of an important public policy". Barry v. Posi-Seal, 672 A.2d 514, 587-88 (Conn. App. 1996). The actual quote in Barry explained why in that case punitive damages would not be appropriate, i.e., "where there is no allegation **or** proof" that termination was violative of public policy. (emphasis added) Id. Furthermore, in permitting Plaintiffs to proceed with their count for negligent misrepresentation, if such evidence rises to

2

the level of gross negligence, recklessness and wanton disregard, then punitive damages would be appropriately awarded.

Plaintiffs discussed, in their Memorandum and Sur-Reply Memorandum in Opposition to Defendant's Motions for Summary Judgment, the factual predicates that the trial evidence will establish for the above claims that their terminations were "arbitrary", not for good cause and prompted by other malicious and surreptitious reasons – all of which, if believed by the jury, will prove that Plaintiffs terminations were against "important public policy", i.e., done in order to arrest suspicions around the award of contracts and the excessive costs of certain portions of the project . See Memorandum, pp. 9-10, Sur-Reply in its entirety.  The arguments set forth in the opposition memoranda were supported by affidavits referenced therein. See, Pippett, Sr. Affidavit, para. 6; Pippett, Jr. Affidavit, paras. 10-11; Rosato Supplemental Affidavit, para. 5. They were supplemented by deposition testimony. Pippett, Sr., 12/4/02, N.T. 127, 174-175.

It is respectfully submitted that Defendant will fail dismally in proving that there was a "lack of work" justifying Plaintiffs' termination. It will be their burden to do so. Deposition testimony and affidavits contra this assertion pepper Plaintiffs' Memorandum in Opposition to Motions for Summary Judgment. Plaintiffs will prove that they were individually and collectively immersed in the project, had ongoing responsibilities and scheduled activities, all of which were appropriate and critical to each scheduled phase of the project. Plaintiffs assert that it will be obvious to the trier-of-fact that Pippett, Sr. was hired to put together a project team quickly so as to satisfy overdue state requirements in getting the project off the ground, that Defendant's intent was to "cherry-pick" from among the team members and layoff Pippett, Sr. and his closest associates.

**Plaintiffs' Arguments Contra Defendant's Reasons for Preclusion**

**1. Plaintiffs should not be barred seeking punitive damages.**

Defendant argues that Plaintiffs should somehow be barred in their pursuit of punitive damages for reason that they have not used the pivotal words "important public policy" in their Complaint.

While quoting the right portion of Barry to the Court on when punitive damages may be recovered in a termination of employment case, Defendant then perverts and distorts this controlling case. Barry requires the predicate of "allegation or proof" that termination was violative of public policy. Defendant argues that the case precludes recovery unless "some type of public violation is alleged **and** proven" (emphais added). Plaintiffs do not dispute the fact that they have the burden of proof, a burden they are anxious to assume and discharge. The case does not require that both allegation and proof be required.

Testimony or evidence that would tend to prove that termination of the Plaintiffs was motivated by a plan to cover up spending improprieties countenanced or furthered by state officials for personal gain or favor would certainly be "prejudicial", but it is respectfully submitted, the probative value of this evidence would override the purposes of FRE 403. It would go, instead, to the heart of Plaintiffs' punitive damage claims.

Defendant argues at p. 6 that Plaintiffs' "theory" is "disfavored under Connecticut law". On the contrary, Connecticut law does not favor corruption, misdealing and economic losses suffered by those who might discover and arrest such behavior.

**2. Defendant improperly argues that both allegation and proof are necessary.**

Furthering its distortion of the Barry holding, Defendant then argues that the absence of a

4

clear allegation in the pleadings that Defendant's conduct was violative of "public policy" is fatal to its punitive damage claims.

Defendant admits that Plaintiffs requested punitive damages in Count V for breach of the implied covenant of good faith and fair dealing. This Court denied Defendant's motion for summary judgment as to this Count. Defendant points out that in none of the other counts are punitive damages sought expressly. This is true, however, the degree of negligence that Defendant's conduct may rise to is certainly within the purview of the Count of "Negligent Misrepresentation". To the extent that Plaintiffs' allegations are deficient, Rule 15 of the Federal Rules of Civil Procedure provides for amendment of pleadings at any stage of the proceedings in order to conform to the evidence. This may be done orally, even during the course of the trial. Kontrick v. Ryan, 124 S. Ct. 906, 918 (U.S. 2004).

As stated above, Plaintiffs have asserted the factual bases for these claims from the very beginning and this Court's Ruling and Order reflect "sufficient evidence" to proceed to trial on Waterford's "real reasons" for termination. If true, these reasons would be violative of important public policy.

### 3. Plaintiffs should not be precluded from introducing evidence through identified witnesses as described in the Joint Trial Management Report.

Plaintiffs have already, through the testimony/affidavits of Pippett, Sr., Pippett, Jr. and Rosato, established a factual predicate for their claims. Plaintiffs intend to call "as on cross" Mark Wolman, Len Wolman, and Alan Angel to inquire into their "relationship or involvement" with "the former Governor, his Chief of Staff, state officers, employees or agents involved in bids and awards of contracts for state projects and the overlap of contractors or state officials involved in the federal probe of corruption." Pre-trial depositions have already determined that state officials, including the Governor, met regularly with Waterford principals in connection

5

with this project. In addition, the Project Team, as established by the Memorandum of Understanding and Development Agreement (both identified in the Joint Trial Management Report, consisted of only four individuals (three of which were state officials) and any "stalemate" in their decisions were determined by the Governor.

The Joint Trial Management Report identifies these witnesses and describes in general what they will be asked to testify upon relevant both to Plaintiffs' defense negating the "for-cause" reason asserted by Waterford and to their punitive damage claims.

As for the "contingent witnesses", Plaintiffs will not call them to the stand unless an adequate foundation has been built by Plaintiffs and, certainly, the trial court's province encompasses a requirement that a party provide an offer of proof when a given witness is called to the stand. To rule in limine before any evidence has been placed before the trier-of-fact, it is respectfully submitted, would be entirely prejudicial and unfair to the Plaintiffs' case.

This Court should reject any implied argument by Defendant that calling former Governor Rowland and his Chief-of-Staff, Lawrence Alibozek, would provide nothing more than a forum for their invocation of the Fifth Amendment. The questions posed to these witnesses, at a point in the trial when their possible participation would have been narrowly framed by other witnesses and documentary evidence, should be easily fielded if there is no truth or basis for Plaintiffs' claims.

They can simply deny any improprieties in any relationships with Waterford, its contractors and consultants on the Adriaen's Landing Project. They can simply deny any improper activities related to the persons or entities which Plaintiffs suspected in the course of their employment and brought to the attention of Waterford representatives or state officials connected with the Project. If, on the other hand, their answers would incriminate them and

prove that Plaintiffs were on the right track and were thereby terminated to prevent further exposure or impediment of such improprieties, such evidence would be admissible and, undoubtedly damaging to Defendant.

## Conclusion

For the foregoing reasons, Defendant's Motion in Limine should be DENIED.

Respectfully submitted,

By:_____
   Gerald Jay Pomerantz, Esquire
   Pomerantz & Scheffer
   21 South 12th Street, Suite 700
   Philadelphia, PA 19107
   Tel. (215) 569-8866
   Fax (215) 568-6511
   Email: (gjpomlaw@hotmail.com)


By:_____
   Norman Perlberger, Esquire
   Perlberger Law Associates, P.C.
   326 W. Lancaster Avenue, Suite 210
   Ardmore, PA 19003
   Tel. (610) 645-0900
   Fax (610) 645-9240
   Email: (perlberglaw@aol.com)

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **THOMAS P. PIPPETT, JR.,** | : | CIVIL CASE NO. |
| **JOSEPH T. MCDONALD, and** | : | 3:01cv1716(MRK) |
| **JAMES J. ROSATO, IND. par.** | : | |
| **t/a ECM ELECTRICAL** | : | |
| **CONSTRUCTION,** | : | |
|     **Plaintiffs,** | : | |
| | : | |
| vs. | : | |
| | : | |
| **WATERFORD DEVELOPMENT, LLC,** | : | |
|     **Defendant and Third-Party Plaintiff,** | : | |
| | : | |
| vs. | : | |
| | : | |
| **THOMAS PIPPETT, SR.,** | : | |
|     **Third-Party Defendant.** | : | |
| | | |
| **DARLENE JENNINGS,** | : | CIVIL CASE NO. |
|     **Plaintiff,** | : | 3:02cv1937(MRK) |
| | : | |
| vs. | : | |
| | : | |
| **WATERFORD DEVELOPMENT, LLC,** | : | |
|     **Defendant.** | : | |

## **ORDER**

AND NOW, this ___ day of _____, 2004, upon review and consideration of Defendant's Motion in Limine and Plaintiffs' response in opposition thereto, it is hereby ORDERED that Defendant's Motion in Limine is DENIED.

BY THE COURT:

_____
J.