IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS P. PIPPETT, JR., | : | CIVIL ACTION NO. |
| JOSEPH T. MCDONALD, and | : | 3:01cv1716(MRK) |
| JAMES J. ROSATO, IND. par. | : | |
| t/a ECM ELECTRICAL | : | |
| CONSTRUCTION, | : | |
|     Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | |
| WATERFORD DEVELOPMENT, LLC, | : | |
|     Defendant. | : | |
| | | |
| WATERFORD DEVELOPMENT, LLC, | : | |
|     Third-Party Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| THOMAS PIPPETT, SR., | : | |
|     Third-Party Defendant. | : | AUGUST 24, 2004 |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO REVOKE ITS
PRIOR PARTICIPATION IN THE JOINT MOTION TO CONSOLIDATE FOR TRIAL
THE PIPPETT V. WATERFORD AND JENNINGS V. WATERFORD CASES**

The Defendant and Third-party Plaintiff Waterford Development, LLC ("Waterford"),

through its undersigned counsel, hereby files its Memorandum of Law in Support of its Motion

to Revoke its Prior Participation in the Joint Motion to Consolidate for trial the Pippett, et al. v.

Waterford (3:01cv1716) and Jennings v. Waterford (3:02cv1937) cases.   Defendant wishes to

revoke its participation in the Joint Motion to Consolidate, in light of the fact that Jennings is

not on the jury docket while the Pippett case is to be heard by a jury.  In taking this position,

Defendant, through its undersigned counsel, avers that it was not until the preparation of the Joint Trial Memorandum in what was anticipated to be a consolidated, jury trial, that Defendant realized that <u>Jennings</u> was not on the jury docket and had never been timely claimed to the jury.

> 1.    **Consolidation Is Inappropriate Because It Will Not Significantly Conserve Judicial Resources And Will Likely Lead To Jury Confusion And Prejudice To Defendant.**

Trying the <u>Jennings</u> case in front of the jury, but reserving the factual issues in that case for decision by the court, will not serve to promote judicial economy and will likely create jury confusion and prejudice to one or more of the parties.

> Whether to grant a motion to consolidate under Rule 42 (a) [of the Federal Rules of Civil Procedure] is in the trial court's discretion. . . .  The party moving for consolidation bears the burden of proving that consolidation is desirable. . . .  In deciding whether to grant a motion to consolidate, the Court should initially determine that the cases to be consolidated 'involv[e] a common question of law or fact.  Fed. R. Civ. P. 42 (a).  If the cases involve a common question of law or fact, *the Court should then weigh the interests of judicial convenience in consolidating the cases against the delay, confusion, and prejudice consolidation might cause.*

(Citations omitted; emphasis added.)  <u>Servants of Paraclete v. Great American</u>, 866 F. Supp. 1560, 1572 (D. New Mexico (1994).

Defendant is mindful of the interests of judicial economy – that was the reason, after all, for its willingness to consolidate the cases before it was noted that <u>Jennings</u> was not on the jury docket – but Defendant considers that its interests will be prejudiced by consolidation in these circumstances.  If the <u>Jennings</u> and <u>Pippett</u> cases are tried together, evidence concerning Jennings' employment and the termination of that employment (which occurred a month after

2

the termination of the <u>Pippett</u> plaintiffs) improperly might be taken into account by the jury in

deliberating over the claims of the <u>Pippett</u> Plaintiffs, potentially to Defendant's prejudice.  It is

for this reason that federal courts have refused to consolidate jury cases with non-jury cases.

<u>See, e.g., Servants of Paraclete v. Great American</u>, *supra*, 866 F. Supp. 1560.

> Federal courts have often declined to consolidate cases requiring two different
> factfinders.  <u>See, e.g., United States E.P.A. v. City of Green Forest</u>, 921 F.2d 1394,
> 1403 (8th Cir. 1990); <u>Whiteman v. Pitrie</u>, 220 F.2d 914, 918 (5th Cir. 1955).  The
> principle rationale for denying motions to consolidate jury and non-jury cases is that
> jury confusion and prejudice would likely result should the jury hear testimony
> irrelevant to the issues it must adjudicate.  And while the Court could take steps to
> shield the jury from confusing or prejudicial testimony, such efforts would consume
> judicial resources and risk 'transform[ing] the jury box into a carousel[,] with the jury
> moving in and out as each witness' testimony was fragmented to insure that the witness
> would not be able to testify before the jury as to that evidence which was solely
> admissible in the [non-jury] action.'  <u>Turner v. Transportacion Maritima Mexicana S.A.</u>,
> 44 F.R.D. 412, 419 (E.D. Pa. 1968).

866 F. Supp.  at 1573.


    In <u>Turner v. Transportacion Maritima Mexicana S.A., Transportacion Maritima</u>

<u>Mexicana S.A. v. J.A. McCarthy, Inc.</u>, *supra,* the court declined to consolidate jury cases with

non-jury cases in the absence of an agreement that all cases could be tried to the jury.  The

<u>Turner</u> court stated that interests favoring consolidation must always be balanced against the

prejudice to any party which might result from conducting the trial in a consolidated

proceeding.  "Where there is such prejudice consolidation is improper." *Id.*, at 414.

    Here, Defendant has not agreed that both cases should be tried to the jury.  Further, the

potential for confusion and prejudice militates against consolidating the <u>Jennings</u> and <u>Pippett</u>

*Rome McGuigan, P.C.* • *Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

cases because the two cases would involve two separate factfinders.  In addition, since Defendant has not brought a Third-Party complaint against Thomas Pippett Sr., in <u>Jennings</u> but has brought such a claim in <u>Pippett</u>, this difference adds another level of potential jury confusion, which militates against consolidating the two cases.

> **2.      Consolidation Does Not Automatically Require That Both Cases Be Tried To A Jury.**

Even if this Court exercises its discretion to consolidate the cases, there is no rule or common law doctrine that *requires* that, if a non-jury case is consolidated with a jury case, both must be tried to the jury (or, for that matter, to the bench).

The District Court in <u>Cedars-Sinai Medical Center v. Revlon Inc. and Armour Pharmaceutical Company</u> and <u>Cedars-Sinai Medical Center v. Rorer Group, Inc., Pantry Pride, Inc., Revlon Inc. and Armour Pharmaceutical Company</u>, 111 F.R.D. 24 (U.S. D.Ct., D. Delaware, 1986), considered a somewhat related issue in reaching a decision that, under all of the circumstances, two very similar patent infringement cases should be consolidated and tried to a jury even though only one of the cases was claimed to the jury.  While the Delaware court reached a result contrary to the one for which Defendant contends here, the decision does not provide controlling authority; it does, however, offer guidance in addressing the questions posed by consolidation under the circumstances presented here.

The Delaware court noted that it has discretion under Fed. R. Civ. P. 42(a) as to whether to consolidate actions for trial involving "common questions of law or fact."  111 F.R.D. at

*Rome McGuigan, P.C.* • *Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

*31; Fed. R. Civ. P. 42(a).  "However, the mere existence of these common issues, although a prerequisite to consolidation, does not mandate a joint trial."  Implicitly, the court also considered that consolidation does not require both matters to be tried to the jury; it reached that issue only after considering the potential difficulties posed by the possibility of having two fact-finders reaching opposite factual determinations concerning the same issues between the same parties.  The Delaware court was explicitly concerned that, under the principles of collateral estoppel, separate trials would mean that whichever case was decided first would conclude at least some of the issues to be otherwise decided in the second.

Of course the Plaintiffs in Pippett are not the same as the Plaintiff in Jennings, so there is no apparent collateral estoppel effect if Pippett is tried before Jennings; therefore, that is not a valid consideration.  Therefore, the rationale that supported the result reached in Cedars-Sinai does not apply here.

Against this standard, Defendant respectfully urges the Court to permit the Defendant to revoke its prior participation in the Joint Motion to Consolidate and urges the Court to allow for

5

two separate trials.

THE DEFENDANT AND
THIRD-PARTY PLAINTIFF,
WATERFORD DEVELOPMENT, LLC

Andrew Houlding, Esq.
Federal Bar # (ct12137)
Rome, McGuigan P.C.
One State Street
Hartford, CT 06103
Phone: (860) 493-3468
Fax: (860) 724-3921
ahoulding@rms-law.com
Its Attorneys

6

**CERTIFICATION**

I hereby certify that I have caused a copy of the foregoing Memorandum of Law in support of Motion to Sever to be sent via facsimile, electronic mail, and by U.S. first class mail, postage prepaid on this 24th day of August, 2004 to the counsel listed below as follows:

Barbara J. Collins, Esq.
44 Capitol Avenue, Suite 402
Hartford, CT  06106

Gerald Jay Pomerantz, Esq.
Mark Scheffer, Esq.
Pomerantz, Scheffer & Associates
7th Floor, Stephen Girard Building
21 South 12th Street
Philadelphia PA  19107-3603

Norman Perlberger, Esq.
Perlberger Law Associates, P.C.
326 W. Lancaster Avenue, Suite 210
Ardmore, PA  19003

**and by U.S. mail only to:**

Brian C. Roche, Esq.
Pullman & Comley, LLC
850 Main Street
Bridgeport, CT  06604

_____
Andrew Houlding

10485-1/383462

7