IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| THOMAS P. PIPPETT, JR.,<br>JOSEPH T. MCDONALD, and<br>JAMES J. ROSATO, IND. par.<br>t/a ECM ELECTRICAL<br>CONSTRUCTION,<br>    Plaintiffs, | CIVIL ACTION NO.<br>3:01cv1716(MRK) |
| vs. | |
| WATERFORD DEVELOPMENT, LLC,<br>    Defendant. | |
| WATERFORD DEVELOPMENT, LLC,<br>    Third-Party Plaintiff, | |
| vs. | |
| THOMAS PIPPETT, SR.,<br>    Third-Party Defendant. | AUGUST 24, 2004 |

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS'**
**REQUEST FOR ADVERSE INFERENCE INSTRUCTION**

Plaintiffs claim they are entitled to an adverse inference instruction against Defendant Waterford Development, LLC ("Waterford") because Waterford has, they contend, produced only some, but not all, of the Project Team Meeting Minutes. (See Letter dated August 6, 2004, Attached hereto as Exhibit A..)[1] They point to the fact that although the Project Team

---

[1] Defendant has provided Plaintiffs with the specific pages that they had requested pursuant to their August 6, 2004 letter, attached hereto as Exhibit A. Consequently, Plaintiffs' claim that they are missing Meeting Minutes applies only to meetings which allegedly occurred

Meeting Minutes that have been produced indicate that they were held on a regular weekly basis, there are several weeks in the summer of 2000 for which no minutes have been produced.[1] Plaintiffs contend that the failure of Waterford to produce minutes for every week requires the conclusion that Waterford has either destroyed or withheld evidence, so that an adverse inference may be drawn against Defendant.

    Plaintiffs' request must be rejected. Plaintiffs cannot meet the Second Circuit's standard for applying the sanction of an adverse inference. Plaintiffs leap to a conclusion without establishing an elementary evidentiary foundation, i.e., a demonstration that meetings were held in the weeks for which no minutes were produced.

    Further, it should be noted, Plaintiffs never requested production of the Meeting Minutes, even though they presumably knew (having participated in various construction-related meetings) that minutes were routinely taken. Defendant voluntarily produced the Meeting Minutes prior to trial but after the close of discovery. Defendant was under no compunction to produce those minutes.

    The standard for imposition of the sanction of an adverse inference was set out in <u>Residential Funding Corporation v. DeGeorge Financial Corp.,</u> 306 F.3d 99 (2d Cir. 2002).

    A party seeking an adverse inference instruction based on the destruction of evidence must establish:

---

[1] between June 6 and June 27, 2000, June 27 and July 21, 2000, and August 29 and September 12, 2000.

>  (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed "with a culpable state of mind"; and (3) that the destroyed evidence was "relevant" to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense. Byrnie v. Town of Cromwell, 243 F.3d 93, 107-12 (2d Cir.2001). Similarly, where, as here, an adverse inference instruction is sought on the basis that the evidence was not produced in time for use at trial, the party seeking the instruction must show (1) that the party having control over the evidence had an obligation to timely produce it; (2) that the party that failed to timely produce the evidence had "a culpable state of mind"; and (3) that the missing evidence is "relevant" to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.

306 F.3d at 107.

The question underlying the entire issue is, of course, whether the documents that are the subject of the adverse inference request ever existed. In this case, Defendant has made no representation or admission that such documents existed but were destroyed; and Plaintiffs have made no proffer that they can produce evidence that documents were destroyed. To the contrary, Defendant anticipates that the evidence at trial would show (if _any_ evidence on point is adduced) that there is no record that Project Team meetings were held in the weeks for which minutes have not been produced; and therefore, no minutes were created.[2]

The factors listed in Residential Funding include the requirement *that the party having control over the evidence had an obligation to preserve it at the time it was destroyed*. Defendant does not contend that it did not have control over the evidence generally, but notes that Plaintiffs, and the Third-Party Defendant Tom Pippett Sr., were all employed by Defendant

---

[2] Defendant anticipates that Project Director Robert Saint, who will testify at trial, will testify that he is custodian of the Project records; that he directed his staff to conduct a diligent search for the minutes of meetings in the weeks in question; and that his staff has informed him that no meetings were held in those weeks.

in the relevant period, so that if there are missing documents, they conceivably have knowledge of their whereabouts.

There is no evidence tending to show that any records *were destroyed "with a culpable state of mind."* This is a breach of employment case, and the sole fraud count in the complaint was voluntarily withdrawn. Plaintiffs have advanced no theory, let alone an evidentiary foundation, that would suggest that Waterford had some unlawful motivation to destroy Meeting Minutes. Even if Plaintiffs were able somehow to establish that such meetings occurred, the mere failure to produce minutes does not support an inference that they were destroyed. (Perhaps, even if the meetings were held, nobody prepared the minutes.)

Plaintiffs must also show *that the destroyed evidence was "relevant" to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.* Plaintiffs make no showing that the Meeting Minutes contain relevant evidence. Again, the Plaintiffs have never sought production of the documents in the discovery phase. They apparently never considered the minutes important to their case. The Plaintiffs were all employed by Defendant in the relevant period, so that they conceivably have knowledge of the events and circumstances that occurred in the relevant period, including the dates, times and places of Project Team meetings. They are therefore in a position to provide evidence to show that the meetings occurred and that issues relevant to their claims should be contained in the minutes of those meetings. It is their burden to show the relevance of the data that is the

subject of their request for an adverse inference. This burden has not been met here, even under the relatively low threshold imposed by the <u>Residential Funding</u> court.

Finally, even if an adverse inference were otherwise justified, it is not clear that the adverse inference should be drawn against Defendant. The Third-Party Defendant Thomas Pippett Sr. is expected to testify that he was the Project Director in the relevant time period. If meeting minutes are not available, it may be more logical to infer that the Project Director failed to ensure that minutes were taken, or that meetings were not convened, than that minutes were destroyed by Defendant.

In any event, absent some showing by Plaintiffs that Meeting Minutes containing relevant evidence existed and were destroyed by Defendant, there is no foundation whatsoever for an adverse inference instruction.

                                    THE DEFENDANT AND
                                    THIRD-PARTY PLAINTIFF,
                                    WATERFORD DEVELOPMENT, LLC

                                    Andrew Houlding, Esq.
                                    Federal Bar # (ct12137)
                                    Rome, McGuigan P.C.
                                    One State Street
                                    Hartford, CT 06103
                                    Phone: (860) 493-3468
                                    Fax: (860) 724-3921
                                    ahoulding@rms-law.com
                                    Its Attorneys

## ORDER

Defendant's Objection to Plaintiffs' Request for Adverse Inference Instruction having been duly considered, the Objection is SUSTAINED/OVERRULED.

_____
(                              , J.)

## CERTIFICATION

I hereby certify that I have caused a copy of the foregoing to be sent via facsimile, electronic mail, and by U.S. first class mail, postage prepaid on this 24th day of August, 2004 to the counsel listed below as follows:

Barbara J. Collins, Esq.
44 Capitol Avenue, Suite 402
Hartford, CT  06106

Gerald Jay Pomerantz, Esq.
Mark Scheffer, Esq.
Pomerantz, Scheffer & Associates
7th Floor, Stephen Girard Building
21 South 12th Street
Philadelphia PA  19107-3603

Norman Perlberger, Esq.
Perlberger Law Associates, P.C.
326 W. Lancaster Avenue, Suite 210
Ardmore, PA  19003

**and by U.S. mail only to:**

Brian C. Roche, Esq.
Pullman & Comley, LLC
850 Main Street
Bridgeport, CT  06604

Andrew Houlding

10485-1/383512

# EXHIBIT A

## *Pomerantz, Scheffer & Associates*

7TH FLOOR, STEPHEN GIRARD BUILDING
21 SOUTH 12TH STREET
PHILADELPHIA, PA 19107-3603
TELEPHONE (215) 569-8866
FAX (215) 568-6511

GERALD JAY POMERANTZ
MARK S. SCHEFFER
MICHAEL W. JONES
STEVEN J. SCHATZ*

* ALSO ADMITTED IN NEW JERSEY

OF COUNSEL: STUART A. RADICK+

+ ADMITTED IN NEW JERSEY

MONTGOMERY COUNTY OFFICE

S.E. COR. SPRING & ELKINS AVENUES
ELKINS PARK, PA 19027

⊕ — NOT A PARTNERSHIP

August 6, 2004

*First class mail & facsimile transmission (860-724-3921)*
Andrew Houlding, Esquire
Rome McGuigan Sabanosh, P.C.
One State Street
Hartford, CT 06103-3101

    Re:   Pippett, Jr., et al. v. Waterford Development, LLC
           No.3: 01CV1716(MRK)
           Jennings v. Waterford Development, LLC
           No. 3:02CV1937 (MRK)

Dear Andy:

    Upon closer review of the Meeting Minutes documents produced by Defendant, it appears that many reports are missing, and some reports are missing pages. Please advise regarding the status of, and when we can expect to receive the following missing materials.

- Meeting Minutes between June 6th and June 27th, 2000
- Meeting Minutes between June 27th and July 21st, 2000
- Meeting Minutes between August 29 and September 12th, 2000
- October 10th Meeting Minutes - page 2 and 3
- October 17th Meeting Minutes - pages 2 - ?
- October 24th Meeting Minutes - pages 2 and 3
- November 14th Meeting Minutes - pages 2 - ?
- November 28th Meeting Minutes - page 2
- December 19th Meeting Minutes - page 2

    If you have any questions, please do not hesitate to contact us.

                                      Very truly yours,

                                      Michael W. Jones

MWJ/