IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS P. PIPPETT, JR., <br> JOSEPH T. MCDONALD, and <br> JAMES J. ROSATO, IND. par. <br> t/a ECM ELECTRICAL <br> CONSTRUCTION, <br>     Plaintiffs, <br><br> vs. <br><br> WATERFORD DEVELOPMENT, LLC, <br>     Defendant. <br><br> WATERFORD DEVELOPMENT, LLC, <br>     Third-Party Plaintiff, <br><br> vs. <br><br> THOMAS PIPPETT, SR., <br>     Third-Party Defendant. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | CIVIL ACTION NO. <br> 3:01cv1716(MRK) <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> AUGUST 24, 2004 |

### DEFENDANT'S MEMORANDUM REGARDING JURY TRIAL OF PLAINTIFFS' CLAIMS AND THIRD-PARTY CLAIM AGAINST THOMAS P. PIPPETT SR.

The Defendant and Third-Party Plaintiff Waterford Development, LLC ("Waterford"), through its undersigned counsel, hereby files its memorandum of law in response to the Court's request, at the August 19, 2004 pretrial, for briefing of the question as to whether the Third-Party claim of Waterford against Thomas P. Pippett, Sr., ("Pippett Sr.") may be tried to the jury. Waterford's position is that, if the underlying complaint is tried to the jury, then Waterford does not object to a jury trial of its third-party claim against Pippett Sr. However,

Waterford contends that the underlying complaint may not be triable to the jury based on procedural circumstances.

Thomas Pippett Jr., Joseph McDonald and James Rosato, the plaintiffs in the original action (the "Plaintiffs"), began this case in the United States District Court for the Eastern District of Pennsylvania (the "Eastern District") alleging Breach of Contract and Promissory/Equitable Estoppel (the "Original Complaint"). The Original Complaint, dated February 2, 2001, bore the endorsement "Jury Trial Demanded" on the first page and the case was docketed as a jury case.

Thereafter, Waterford filed a motion to dismiss on various grounds, including lack of personal jurisdiction. The Court, Shapiro, J., *sua sponte* found that the Original Complaint failed to provide an adequate basis to establish diversity jurisdiction – a subject-matter-jurisdictional requirement. (She noted that because Waterford is a limited liability company it was necessary to allege that the company and all of its members were citizens of diverse states.) However, she gave Plaintiffs leave to amend the Original Complaint to allege diversity jurisdiction with greater particularity. *See* Order, June 28, 2001. The First Amended Complaint dated July 2, 2001, contains no jury demand. Thereafter, the First Amended Complaint was further amended and the case was transferred to Connecticut. At no time since the Original Complaint was filed have the Plaintiffs filed any jury demand.

*Rome McGuigan, P.C.* • *Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

2

1.  **Plaintiffs' Complaint May Be Stricken From the Jury Docket.**

Federal Rules of Civil Procedure Rule 38(b) provides in pertinent part that

> [a]ny party may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties a demand therefore in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue, and (2) filing the demand as required by Rule 5(d). Such demand may be indorsed upon a pleading of the party.

Fed.R.Civ.P., Rule 38(b).

Plaintiffs did demand a trial by jury in their Original Complaint. However, that Original Complaint was defective in its failure to allege adequately the subject matter jurisdictional requirement of diversity jurisdiction.

Waterford recognizes that it is well settled that a proper jury demand survives subsequent amended pleadings to the extent that no new issues are asserted. *See*, e.g., Rosen v. Dick, 639 F.2d 82, 91 (2d Cir.1980). However, Defendant finds no cases determining the effect of a subject-matter jurisdictional defect on the original demand for jury trial. In the absence of controlling authority for the proposition that the jury demand survives the lack of subject matter jurisdiction over the Original Complaint, Waterford has a good faith argument that Plaintiffs' claims may not be tried to the jury.

The determination that the court lacked subject matter jurisdiction meant, among other things, that there was no adjudication on the merits so that the determination had neither collateral estoppel nor res judicata effect on the Plaintiffs' claims. Thus, Judge Shapiro's

proviso that Plaintiffs could file an amended complaint is of little legal consequence; she could not have dismissed the Original Complaint "with prejudice," since she lacked jurisdiction over the Original Complaint; only a dismissal on the merits would have had prejudicial effect. But once Judge Shapiro concluded that she lacked subject matter jurisdiction, the Original Complaint was dismissed as a matter of law. The Court's subsequent assertion of subject matter jurisdiction over the First Amended Complaint – an amended complaint with no jury demand – does not, in these circumstances, mean that the jury demand survived.

Accordingly, Waterford moves to strike the Plaintiffs' Second Amended Complaint from the jury docket as that Complaint does not set forth a demand for a trial by jury.

**2.    Jury Trial of the Third-Party Complaint.**

**a.    Waterford Does Not Object To Jury Trial of The Third-Party Claim Provided The Underlying Claims Are Triable To the Jury.**

Waterford brought its Third-Party Complaint against Pippett Sr., by pleading dated August 15, 2002. Pippett Sr., did not file an answer until August 2, 2004. Pippett Sr. has never filed a jury demand.

In general, "[i]f one party has made a general [jury] demand . . . then the other parties may rely upon (it)." Rosen v. Dick, 639 F.2d 82, 91 (2d.Cir. 1980)(rehearing denied 1981)(citing 5 Moore's Federal Practice, P.38.40 at 38-361). The reliance is circumscribed, however: it is "limited to 'all other parties in the action who are affected by the demand." Rosen, *supra,* at 91.

*Rome McGuigan, P.C.* • *Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

4

In this case, as set forth above, the preliminary question is whether either Waterford or Pippett Sr., may rely on the general jury demand made by Plaintiffs in their Original Complaint. Rosen v. Dick, *supra*. If not, then it should be clear that the Third Party Complaint may not be tried to the jury. On the other hand, if the court finds that the general jury demand survives the defect in the Original Complaint, then Waterford has no objection to the trial of the Third Party claim to the jury.

      b.      **Indemnification Claims Are Triable to a Jury.**

The federal case law on the combination of jury-triable claims of negligence with actions for indemnification holds generally that such actions may be consolidated for trial before a jury. Close v. Calmar Steamship Corp; Calmar Steamship Corp. v. Jarka Corp. of Philadelphia, 44 F.R.D. 398 (U.S.D.Ct. E.D. Pa. 1968).

In this case, the Third-Party Claims arose from the same set of facts alleged by Plaintiffs against Waterford. Waterford contends that it made no representations to Plaintiffs that gave rise to their claims for breach of contract, quasi-contract, or negligent misrepresentation, and that it never authorized Pippett Sr. to make such representations on its behalf. Waterford contends that, to the extent that Pippett Sr. acted as its agent, Pippett Sr. had a fiduciary duty to act in Waterford's interests, and it was a breach of that fiduciary obligation for him to make the promises that Plaintiffs attribute to him. Waterford claims that Pippett Sr. ordinarily would be charged directly by Plaintiffs with liability to them for any alleged

misrepresentations, and that it is only because of his special relationship with the Plaintiffs (and in particular with his son Thomas Pippett Jr.), that he has not been named a defendant in the underlying action. Waterford contends that, if Plaintiffs prove that Pippett Sr. made misrepresentations to them upon which they relied to their detriment, then Pippett Sr. should pay for those misrepresentations.

These claims sound in the nature of common law indemnification for "active/passive negligence," a doctrine recognized in Connecticut law.

> 'Ordinarily there is no right of indemnity or contribution between joint tort-feasors.... Where, however, one of the defendants is in control of the situation and his negligence alone is the direct immediate cause of the injury and the other defendant does not know of the fault, has no reason to anticipate it and may reasonably rely upon the former not to commit a wrong, it is only justice that the former should bear the burden of damages due to the injury.... Under the circumstances described, we have distinguished between "active or primary negligence," and "passive or secondary negligence." ... Indemnity shifts the impact of liability from passive joint tortfeasors to active ones.'  * * * * *
> Thus, the common-law doctrine of indemnification permits a tortfeasor to assert a claim only against another liable tortfeasor.

Crotta v. Home Depot, Inc., 249 Conn. 634, 732 A.2d 767 (Conn. 1999)(internal citations omitted). In this case, Pippett Sr. allegedly had private conversations with Plaintiffs of which Waterford was unaware; in those conversations (according to Plaintiffs), Pippett Sr. promised that they would be employed for the duration of the Project and could only be terminated for cause; Waterford was not present for and did not know of those alleged representations; and Waterford had no reason to believe such representations were made and believed that Pippett

Sr. in the proper discharge of his duties to Waterford would never have exposed Waterford to the potential liability inherent in making such representations.

In this light, Waterford's Third Party claims sound in negligence and are of a nature triable to a jury. (To the extent that Waterford, in the Joint Trial Memorandum, asserted that these claims were equitable in nature, those assertions are withdrawn.) Pippett Sr., through his counsel, has already served Waterford with his Memorandum of Law(Third Party Defendant Pippett Memorandum of Law Regarding Jury Trial, August 23, 2004) which takes the position, albeit for different reasons, that the Third Party Claim may be tried to the jury and, for the reasons, and subject to the caveats, set forth herein, Waterford does not disagree.

>DEFENDANT AND THIRD PARTY PLAINTIFF
>WATERFORD DEVELOPMENT LLC.
>
>_____
>By: Andrew Houlding, Esq.
>Federal Bar #CT12137
>Rome McGuigan, P.C.
>One State Street, 13th Floor
>Hartford, CT 06103-3101
>Phone: (860) 549-1000
>Fax: (860) 724-3921
>ahoulding@rms-law.com
>Its Attorneys

## CERTIFICATION

I hereby certify that I have caused a copy of the foregoing Memorandum of Law in support of Motion to Sever to be sent via facsimile, electronic mail, and by U.S. first class mail, postage prepaid on this 24th day of August, 2004 to the counsel listed below as follows:

Barbara J. Collins, Esq.
44 Capitol Avenue, Suite 402
Hartford, CT  06106

Gerald Jay Pomerantz, Esq.
Mark Scheffer, Esq.
Pomerantz, Scheffer & Associates
7th Floor, Stephen Girard Building
21 South 12th Street
Philadelphia PA  19107-3603

Norman Perlberger, Esq.
Perlberger Law Associates, P.C.
326 W. Lancaster Avenue, Suite 210
Ardmore, PA  19003

**and by U.S. mail only to:**

Brian C. Roche, Esq.
Pullman & Comley, LLC
850 Main Street
Bridgeport, CT  06604

_____
Andrew Houlding

10485-1/383457