UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS P. PIPPETT, JR., | : | CIVIL CASE NO. |
| JOSEPH T. MCDONALD, and | : | 3:01cv1716(MRK) |
| JAMES J. ROSATO, IND. par. | : | |
| t/a ECM ELECTRICAL | : | |
| CONSTRUCTION, | : | |
|     Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | |
| WATERFORD DEVELOPMENT, LLC, | : | |
|     Defendant and Third-Party Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| THOMAS PIPPETT, SR., | : | |
|     Third-Party Defendant. | : | |
| | | |
| DARLENE JENNINGS, | : | CIVIL CASE NO. |
|     Plaintiff, | : | 3:02cv1937(MRK) |
| | : | |
| vs. | : | |
| | : | |
| WATERFORD DEVELOPMENT, LLC, | : | |
|     Defendant. | : | AUGUST 23, 2004 |

THIRD PARTY DEFENDANT PIPPETT
<u>MEMORANDUM REGARDING TRIAL JURY</u>

I. INTRODUCTION

At the pretrial conference on August 19, 2004, a question arose as to whether the third party complaint should be tried to the jury or to the court. The underlying case has a timely claim for a jury trial by the plaintiff. The Third Party Defendant (hereinafter Pippett Sr.) admits that no additional claim was filed by him and that he was relying upon the claim of the Plaintiffs. Third Party Plaintiffs (hereinafter Waterford) take the position that the third party complaint must be tried to the court because 1) Pippett Sr failed to move for a jury trial and 2) even if a jury trial had been requested it would have to be

denied as this is a case in equity.   Pippett Sr takes the position that no additional request for a jury trial is required if a jury claim has been filed in the underlying action and that this is not a case in equity.

   II.  Whether Failure to File a Second Jury Claim Is A Bar

   Rule 14 of the Federal Rules for Civil Procedure describes how and when a third party may be brought into pending litigation. Unfortunately, the rule does not state anything regarding the effect of a jury claim. However the rule does state "Any party may move to strike the third-party claim, or for its severance or separate trial." By such language it would appear that the third party claim is assumed to be tried along side the underlying claim.  Rules 38 and 39 support this assumption.

   Rules 38 and 39 concern claims for trial by jury.  Neither specifies any special rule for third party claims but Rule 39(a) states that:

> When trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the docket as a jury action. The trial of all issues so demanded shall be by jury, unless (1) the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury or (2) the court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist under the Constitution or statutes of the United States.

Likewise Rule 39(b) states:

> Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues.

In the instant case, no party has filed a written stipulation that the trial by jury was waived

   In Patterson v. Coughlin, 905 F.2d 564 (2nd Cir, 1990), a case involving prisoners

suing State officials over improper confinement, the Court of Appeals for the Second Circuit found that State was entitled to a jury trial on damages. The State had not requested a jury trial but the plaintiff had in his complaint. The Court found that the "defendants were entitled to rely on that request to preserve their own right to a jury trial" citing Rule 39(a) Id at 571. It is requested that the same finding be made in the case at bar.

   III. <u>Whether the Third Party Claim May be Tried to a Jury</u>

In <u>MULLINS v. PFIZER, INC,</u> 99 F.Supp.2d 69. ( CT1995), the court was asked to rule e on whether a jury trial should be allowed in an ERISA action which combined requests for equitable and legal remedies:

> While the Second Circuit has not decided this issue definitively, the court's decision in *Katsaros v. Cody* , 744 F.2d 270 (2d Cir.1984) *cert. denied* , 469 U.S. 1072, 105 S.Ct. 565, 83 L.Ed.2d 506 (1984) offers the most guidance. In *Katsaros* , the court held that the plaintiffs were not entitled to a jury  trial due to the equitable relief sought by the plaintiffs of restitution and removal of the trustee in light of the plan administrator's misconduct. The court stated:
>
>> Nor were appellants entitled to a jury trial of the claims against them since the plaintiffs seek equitable relief in the form of removal and restitution *as distinguished from damages for wrongdoing or non-payment of benefits* . There is no right to a jury trial of ERISA actions against pension fund trustees seeking the equitable remedy of restitution. (emphasis added).  *Id.* at 278.

In the instant case the Waterford is not seeking restitution of monies paid or removal from a position. Instead it is seeking damages from the Pippett Sr for alleged wrongdoing by going beyond the bounds of his authority as the agent of the Waterford. It appears on paper as if it is a claim that should be tried to a jury.
 Even if the claim is arguably one that may be tried by a court, the third party claim and the underlying complaint are so intertwined that it would promote judicial economy both

3

to be tried by the jury.

The jury in the underlying claim will have to decide, <u>inter alia</u>, whether there was an employment contract, which was breached. To reach the conclusion that a contract was created, the jury may find that the Waterford created the contract with the Plaintiffs independent of any representations by Pippett Sr. In that case the third party suit would have to be dismissed because no damages were caused by Pippett Sr.

In the alternative, they may find the contract existed solely based upon the actions of Pippett Sr. but then to rule in favor of the Plaintiffs on the breach of contract they would have to decide that Waterford created an appearance of authority for Pippett Sr. such that it was reasonable for the Plaintiffs to rely his representations The issue of whether there was the appearance of apparent authority is a question of fact for the jury. <u>Jones v. Federated Financial Reserve Corp</u>., No. 96-1593 (6th Cir 1998).

If the jury finds the apparent authority, the third party case again would have to be dismissed as the damages awarded to the Plaintiffs would stem from Waterford's conduct in creating the apparent authority.

Rule 39(b) allows the court discretion regarding jury trials,. It is requested that the court exercise its discretion and allow the Third Party Claim be tried to the jury.

Respectfully submitted

Barbara J. Collins
Fed. Bar #ct04634
Attorney for the Third Party Defendant
44 Capitol Ave Suite 402
Hartford, CT 06106
860-297-6502
barbcollins@mac.com

4

## CERTIFICATION

I certify that a copy of the foregoing was mailed, first class mail, this _____ day of August , 2004 to the following:

| | |
|---|---|
| Andrew Houlding, Esquire<br>Rome, McGuigan, P.C.<br>One State Street<br>Hartford, CT 06103<br>Tel. (860) 493-3468<br>Fax (860) 724-3921<br>Email: (ahoulding@rms-law.com) | Gerald Jay Pomerantz, Esquire<br>Pomerantz & Scheffer<br>21 South 12th Street, Suite 700<br>Philadelphia, PA 19107<br>Tel. (215) 569-8866<br>Fax (215) 568-6511<br>Email: (gjpomlaw@hotmail.com) |
| Hon, Mark R. Kravitz<br>US District Court<br>141 Church Street<br>New Haven, CT 06510 | Norman Perlberger, Esquire<br>Perlberger Law Associates, P.C.<br>326 W. Lancaster Avenue, Suite 210<br>Ardmore, PA 19003<br>Tel. (610) 645-0900<br>Fax (610) 645-9240<br>Email: perlberglaw@aol.com |

_____
Barbara J. Collins