UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS P. PIPPETT, JR.,<br>JOSEPH T. MCDONALD, and<br>JAMES J. ROSATO, IND. par.<br>t/a ECM ELECTRICAL<br>CONSTRUCTION,<br>　　Plaintiffs, | : <br> : <br> : <br> : <br> : <br> : <br> : | CIVIL CASE NO.<br>3:01cv1716(MRK) |
| vs. | : | |
| WATERFORD DEVELOPMENT, LLC,<br>　　Defendant and Third-Party Plaintiff, | : <br> : <br> : | |
| vs. | : <br> : | |
| THOMAS PIPPETT, SR.,<br>　　Third-Party Defendant. | : <br> : | |
| DARLENE JENNINGS,<br>　　Plaintiff, | : <br> : <br> : | CIVIL CASE NO.<br>3:02cv1937(MRK) |
| vs. | : <br> : | |
| WATERFORD DEVELOPMENT, LLC,<br>　　Defendant. | : <br> : | |

**PLAINTIFFS' MEMORANDUM OF LAW
RE: ADVERSE INFERENCE FOR MISSING MEETING MINUTES**

**Introduction**

At bar, Defendant has produced a set of meeting minutes for the Adriaen's Landing project from May 9, 2000 through December 19, 2000. Although these top level project meetings supposedly took place on at least a weekly basis, significant gaps exist in the documents produced with no meeting minutes provided between June 6th and June 27th, between June 27th and July 21st, and between August 29th and September 12th. There is no question that these documents are within the exclusive possession and control of the Defendant, and not

otherwise available to Plaintiffs. In the event that Defendant fails to produce the missing meeting minutes in time for trial, Plaintiffs respectfully argue that they are entitled to a charge to the jury that it may draw an adverse inference that these documents were not produced because the information they contain would be supportive of Plaintiffs' case and harmful of Defendant's defense.

**Argument**

In *Secondino v. New Haven Gas Company*, 147 Conn. 672, 165 A.2d 598 (1960), the Supreme Court of Errors of Connecticut set forth the so-called *Secondino* rule that failure of a party in a civil action to produce a witness, who is within his power to produce, and who would naturally have been produced by him, permits an adverse inference that evidence of that witness would be unfavorable to the party's case. The *Secondino* rule has been expanded to apply to documents, as well as witnesses. In *Grabowski v. Fruehauf Trailer Corp.*, 2 Conn. App. 167, 477 A.2d 685 (1984), the Appellate Court of Connecticut stated:

> "The *Secondino* rule applies with equal vigor to a failure to produce a material document into evidence. The failure to produce a material document may permit the jury to draw an unfavorable inference if the required conditions set forth under the *Secondino* rule are met. *Maciejewska v. Lombard Bros., Inc.*, 171 Conn. 35, 43, 368 A.2d 206 (1976); *Wilson v. Griswold*, 79 Conn. 18, 22, 63 A.2d 659 (1906)." 2 Conn. App. at 173, 477 A.2d at 690.

According to the *Grabowski* court, the *Secondino* rule gives rise to a permissive inference, not a mandatory presumption. 2 Conn. App. at 172, 477 A.2d 689.

Although, in the context of a missing witness, the *Secondino* rule has been overruled by statute to prohibit an adverse inference jury instruction,[1] the jury is still permitted to draw a

---

[1] There are no statutory provisions that limit or prohibit a jury instruction regarding adverse inference with respect to missing documents.

adverse inference for the failure to present testimony from a missing witness or documents meeting the requirements of the rule. *See, In re Samantha C.*, 268 Conn. 614, 637 (2004). The statute in questions provides:

> "No court in the trial of a civil action may instruct the jury that an inference unfavorable to any party's cause may be drawn from the failure of any party to call a witness at such trial. However, counsel for any party to the action shall be entitled to argue to the trier of fact during closing arguments . . . that the jury should draw an adverse inference from another party's failure to call a witness who has been proven to be available to testify." C.G.S.A. § 52-216c.

In *Samantha C.*, the Supreme Court of Errors of Connecticut acknowledged that this "adverse inference, however, does not supply *proof* of any particular fact; rather, it may be used only to *weigh* facts already in evidence" after a prima facie case is established. 268 Conn. at 638.

At bar, Defendant has alleged that Plaintiffs were terminated for a supposed lack of work on a large, complex, multi-year $750 million construction project. The trial evidence will establish that weekly meetings were to have taken place during the course of the project, and that they, in fact, did occur. The failure of Defendant to produce so many of these meeting minutes suggests that these documents would belie Defendant's assertions and support Plaintiffs' position that ample work was available and was being carried out by the project team prior to their termination from employment at the beginning of October, 2000.

## Conclusion

Plaintiffs respectfully pray that this Court allow Plaintiffs to draw an adverse inference from the absence of the referenced "missing" minutes of meetings and that, an appropriate

charge be made to the jury regarding its right to conclude that said minutes would have been supportive of Plaintiffs' claims and harmful to Defendant's defenses.

Respectfully submitted,

| POMERANTZ & SCHEFFER | PERLBERGER LAW ASSOCIATES, P.C. |
|---|---|
| *(signature)* | *(signature)* |
| Gerald Jay Pomerantz, Esquire | Norman Perlberger, Esquire |
| 21 South 12th Street, Suite 700 | 326 W. Lancaster Avenue, Suite 210 |
| Philadelphia, PA 19107-3603 | Ardmore, PA 19003 |
| Phone: (215) 569-8866 | Phone: (610) 645-0900 |
| Fax: (215) 568-6511 | Fax: (610) 645-9240 |

Dated: 8/25/04

(Attorneys for Plaintiffs)

Gerald Jay Pomerantz, Esquire
POMERANTZ & SCHEFFER,
Associates in Discrimination Law
Identification No. 03636
7th Floor, Stephen Girard Building                    Attorneys for Plaintiffs
21 South 12th Street
Philadelphia, PA   19107-3603
(215) 569-8866

---

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| THOMAS P. PIPPETT, JR.; | CIVIL ACTION |
| JOSEPH T. McDONALD; and | |
| JAMES J. ROSATO, Ind. & t/a ECM | |
| ELECTRICAL CONSTRUCTION | |
| vs. | |
| WATERFORD DEVELOPMENT, LLC | NO. 3:01-cv-1716 (MRK) |
| | |
| DARLENE JENNINGS | CIVIL ACTION |
| vs. | |
| WATERFORD DEVELOPMENT, LLC | NO. 3:02-cv-1937 (MRK) |

### CERTIFICATION

MICHAEL W. JONES, ESQUIRE, hereby certifies that service of a true and correct copy of Plaintiffs' Memorandum of Law Re: Adverse Inference for Missing Meeting Minutes was made this date by fax, e-mail, and first-class mail to the following:

| | |
|---|---|
| Andrew Houlding, Esquire | Barbara J. Collins, Esquire |
| Rome McGuigan Sabanosh, P.C. | 44 Capitol Avenue |
| One State Street | Suite 402 |
| Hartford, CT   06103 | Hartford, CT   06106 |
| (FAX 860-724-3921) | (FAX 860-246-3727) |

_____
MICHAEL W. JONES, ESQUIRE

DATED: 8/25/04