IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS P. PIPPETT, JR., | : | CIVIL ACTION NO. |
| JOSEPH T. MCDONALD, and | : | 3:01cv1716(MRK) |
| JAMES J. ROSATO, IND. par. | : | |
| t/a ECM ELECTRICAL | : | |
| CONSTRUCTION, | : | |
|     Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | |
| WATERFORD DEVELOPMENT, LLC, | : | |
|     Defendant. | : | |
| | | |
| WATERFORD DEVELOPMENT, LLC, | : | |
|     Third-Party Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| THOMAS PIPPETT, SR., | : | |
|     Third-Party Defendant. | : | AUGUST 23, 2004 |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE RE DEPOSITIONS OF JILL FINK AND DOUG AITKEN**

The Defendant and Third-party Plaintiff Waterford Development, LLC ("Waterford"), through its undersigned counsel, hereby files its memorandum of law in support of its motion for an order precluding Plaintiffs from introducing at trial the deposition testimony of witnesses Jill Fink and Douglas Aitken, or substantial portions thereof.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

The substance of the above-captioned action is that the Plaintiffs, Thomas P. Pippett, Jr., Joseph T. McDonald and James J. Rosato, Individually and trading as ECM Electrical Construction, were employed by Waterford to work on the Adriaen's Landing Project (the "Project") and that Waterford breached contractual and other duties when it terminated their employment after three months.

Plaintiffs are proceeding under the Second Amended Civil Action Complaint dated March 19, 2002 (the "Complaint"). The Complaint contains four counts: breach of contract; promissory estoppel; negligent misrepresentation; and breach of the covenant of good faith and fair dealing. All three Plaintiffs claim that they were recruited by Tom Pippett Sr., to work on the Project, that they started work at various dates in the summer of 2000, and that they were all terminated October 2, 2000.

Plaintiffs noticed the videotaped depositions of witnesses Fink and Aitken in Philadelphia, as both witnesses live more than 100 miles from this courthouse and are not amenable to being subpoenaed to trial. Both witnesses are former employees of Defendant Waterford.

B.  **ARGUMENT**

1.  **Aitken's Direct Examination Testimony Is Irrelevant To Any Material Issue**

Plaintiffs' witness Doug Aitken testified on direct examination, over various objections (*see* Specific Objections to Aitken's Testimony below), that he became employed in some

2

*Rome McGuigan, P.C.* • *Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

unspecified capacity on the Project and that he resigned in the Spring of 2001 for personal reasons after his father died and his mother needed care.

Aitken provided no testimony as to the terms or conditions of employment of the Plaintiffs on the Project. He provided no testimony as to what Tom Pippett Sr. told the Plaintiffs concerning the terms and conditions of their employment (or anything else, for that matter); no testimony as to what any other agent or representative of Waterford told the Plaintiffs concerning employment; no testimony as to the termination of the Plaintiffs' employment, or the reasons for their termination. He could not, and in any event did not, provide evidence probative of whether or not the Plaintiffs had express or implied employment contracts. He provided no evidence probative of the Plaintiffs' estoppel claims; no evidence probative of whether Plaintiffs relied on promises made by a Waterford representative; no evidence probative of the nature of content of representations made to the Plaintiffs by any Waterford representative, and no evidence on the question whether Waterford acted in bad faith in terminating the Plaintiffs.

In short, the direct examination deposition testimony of Doug Aitken is not relevant within the meaning of Federal Rules of Evidence (FRE) Rule 401, and it is therefore inadmissible under FRE § 402.

> 2.  **Even if Portions of Aitken's Testimony Are Considered Relevant, Substantial Portions Must be Stricken From The Record For Lack of Foundation.**

In the event that the Court does not preclude Plaintiffs from playing the Aitken video deposition, the Court must limit Plaintiffs from showing the jury substantial portions of the deposition.

The basic problem with the deposition testimony is that Plaintiffs failed to lay a foundation for testimony concerning Aitken's connection with, and personal knowledge of, the issues about which he was asked to testify.

Aitken answered a series of preliminary questions about his background and training and his position at Drexel University. At page 11 of the printed transcript, he was asked:

> *Q. Okay. And before the Adriaen's Landing Project, did you know Tom Pippett, Sr.?*
>
> *A. No, I did not.*
>
> *Q. And could you tell me how it came about, if you would, for the jury --*
>
> *A. Um-hum.*
>
> *Q. -- when you met him and what due diligence, if any, you did, with respect to your interaction with him?*

*Rome McGuigan, P.C.* • *Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

*MR. HOULDING: Objection.*

*MR. POMERANTZ: You can answer.*

*MR. HOULDING: Objection to the*

*form of the question.*

*MR. POMERANTZ: I understand.*

*BY MR. POMERANTZ:*

*Q.  What -- what did you do, and tell us how you*

*met Tom Pippett?*

In the portion of the transcript preceding the reference to Tom Pippett Sr., there is no reference to him and no foundation for any testimony concerning him.  The witness is not asked to identify Tom Pippett Sr.  The witness is vague – "'99, 2000, I believe" – about the time frame of any involvement with the Project.  There is no foundation establishing that Tom Pippett Sr. was an agent of Waterford whenever a discussion occurred between the witness and Pippett; and therefore, there is no basis for admitting the witness's testimony as to Pippett's statements to him, over objections.  (Defendant will supply a complete copy of the transcript for the Court's review at the August 25, 2004 pretrial.)

Notwithstanding objections, Plaintiffs' counsel proceeded to examine the witness concerning his conversations with Pippett Sr.  It was not until pages 20-21 of the transcript that Plaintiffs' counsel asked – over objections that he was leading the witness –what position he

believed Pippett Sr. to have held in "June or July of 2000." Accordingly, prior testimony as to conversations with Pippett Sr., should be stricken since there is no foundational testimony for the proposition that Pippett was an actual or apparent agent of Defendant at the time of any conversation with Tom Pippett Sr., as described by the witness.

Although the witness then testified that Tom Pippett Sr., was "owner's rep/project executive," he failed to link Pippett Sr. with Defendant; and the witness then testified that he had an interview with various individuals, naming only one, Joe "Nochae" [Noce], and that he had an interview with "Joe" who "wanted to see . . . if I was capable of – of handling the position that they were offering." Aitken Transcript P. 21.

Over objections as to lack of foundation, the witness then testified:

*4  A.  Uh, we discussed the salary; living*

*5  arrangements, because I would be commuting from*

*6  out-of-state; term of employment. By the size of*

*7  the project, we were talking four to five years.*

*8  Q.  Did you ask any questions about the term of*

*9  employment?*

*10  A.  Sure. I asked them -- it looks like it's*

*11  going to be four to five years by the size of that*

*12  project, you know --*

6

> *13 Q. Was there any indication made to you with*
>
> *14 respect to what your arrangement would be as to*
>
> *15 term of employment?*
>
> *16 A. Four to five years.*

Aitken Transcript p. 24.

This testimony, and all subsequent testimony concerning terms and conditions of employment, should be stricken because, apart from the reference to "Joe," who was not identified except as a person to whom Aitken would be reporting, there is no identification of any individual who ostensibly spoke with Aitken concerning the terms that he described, and no foundation establishing that any specific agent of Defendant with apparent authority made representations concerning the witness's employment. The entire testimony of Aitken concerning actual or perceived employment terms is based on this unsupported foundation, and must be stricken.

Later in the deposition, Aitken was asked for his "understanding as to Chuck Sheehan's role in the project." Aitken Transcript p. 32. Chuck Sheehan had not been identified by the witness and this question was the first reference to him in the deposition. Therefore, there was no foundation for the question, and his answers to that and subsequent questions about Sheehan, over objections, should be stricken. *See* Aitken Transcript pp. 32-35..

7

Defendant moves that all of the direct examination testimony of the witness following the question about Chuck Sheehan be stricken for lack of any evidentiary foundation that the witness had personal knowledge.

3.     **Substantial Portions of Jill Fink's Testimony Must Be Stricken.**

The deposition of Plaintiffs' witness Jill Fink was contentious and objectionable for reasons similar to those expressed in the Aitken deposition. Substantial portions of her deposition testimony should be stricken as the witness testified over Defendant's objections, giving evidence of conversations with Tom Pippett Sr., without establishing the foundational elements to warrant any reasonable inference that he was an agent for the Defendant.

The first 21 pages of Fink's testimony are irrelevant to any issue in this case and should be excluded. But, assuming that the testimony is allowed as tending to establish Fink's educational and employment background and that it is not prejudicial to defendant, the objectionable testimony begins at page 22, where Fink is asked about receiving a telephone call from Tom Pippett Sr. The witness proceeded to testify concerning phone conversations, meetings and other communications from Tom Pippett Sr., without ever establishing an evidentiary basis for the proposition that Tom Pippett Sr., had any connection with Waterford Development. The witness testified over various objections as to the lack of foundation, the leading nature of the questions, the form of the questions, and the hearsay nature of responses. Defendant moves to strike all of the witness's testimony in the Fink Deposition transcript pp. 22

8

- 44. (A complete copy of the transcript will be supplied for the Court's review at the August 25, 2004 pretrial.)

Defendant claims its specific objections interspersed throughout the balance of her direct testimony. Accordingly, Defendant moves to strike all those portions of the deposition where the Court, upon review of the transcript, sustains its objections.

> THE DEFENDANT AND
> THIRD-PARTY PLAINTIFF,
> WATERFORD DEVELOPMENT, LLC
>
> _____
> Andrew Houlding, Esq.
> Federal Bar # (ct12137)
> Rome, McGuigan P.C.
> One State Street
> Hartford, CT  06103
> Phone: (860) 493-3468
> Fax: (860) 724-3921
> ahoulding@rms-law.com
> Its Attorneys

9

**CERTIFICATION**

I hereby certify that I have caused a copy of the foregoing Memorandum of Law in support of Motion in Limine to be sent via facsimile, electronic mail, and by U.S. first class mail, postage prepaid on this 23rd day of August, 2004 to the counsel listed below as follows:

Barbara J. Collins, Esq.
44 Capitol Avenue, Suite 402
Hartford, CT  06106

Gerald Jay Pomerantz, Esq.
Mark Scheffer, Esq.
Pomerantz, Scheffer & Associates
7th Floor, Stephen Girard Building
21 South 12th Street
Philadelphia PA  19107-3603

Norman Perlberger, Esq.
Perlberger Law Associates, P.C.
326 W. Lancaster Avenue, Suite 210
Ardmore, PA  19003

**and by U.S. mail only to:**

Brian C. Roche, Esq.
Pullman & Comley, LLC
850 Main Street
Bridgeport, CT  06604

_____
Andrew Houlding

10485-1/383430