UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THOMAS P. PIPPETT, JR., <br> JOSEPH T. MCDONALD, and <br> JAMES J. ROSATO, IND. par. <br> t/a ECM ELECTRICAL <br> CONSTRUCTION, <br>     Plaintiffs, <br><br> vs. <br><br> WATERFORD DEVELOPMENT, LLC, <br>     Defendant and Third-Party Plaintiff, <br><br> vs. <br><br> THOMAS PIPPETT, SR., <br>     Third-Party Defendant. | CIVIL CASE NO. <br> 3:01cv1716(MRK) |
| DARLENE JENNINGS, <br>     Plaintiff, <br><br> vs. <br><br> WATERFORD DEVELOPMENT, LLC, <br>     Defendant. | CIVIL CASE NO. <br> 3:02cv1937(MRK) |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR LEAVE OF COURT TO FILE AMENDED COMPLAINTS**

### Introduction

The instant matters concern claims of breach of contract, equitable/promissory estoppel, negligent misrepresentation and breach of the implied covenant of good faith and fair dealing connected with the employment and termination of employment of the Plaintiffs at bar in the companion cases. Plaintiffs seek leave of Court to file Amended Complaints asserting claims of wrongful discharge/termination arising out of the same factual circumstances that support the

other legal theories, and which conform to the evidence that has been produced during the course of discovery and the summary judgment process.

**Procedural Background**

Plaintiffs Pippett, Jr., Rosato and McDonald initially filed a Complaint in the United States District Court for the Eastern District of Pennsylvania. As a result of Defendant's Motion, Judge Norma Shapiro in the Eastern District of Pennsylvania transferred the Pippett, Jr., et al. matter to the United States District Court for the District of Connecticut. *Pippett v. Waterford Development, LLC,* 166 F.Supp.2d 233 (E.D. Pa. 2001). Plaintiffs Pippett, Jr., et al. filed an Amended Complaint in the District of Connecticut on or about July 3, 2001, which matter has been designated Civil Case No. 3:01cv1716(MRK).

Plaintiffs Pippett, Jr., et al. filed a Second Amended Complaint in the District of Connecticut on or about March 20, 2002, raising, inter alia, a cause of action for fraudulent misrepresentation (Count Three), in addition to claims for breach of contract (Count One), equitable estoppel/promissory estoppel (Count Two), negligent misrepresentation (Count Four), and breach of the implied covenant of good faith and fair dealing (Count Five). As part of their response to Defendant's Motion to Dismiss (the Second Amended Complaint), Plaintiffs Pippett, Jr., et al. voluntarily withdrew the fraudulent misrepresentation claim (Count Three) **without prejudice.** On or about August 15, 2002, Defendant Waterford Development, LLC filed a Third-Party Complaint against Thomas Pippett, Sr.

On or about October 31, 2002, Plaintiff Jennings filed a Complaint in the matter which has been designated as Civil Case No. 3:02cv1937(MRK). Defendant requested consolidation of the two matters for trial, which request is still pending before the Court.

-2-

On or about March 10, 2003, Defendant filed motions for summary judgment against each of the Pippett, Jr. et al. Plaintiffs. Following briefing from both sides, this Honorable Court denied summary judgment by decision entered February 27, 2004.

During the course of discovery and through the summary judgment filings, evidence developed to support Plaintiffs' belief that their terminations were motivated by an illegal and malicious intent aimed at arresting mounting concerns among the Pippett project team that excessive fees were being paid on bids and contracts awarded by the State in connection with the Adriaen's Landing Project. These concerns were being voiced by Pippett, Sr., resulting in his abrupt termination, along with the Plaintiffs hired by him for the project team and who were closest to him.

Concerned that such "whistle-blowing" would leak out ultimately into the public domain, Defendant came up with an unsupported reason for termination – lack of work – and recklessly and callously terminated Plaintiffs who had relocated to Connecticut anticipating to be employed for the life of the project. The evidence will show that Defendant's purported reason for termination of Plaintiffs, i.e., an alleged "lack of work" on a large, complex multi-year construction project which is still not completed after more than four years, was a pretext and that their terminations were violative of public policy.

As the issues for trial have progressively become more focused through the pretrial procedure and conference, Plaintiffs Pippett, Jr., et al. seek leave of Court to file an Amended Complaint adding a new Count Three (to replace the former claim of fraudulent misrepresentation withdrawn without prejudice) alleging wrongful discharge/termination, including a claim for punitive damages. Plaintiff Jennings also seeks leave of Court to file an

-3-

Amended Complaint adding a new Count Five alleging wrongful discharge/termination, including a claim for punitive damages.

**Argument**

Rule 15(a) of the Federal Rules of Civil Procedure authorizes amendment of the pleadings "by leave of court" and provides that "leave shall be freely given when justice so requires." Rule 15(a), Fed.R.Civ.P. Further, "[i]f evidence is objected to at trial on the ground that it is not within the issues made by the pleadings," Rule 15(b) permits that "the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice the party in maintaining the party's action or defense upon the merits." Rule 15(b), Fed.R.Civ.P.

The factual bases for amendment are supported by the pre-trial evidence and Defendant has been "on notice" ever since it interposed the "lack of work" defense. The "new" legal theories simply conform to the evidence developed by Plaintiffs. In their responses in opposition to summary judgment, Plaintiffs Pippett, Jr. et al. alleged that their terminations were not motivated by a legitimate "lack of work" as pretextually alleged by Defendant, but were in fact motivated in retaliation for (then) present and to forestall (then) future complaints about perceived improprieties in the excessive payment and employment of unnecessary consultants on the Adriaen's Landing project. *See* Plaintiffs' Memorandum in Opposition to Summary Judgment, pp. 9-10; Plaintiffs' Sur-Reply in its entirety; Pippett, Sr. Affidavit, para. 6; Pippett, Jr. Affidavit, paras. 10-11; Rosato Supplemental Affidavit, para. 5; Pippett, Sr., 12/4/02, N.T. 127, 174-175; Aitken N.T. 32-35; Cohn N.T. 33, 74-75, 79; Noce N.T. 27-28.

Accordingly, under the liberal provisions of Rule 15, Fed.R.Civ.P. which permit amendment of pleadings or claims even at time of trial, if the evidence conforms to the request, and especially where no "surprise" can be reasonably argued by the other side, it is respectfully prayed that amendment be permitted. If Defendant should argue that Plaintiffs cannot maintain their claims supportive of the amended Count, the Court has adequate ways to insure that the claims do not get submitted to the jury for its deliberations. This can be controlled during the course of the trial by appropriate rulings when proper objections are made and by motion for directed verdict on said claims before the case goes to the jury.

To preclude amendment and foreclose any presentation of evidence that would support Plaintiffs' request for relief in the form of compensatory and punitive damages on these claims would be, it is respectfully argued, prejudicial, unfair and premature.

### Conclusion

WHEREFORE, Plaintiffs respectfully request leave of Court to file Amended Complaints in their respective actions adding a new Count raising claims of wrongful discharge/termination.

Respectfully submitted,

POMERANTZ & SCHEFFER

Gerald Jay Pomerantz, Esquire
21 South 12th Street, Suite 700
Philadelphia, PA 19107-3603
Phone: (215) 569-8866
Fax: (215) 568-6511

Dated: 8/25/04

PERLBERGER LAW ASSOCIATES, P.C.

Norman Perlberger, Esquire
326 W. Lancaster Avenue, Suite 210
Ardmore, PA 19003
Phone: (610) 645-0900
Fax: (610) 645-9240

(Attorneys for Plaintiffs)

Gerald Jay Pomerantz, Esquire
POMERANTZ & SCHEFFER,
Associates in Discrimination Law
Identification No. 03636
7th Floor, Stephen Girard Building                    Attorneys for Plaintiffs
21 South 12th Street
Philadelphia, PA   19107-3603
(215) 569-8866

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| THOMAS P. PIPPETT, JR.; | CIVIL ACTION |
| JOSEPH T. McDONALD; and | |
| JAMES J. ROSATO, Ind. & t/a ECM | |
| ELECTRICAL CONSTRUCTION | |
| vs. | |
| WATERFORD DEVELOPMENT, LLC | NO. 3:01-cv-1716 (MRK) |
| | |
| DARLENE JENNINGS | CIVIL ACTION |
| vs. | |
| WATERFORD DEVELOPMENT, LLC | NO. 3:02-cv-1937 (MRK) |

### CERTIFICATION

MICHAEL W. JONES, ESQUIRE, hereby certifies that service of a true and correct copy of

Plaintiffs' Motion to Amend Complaint with attached exhibits and Amended Complaints was made this

date by fax, e-mail, and first-class mail to the following:

Andrew Houlding, Esquire                     Barbara J. Collins, Esquire
Rome McGuigan Sabanosh, P.C.                 44 Capitol Avenue
One State Street                             Suite 402
Hartford, CT   06103                         Hartford, CT   06106
(FAX 860-724-3921)                           (FAX 860-246-3727)

                                             _____
                                             MICHAEL W. JONES, ESQUIRE

DATED:  5/25/04

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS P. PIPPETT, JR.,<br>JOSEPH T. MCDONALD, and<br>JAMES J. ROSATO, IND. par.<br>t/a ECM ELECTRICAL<br>CONSTRUCTION,<br>    Plaintiffs, | : <br> : <br> : <br> : <br> : <br> : <br> : | CIVIL CASE NO.<br>3:01cv1716(MRK) |
| vs. | : | |
| WATERFORD DEVELOPMENT, LLC,<br>    Defendant and Third-Party Plaintiff, | : <br> : <br> : | |
| vs. | : <br> : | |
| THOMAS PIPPETT, SR.,<br>    Third-Party Defendant. | : <br> : | |
| DARLENE JENNINGS,<br>    Plaintiff, | : <br> : <br> : | CIVIL CASE NO.<br>3:02cv1937(MRK) |
| vs. | : <br> : | |
| WATERFORD DEVELOPMENT, LLC,<br>    Defendant. | : <br> : | |

**ORDER**

AND NOW, this ___ day of _____, 2004, upon review and consideration of Plaintiffs' Motion for Leave to Amend Complaints and Defendant's response thereto, it is hereby ORDERED that Plaintiffs' Motion is GRANTED.

BY THE COURT:


_____
Mark R. Kravitz, J.