UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS P. PIPPETT, JR., <br> JOSEPH T. MCDONALD, and <br> JAMES J. ROSATO, IND. par. <br> t/a ECM ELECTRICAL <br> CONSTRUCTION, <br>     Plaintiffs, <br><br> vs. <br><br> WATERFORD DEVELOPMENT, LLC, <br>     Defendant and Third-Party Plaintiff, <br><br> vs. <br><br> THOMAS PIPPETT, SR., <br>     Third-Party Defendant. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | CIVIL CASE NO. <br> 3:01cv1716(MRK) |
| DARLENE JENNINGS, <br>     Plaintiff, <br><br> vs. <br><br> WATERFORD DEVELOPMENT, LLC, <br>     Defendant. | : <br> : <br> : <br> : <br> : <br> : <br> : | CIVIL CASE NO. <br> 3:02cv1937(MRK) |

**PLAINTIFFS' MEMORANDUM OF LAW**
**RE: CONSOLIDATION OF JURY AND NON-JURY ACTIONS**

**Introduction**

The instant case involves a pending request for consolidation for trial of the above-captioned matters. The matter Pippett, Jr., et al. v. Waterford Development, LLC v. Pippett, Sr. was filed with a jury demand; the matter Jennings v. Waterford Development, LLC was not.

At the pretrial conference on August 19, 2004, the Court requested that Plaintiffs brief the issue of whether, in the case of consolidation of jury and non-jury actions, the applicable law required the trial court automatically to try both cases with a jury, or to bifurcate the actions into

jury and bench trial verdicts within the consolidated action. Further, if the applicable law did not require a specific result, the Court inquired whether the trial court was vested with discretion as to whether to try one or both actions with a jury.

## Discussion

### I. Consolidation of Both Matters for Jury Trial

Rule 39(b) of the Federal Rules of Civil Procedure provides: "Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues." Rule 39(b), Fed.R.Civ.P.

In *Polak v. Koninklijke Luchtvaart Maartschappij N V KLM Royal Dutch Airlines Holland*, 19 F.R.D. 87 (S.D.N.Y. 1956), the trial court exercised its discretionary authority under Rule 39(b) to approve belated transfer to the jury calendar of an action likely to be consolidated with other actions arising out of the same accident, on the ground that consolidated trial of jury and nonjury cases would impose undue burden on trial court. The *Polak* court noted that: "The advantages of consolidating multiple claims arising from a single accident outweigh even the considerations requiring strict enforcement of the rules on jury demand." 19 F.R.D. at 88.

Although mere inadvertence is generally not recognized as a sufficient basis to permit a court to exercise its discretion under Rule 39(b) to permit trial by jury where a timely demand was not filed, the Second Circuit has applied Rule 6(b)(2) to recognize that, in certain circumstances, mere inadvertence might constitute excusable neglect to permit the court to authorize filing of an untimely jury demand. *Raymond v. Int'l Bus. Machines Corp.*, 148 F.3d 63 (2nd Cir. 1998). In pertinent part, Rule 6(b)(2) provides:

-2-

"When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may <u>at any time in its discretion</u> . . . (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect . . .." (Emphasis added) Rule 6(b)(2), Fed.R.Civ.P.

In *Raymond*, the Second Circuit followed the United States Supreme Court's analysis in *Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd Partnership*, 507 U.S. 380 (1993) to note that Rule 6(b)(2) was meant to apply to the time constraint in Rule 38(b) (pertaining to timely filing of jury demand). 148 F.3d at 66. In *Pioneer*, the Supreme Court noted that:

> **"It is not surprising ... that in applying Rule 6(b), the Courts of Appeals have generally recognized that 'excusable neglect' may extend to inadvertent delays. Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." 507 U.S. at 391-392 (citations and footnotes omitted).**

The *Raymond* court of appeals stated:

> "'The Supreme Court held that the inquiry into whether a failure to abide by a specified time constraint constitutes "excusable neglect" is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," including prejudice to the other party, the reason for the delay, its duration, and whether the movant acted in good faith. *Id.* at 395, 113 S.Ct. 1489. We hold that in light of the Supreme Court's decision in *Pioneer*, the requirement in *Noonan* of a showing "*beyond* mere inadvertence" should not be construed to preclude a district court from granting a Rule 6(b)(2) motion in appropriate circumstances.
>
> Applying the equitable criteria described in *Pioneer*, **we hold that in the circumstances presented, the district court did not abuse its discretion in granting plaintiff's Rule 6(b)(2) motion.** IBM does not point to any evidence that would tend to show that plaintiff acted in bad faith. Although the delay in serving the jury demand was considerable, plaintiff points out that memoranda of law filed with the court by both parties, and the court's own summary judgment opinion, appear to assume that the case would ultimately be tried to a jury. Accordingly, there is little indication that IBM suffered prejudice as a result of the delay. In these circumstances, the district court acted well within its discretion under Rule 6(b)(2) in granting plaintiff leave to serve a jury demand out of time.'" 148 F.3d at 66-67.

-3-

At bar, the parties have assumed, until very recently because of Defendant's vocal protestations at time of preparation of the Joint Trial Memorandum Report ("JTMR"), that both cases would be decided by jury. Even when raised by Defendant, Plaintiffs maintained in their section of the JTMR, that jury trial should be the manner these intertwined, factually-related cases are tried, notwithstanding the inadvertence of Jennings's failure to file a timely jury demand as per Rule 38(b), Fed.R.Civ.P.

Indeed, the discussions at the scheduling conference that resulted in the Court's Scheduling Order dated April 5, 2004, setting forth the requirements of the Joint Trial Memorandum (including jury instructions) evidence that all parties and the Court were assuming that all issues and claims would be tried by jury. There is certainly no suggestion that Plaintiff Jennings has not acted in good faith.

In weighing the equities of the present situation, there are two possibilities. Either Defendant was aware of Jennings' inadvertent failure to plead a jury demand at that time and disingenuously chose to wait until the eleventh hour before trial to raise an objection to jury trial for Jennings, or Defendant had always assumed and planned to defend a jury trial in Jennings' case until discovering the pleading imperfection recently, and thus has not been at all prejudiced if Jennings is permitted a jury trial along with Plaintiffs Pippett, Jr., Rosato and McDonald in the event the two matters are consolidated for trial. Either way, Defendant would not be unfairly prejudiced by permitting Jennings' claims to be tried by jury.[1]

---

[1] Defendant's recent attempt to renege on the parties' agreement to consolidate the cases for trial shows that all Defendant's present arguments in opposition to consolidation of jury trials is an afterthought and that Defendant, far from being prejudiced, has been preparing for jury trial on both matters all along. Indeed, Defendant concedes in its Memorandum seeking to revoke the consolidation agreement that it was not even aware of any failure of Jennings to file a jury demand until very recently. (Defendant's Memorandum of Law, p. 2)

Trial of both cases by jury would be a more efficient use of judicial resources and ensure greater consistency of factual findings insofar as the jury would already be charged to make factual determinations with respect to the claims of Plaintiffs Pippett, Jr., et al., and would avoid the possibility of an inconsistent result of the Court disagreeing with the jury's credibility determinations on substantially similar factual issues relating to what the deal was for each of the Plaintiffs to work on the Adriaen's Landing project and what the true reasons were for terminating their services. Waterford is the Defendant in both cases and, except for Ms. Jennings own testimony, all the witnesses called in the case on both sides are relevant to both cases.

## II. Advisory Jury for Jennings

In the event this Honorable Court declines to exercise discretion to permit Jennings a trial by jury on her claims, Rule 39(c) of the Federal Rules of Civil Procedure clearly provides that "[i]n all actions not triable of right by a jury the court upon motion or of its own initiative may try any issue with an advisory jury . . .." Rule 39(c), Fed.R.Civ.P. Rule 42(a) provides "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

## Conclusion

For the foregoing reasons, Plaintiffs submit that this Honorable Court should permit both matters to be tried by the jury, or, alternatively, try the claims of Jennings with an advisory jury, pursuant to Rule 39(c), Fed.R.Civ.P.

Respectfully submitted,

POMERANTZ & SCHEFFER

*/s/ Gerald Jay Pomerantz*
Gerald Jay Pomerantz, Esquire
21 South 12th Street, Suite 700
Philadelphia, PA 19107-3603
Phone: (215) 569-8866
Fax: (215) 568-6511

Dated: 8/25/04

PERLBERGER LAW ASSOCIATES, P.C.

*/s/ Norman Perlberger*
Norman Perlberger, Esquire
326 W. Lancaster Avenue, Suite 210
Ardmore, PA 19003
Phone: (610) 645-0900
Fax: (610) 645-9240

(Attorneys for Plaintiffs)

Gerald Jay Pomerantz, Esquire
POMERANTZ & SCHEFFER,
Associates in Discrimination Law
Identification No. 03636
7th Floor, Stephen Girard Building
21 South 12th Street
Philadelphia, PA   19107-3603
(215) 569-8866

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **THOMAS P. PIPPETT, JR.;** | **CIVIL ACTION** |
| **JOSEPH T. McDONALD; and** | |
| **JAMES J. ROSATO, Ind. & t/a ECM** | |
| **ELECTRICAL CONSTRUCTION** | |
| vs. | |
| **WATERFORD DEVELOPMENT, LLC** | **NO. 3:01-cv-1716 (MRK)** |
| | |
| **DARLENE JENNINGS** | **CIVIL ACTION** |
| vs. | |
| **WATERFORD DEVELOPMENT, LLC** | **NO. 3:02-cv-1937 (MRK)** |

## CERTIFICATION

MICHAEL W. JONES, ESQUIRE, hereby certifies that service of a true and correct copy of Plaintiffs' Motion for Consolidated Jury Trial and Memorandum of Law was made this date by fax, e-mail, and first-class mail to the following:

Andrew Houlding, Esquire
Rome McGuigan Sabanosh, P.C.
One State Street
Hartford, CT   06103
(FAX 860-724-3921)

Barbara J. Collins, Esquire
44 Capitol Avenue
Suite 402
Hartford, CT   06106
(FAX 860-246-3727)

MICHAEL W. JONES, ESQUIRE

DATED: 8/25/04

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS P. PIPPETT, JR., <br> JOSEPH T. MCDONALD, and <br> JAMES J. ROSATO, IND. par. <br> t/a ECM ELECTRICAL <br> CONSTRUCTION, <br>     Plaintiffs, | : <br> : <br> : <br> : <br> : <br> : <br> : | CIVIL CASE NO. <br> 3:01cv1716(MRK) |
| vs. | : <br> : | |
| WATERFORD DEVELOPMENT, LLC, <br>     Defendant and Third-Party Plaintiff, | : <br> : <br> : | |
| vs. | : <br> : | |
| THOMAS PIPPETT, SR., <br>     Third-Party Defendant. | : <br> : | |
| DARLENE JENNINGS, <br>     Plaintiff, | : <br> : <br> : | CIVIL CASE NO. <br> 3:02cv1937(MRK) |
| vs. | : <br> : | |
| WATERFORD DEVELOPMENT, LLC, <br>     Defendant. | : <br> : | |

## ORDER

AND NOW, upon review of Plaintiffs' Motion for Consolidated Jury Trial, and Defendant's response(s) thereto, it is hereby ORDERED that the above cases will be consolidated for trial by jury.

BY THE COURT:

_____
Mark R. Kravitz, J.