IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS P. PIPPETT, JR., | : | CIVIL ACTION NO. |
| JOSEPH T. MCDONALD, and | : | 3:01cv1716(MRK) |
| JAMES J. ROSATO, IND. par. | : | |
| t/a ECM ELECTRICAL | : | |
| CONSTRUCTION, | : | |
| Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | |
| WATERFORD DEVELOPMENT, LLC, | : | |
|       Defendant. | : | |
| | : | |
| WATERFORD DEVELOPMENT, LLC, | : | |
|       Third-Party Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| THOMAS PIPPETT, SR., | : | |
|       Third-Party Defendant. | : | AUGUST 30, 2004 |

**THIRD PARTY DEFENDANT'S REQUEST TO AMEND/REVISE PROPOSED JURY INSTRUCTIONS**

The Third-Party Defendant Thomas Pippett, Sr. ("Pippett Sr."), through its undersigned counsel, hereby requests that the Court permit Third-Party Defendant to submit the following jury instructions. No jury instructions were submitted with the Joint Trial Management Report, dated August 3, 2004 as it was not decided whether the third party claim would be heard by the jury.:

1. With respect to Pippett's Defense of the Claim by Waterford

   a. Instructions as to the Definition of Agency and Fiduciary Obligation

Waterford's claim against Thomas Pippett Sr., as the Third Party Defendant requires that Waterford first prove that Pippett Sr. was its agent. "The three elements required to show the existence of an agency relationship include: (1) a manifestation by the principal that

the agent will act for him; (2) acceptance by the agent of the undertaking; and (3) an understanding between the parties that the principal will be in control of the undertaking." Gordon v. Tobias, 262 Conn. 844, 849 (2003) citing *Beckenstein* v. *Potter & Carrier, Inc,.*191 **Conn.** 120 , 132-33, 464 A2d 6 (1983).  Waterford hired TPP International Inc. a business of which Pippett Sr. is president. Waterford did not hire Thomas Pippett Sr. directly

If you find that an agency relationship exists between Waterford and Pippett Sr. then you must examine if relationship to see if it was a fiduciary relationship.  This is especially important as the relationship between Pippett Sr. and Waterford was a business relationship.  Not all business relationships result in a fiduciary relationship.  Hi-Ho Tower, Inc. v. Com-Tronics, Inc., 255 Conn. 20, 38 (2000).  In particular,  there is no fiduciary relationship where the parties were either dealing at arm's length, thereby lacking a relationship of dominance and dependence, or the parties were not engaged in a relationship of special trust and confidence  Id at 42. Technical expertise did not convert the relationship between the parties from a business relationship into a fiduciary relationship. Superior skill and knowledge alone do not create a fiduciary duty among parties involved in a business transaction".  Id at 42  To find a fiduciary relationship you must find that Waterford was in a dependent position, lacking in mental acuity, business intelligence or knowledge of the basic principles involved in its relationship with Pippett Sr.  Id at 42 citing High Plains Genetics Research, Inc. v. JK Mill-Iron Ranch, 535 N.W. 2d 839, 842-43 (S.D. 1995)

If there is no fiduciary duty then no liability against Pippett  Sr. can be found even if you find that Waterford is liable to the Plaintiffs.  For there to be any liability

Waterford must show Pippett Sr. was the sole cause of the injury to the Plaintiffs. Crotta v. Home Depot, Inc., 249 Conn. 634, 640 (1999)

    b. Instructions as to the Effect of the Release from Waterford

    Pippett Sr. also contends that the release granted to his company TPP, International Inc and its successors and assigns by Waterford protests him from any liability, which might arise from this action. Under Connecticut law the release of one tortfeasor operates as a release of all tortfeastors. Sims v. Honda Motor Co., 225 Conn. 401, 406 (1993)  If you find that the release which states it covers "any and all claims, demands, liabilities, losses and expenses, suits or judgments" is applicable to this action, then you must find that Pippett Sr. is not liable for any damages, costs or fees to Waterford.

                                              THIRD-PARTY DEFENDANT,
                                              THOMAS PIPPETT SR.

                                            _____
                                            Barbara J. Collins, Esq.
                                            Federal Bar No (ct04634)
                                            44 Capitol Avenue, Suite 402
                                            Hartford, CT  06106
                                            Phone (860) 297-6502
                                            Fax (860) 724-3921
                                             barbcollins@mac.com
                                            His Attorneys

## **CERTIFICATION**

I hereby certify that I have caused a copy of the foregoing via electronic mail or facsimile this 30th day of August, 2004 or hand delivered the 31st of August, 2004 to the following counsel of record listed below as follows:

Andrew Houlding, Esq
Rome McGuigan PC
One State Street
Hartford, CT 06016

Gerald Jay Pomerantz, Esq.
Mark Scheffer, Esq.
Pomerantz, Scheffer & Associates
7th Floor, Stephen Girard Building
21 South 12th Street
Philadelphia PA  19107-3603

Norman Perlberger, Esq.
Perlberger Law Associates, P.C.
326 W. Lancaster Avenue, Suite 210
Ardmore, PA  19003

                                                    _____
                                                          Barbara J. Collins