UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS P. PIPPETT, JR., <br> JOSEPH T. MCDONALD, and <br> JAMES J. ROSATO, IND. par. <br> t/a ECM ELECTRICAL <br> CONSTRUCTION, <br>     Plaintiffs, | : <br> : <br> : <br> : <br> : <br> : | CIVIL CASE NO. <br> 3:01cv1716(MRK) |
| vs. | : | |
| WATERFORD DEVELOPMENT, LLC, <br>     Defendant and Third-Party Plaintiff, | : <br> : <br> : | |
| vs. | : | |
| THOMAS PIPPETT, SR., <br>     Third-Party Defendant. | : <br> : | |
| DARLENE JENNINGS, <br>     Plaintiff, | : <br> : <br> : | CIVIL CASE NO. <br> 3:02cv1937(MRK) |
| vs. | : | |
| WATERFORD DEVELOPMENT, LLC, <br>     Defendant. | : <br> : | |

United States District Court
District of Connecticut
FILED AT NEW HAVEN
Sept 3 .....20 04
Kevin F. Rowe, Clerk
By Kenneth R. Ghilardi
   Deputy Clerk

**PLAINTIFFS' MEMORANDUM OF LAW**
<u>**RE: DAMAGES STANDARDS AND BURDEN OF PROOF ON MITIGATION**</u>

In response to the Court's request for the parties' views on the appropriate measure of damages on the breach of contract and negligent misrepresentation claims, as well as on the issue of which party has the burden of proof on mitigation of damages, Plaintiffs submit the following memorandum of law.

Plaintiffs assert that under Connecticut law, breach of contract damages are intended to place the injured party in the same position as he would have been in had the contract been

performed. *Barry v. Posi-Seal Int'l, Inc.*, 647 A.2d 1031, 1040 (Conn. App. 1994). Back pay to the time of trial is recoverable (*Id.*, at 1036), though front pay for lost opportunities, beyond the scope and duration of the breached contract, is not under a breach of contact theory.

The *Barry* Court of Appeals also acknowledged that Connecticut law provides that damages for negligent misrepresentation entitle plaintiffs to be compensated for any pecuniary loss suffered by them in justifiable reliance on the misrepresentation(s), if the defendant failed to exercise reasonable care. *Id.*, at 1041. Under a negligent misrepresentation theory, Plaintiffs would be entitled to recover for any and all reasonably foreseeable losses that resulted from Defendant's negligent conduct. Such losses could include lost opportunities outside the four corners of a written or oral employment agreement. Such losses would be foreseeable where the termination results in a loss of credibility in the market place and severly depresses the plaintiff's ability to replicate the contract he had with the employer. He would also be entitled to recover pain and suffering, emotional distress, humiliation, loss of self-esteem and other damages typically available for negligence claims.

With regard to the issue of which party has the burden of proof of mitigation or failure to mitigate damages, the court in *Torosyan* stated: "The normal rule on an employment contract is that when the employee is prevented from fully performing because the employer wrongfully fires him, the employee can recover the wages he would have earned under the contract, minus any wages which he has earned or could have earned elsewhere, and the burden of proof of the latter is on the employer." *Torosyan v. Boehringer-Ingelheim Pharmaceuticals*, 234 Conn. 1, 33 (1995) (citations omitted).

Respectfully submitted,

| POMERANTZ & SCHEFFER | PERLBERGER LAW ASSOCIATES, P.C. |
|---|---|
| *[signature]* | *[signature]* |
| Michael W. Jones, Esquire | Norman Perlberger, Esquire |
| 21 South 12th Street, Suite 700 | 326 W. Lancaster Avenue, Suite 210 |
| Philadelphia, PA 19107-3603 | Ardmore, PA 19003 |
| Phone: (215) 569-8866 | Phone: (610) 645-0900 |
| Fax: (215) 568-6511 | Fax: (610) 645-9240 |

Dated: 9/2/04

(Attorneys for Plaintiffs)

## CERTIFICATION

I hereby certify that I have served a copy of the foregoing Plaintiffs' Memorandum of Law Re: Damages Standards and Burden of Proof on Mitigation by hand-delivery this 2nd day of September, 2004, to the counsel of record listed below as follows:

Andrew Houlding, Esquire
Bridget Ciarlo, Esquire
Rome McGuigan, P.C.
One State Street
Hartford, CT 06103-3101

Barbara Collins, Esquire
44 Capitol Avenue, Suite 402
Hartford, CT 06106

_____
Michael W. Jones, Esquire
Pomerantz & Scheffer
21 South 12th Street, Suite 700
Philadelphia, PA 19107