IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| THOMAS P. PIPPETT, JR., : | |
| JOSEPH T. MCDONALD, and : | CIVIL ACTION NO. |
| JAMES J. ROSATO, IND. par. t/a : | 3:01cv1716(MRK) |
| ECM ELECTRICAL CONSTRUCTION : | |
| and DARLENE JENNINGS, : | |
|     PLAINTIFFS, : | |
| : | |
| vs. : | |
| : | |
| WATERFORD DEVELOPMENT, LLC : | |
|     DEFENDANT. : | |
| : | |
| WATERFORD DEVELOPMENT, LLC, : | |
|     THIRD-PARTY PLAINTIFF, : | |
| : | |
| vs. : | |
| : | |
| THOMAS PIPPETT, SR., : | |
|     THIRD-PARTY DEFENDANT. : | SEPTEMBER 7, 2004 |

### OBJECTIONS TO JURY INSTRUCTIONS

Defendant Waterford Development, LLC hereby files the following Objections to this Court's proposed Jury Charge:

1.   Page 10, lines 5-9 relates to stipulations: the parties have not stipulated to any facts.

2. Page 10, lines 10-20 relates to answers to interrogatories. As neither party has marked answers to interrogatories as an exhibit, this portion of the charge is unnecessary.

3. Pages 13, lines 20-23, through page 14, lines 1-21, relate to witness credibility. Defendants propose that this instruction contain a line explaining that the plaintiffs themselves are witnesses.

4. Page 15, lines 1-6, relates to deposition testimony. If the parties do not read deposition testimony into the record, this portion should be deleted.

5. Page 20, lines 4-5, the court inquires as to whether a charge on consideration is required as it is unclear whether consideration is at issue. As consideration for the agreement is not at issue, Waterford does not request said charge.

6. Page 20, line 12, Defendant proposes that the words "at will" consistently be set forth in quotation marks.

7. Page 20, lines 6-8, regarding the employer's right to terminate employment. The phrase "does not limit the terminability of an employment contract" is confusing. Defendant proposes the following. "Typically, an

2

implied contract of employment does not contain a terms limiting an employer's right to terminate its employees but merely includes terms specifying wages, working hours, job responsibilities and the like."

8. Page 20, lines 20-21, Defendant proposes the phrase "is based on representations, statements or promises allegedly made to them by Pippett, Sr." rather than "based on alleged representations, statements or promises made to them by Pippett, Sr."

9. Page 21, line 17, insert "alleged" before "representations and promises."

10. Page 21, line 21, Defendant proposes that the date be changed to May 25, the date on which Pippett, Sr. began working for Defendant.

11. Page 21, line 4, insert "The mere existence of an employment relationship without more does not render statements of an employee admissible against an employer" before the sentence "Waterford may be held liable as a 'principal' if Pippett Sr. made the alleged representations as an 'agent' of Waterford with actual or apparent authority to make the representations, statements or promises on Waterford's behalf."

3

12.     Page 21, line 15, Defendant proposes that the charge explain what "scope" means given that Defendant does not contest that Pippett Sr. was authorized to relate information regarding salary and benefits but not duration or "for cause." Defendant proposes "a principal may place limits on an agent's authority or give the agent authority to speak for the principal only as to specific matters/topics and those limits define the scope of the agent's authority."

13.     Page 21, lines 22-23 and page 22, lines 1-2, reads: "but the parties disagree as to whether Pippett, Sr. had the authority to make representations or promises of employment on behalf of Waterford prior to May 29, 2000" and the Court wants to know whether this is correct. The date should be changed from May 29 to May 25.

14.     Page 22, line 18, regarding breach of the contract, Defendant proposes the following: "In this case, the plaintiffs claim that Waterford breached its alleged agreement with the plaintiffs by failing to comply with the specific terms of the contract" before the sentence that begins: "As mentioned above . . . ." Defendant proposes this change because the word "obligations" is overly broad.

4

15.     Page 24, lines 6-15, Defendant proposes language indicating that with respect to contract damages, the damages assigned must flow from the breach itself.

16.     Page 26, line 6, insert the word "allegedly" prior to "made to them by Pippett Sr."

17.     Page 26, line 20, Defendant proposes the insertion of the words "with respect to any statements or promises allegedly made to them by Pippett Sr." after the word "truth."

18.     Page 28, line 4, the word "thought" should be "though."

19.     Page 28, line 6, Defendant proposes deletion of the phrase, "abuse of a power to specify terms." This phrase comes from the Restatement (Second) Contracts, but Defendant is only aware of one Connecticut case that has cited such language, and only in boilerplate. Given that the charge indicates on line 5 that a complete catalogue of types of bad faith is impossible, the phrase should be deleted.

20.     Page 30, line 3, insert the word "allegedly" before the phrase "made to them by Pippett Sr."

5

21.   Page 30, line 13, regarding intent to induce reliance, insert the work "alleged" before representations.

22.   Page 30, lines 20-22 and page 31, lines 1-2.  Defendant proposes that the sentence be revised as follows:  "Rather the Plaintiffs can prevail on this claim if they can prove that Pippett, Sr., speaking on behalf of Waterford, was negligent in either of the following ways:  1) in making the alleged misrepresentations without knowing that Waterford . . . ."

23.   Page 31, lines 3-4, Defendant proposes that this charge is necessary because it forms a basis for its claim against Pippett, Sr, i.e. that if Waterford is liable it is because Pippett, Sr. breached his duty to Waterford by making representations based on his own assumptions, without ascertaining whether his assumptions regarding the terms of employment were correct.

24.   Page 31, line 11, Defendant proposes that this charge is necessary.

25.   Page 31, line 6, insert "allegedly" before "made by Pippett Sr."

26.   Page 35, lines 1-6, regarding contract damages, Defendant proposes a charge indicating that the Plaintiffs had a duty to mitigate by, *inter alia*, finding other suitable employment.

6

27. Page 35, lines 18-23 and page 36, lines 1-12, Defendant proposes a charge regarding its affirmative defense of contributory negligence.

28. Pages 29-32, regarding Negligent Misrepresentation, Defendant proposes an instruction on cause/proximate cause, and a charge that the jury must find that it was Defendant's negligence that caused that caused Plaintiff's damages.

29. Page 39, line 1, the Defendant asserts that the characterization that Waterford agreed to give up its right to "bring legal claims against Thomas Pippett, Sr. regarding the employment contracts at issue in this case" is misleading. In the release, Waterford releases Pippett, Sr. from <u>any and all claims</u>, suits or judgments which each had, has or may have against the other.  <u>It does not specifically deal with the employment contracts at issue in this case</u>.

30. Page 19, lines 2-5, Defendant proposes an instruction explaining that there are two types of contracts: (1) express and (2) implied, and that an express contract may be oral or written. The instruction should go on and explain what an implied contract is – implied by circumstances. Additionally, the court indicates, on lines 2-3 that the Plaintiffs have alleged that they had

7

an express contract. If so, query whether they are entitled to a charge on implied contract. Finally, lines 3-5 regarding the fact that all employee relationships not governed by an express contract involve an implied contract may be inconsistent with the court's charge on page 18, lines 11-15, that Waterford claims that no enforceable contract existed because essential terms were left out.

THE DEFENDANT
AND THIRD-PARTY PLAINTIFF,
WATERFORD DEVELOPMENT, LLC

By: _____
Jonathan J. Blake, Esq.
Rome McGuigan, PC
One State Street
Hartford, CT 06103
Tel: (860) 493-3468
Fax: (860) 724-3921
Federal Bar # (ct22321)
jblake@rms-law.com
Its Attorneys

8

## ORDER

The foregoing Objections having been heard by the Court it is hereby ORDERED:

SUSTAINED / OVERRULED.

BY THE COURT,

_____
Judge/Clerk

9

### **CERTIFICATION**

I hereby certify that I have caused a copy of the foregoing Objections to Jury Instructions to be hand-delivered on this 7th day of September, 2004 to the counsel of record listed below as follows:

Barbara J. Collins, Esq.
44 Capitol Avenue, Suite 402
Hartford, CT 06106

Gerald Jay Pomerantz, Esq.
Pomerantz, Scheffer & Associates
7th Floor, Stephen Girard Building
21 South 12th Street
Philadelphia PA 19107-3603

Norman Perlberger, Esq.
Perlberger Law Associates, P.C.
326 W. Lancaster Avenue, Suite 210
Ardmore, PA 19003

**and by U.S. mail only to:**

Brian C. Roche, Esq.
Pullman & Comley, LLC
850 Main Street
Bridgeport, CT 06604

_____
Jonathan J. Blake

10485-1/384254

10