UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS P. PIPPETT, JR., <br> JOSEPH T. MCDONALD, and <br> JAMES J. ROSATO, IND. par. <br> t/a ECM ELECTRICAL <br> CONSTRUCTION, <br>     Plaintiffs, | : <br> : <br> : <br> : <br> : <br> : <br> : | CIVIL CASE NO. <br> 3:01cv1716(MRK) |
| vs. | : | |
| WATERFORD DEVELOPMENT, LLC, <br>     Defendant and Third-Party Plaintiff, | : <br> : | |
| vs. | : <br> : | |
| THOMAS PIPPETT, SR., <br>     Third-Party Defendant. | : <br> : <br> : | |
| DARLENE JENNINGS, <br>     Plaintiff, | : <br> : <br> : | CIVIL CASE NO. <br> 3:02cv1937(MRK) |
| vs. | : <br> : | |
| WATERFORD DEVELOPMENT, LLC, <br>     Defendant. | : <br> : | |

**PLAINTIFFS' PROPOSED CHANGES TO JURY INSTRUCTIONS**

**Pages 14-15.** Delete section entitled "M. DEPOSITION TESTIMONY"

**Page 18, lines 7-16.** Change to:

"**Existence of a Contract and Its Terms.**  As to the first element of Plaintiffs' Breach of Contract claim, there is no dispute that an employment contract existed between each Plaintiff and Waterford. Such a contract was established by the mere fact that each Plaintiff went to work for

Waterford and was paid for his or her services.

The dispute between the Plaintiffs and Waterford revolves around the duration of their employment."

**Page 19, lines 2-3.** Change sentence beginning in line 2 to:

"Although many contracts are in writing, oral contracts are just as valid and enforceable. I instruct you that the fact that no written contract was ever entered into between Plaintiffs and Waterford does not diminish the Plaintiffs' rights or claims."

**Page 19, lines 6-8.** Delete: first and second sentences at lines 6-8 of page 19.

**Page 19, lines 14-19.** Delete paragraph.

**Page 20:** In answer to Court's inquiry -- no need to charge on "consideration".

**Pages 21-22:** Correct start date for Pippett, Sr. was May 25, 2000.

**Page 22, line 1.** Insert after date on line 1:

"It is uncontradicted that he did not speak with Darlene Jennings until June 2000; the controversy surrounds any statements made by Pippett, Sr. to Plaintiffs Pippett, Jr., McDonald and Rosato in the period between May 12 and May 24, 2000, i.e., from the time he first met with Waterford and his start date. I instruct you, however, that the mere fact that Pippett, Sr.'s start date was May 25, 2000

-2-

does not mean that he lacked either actual or apparent authority when he spoke with any of the Plaintiffs prior thereto.

It is also for you, members of the jury, to determine whether Waterford ratified any of Pippett, Sr.'s negotiations with Plaintiffs when Waterford failed to interview, inquire, confirm or clarify the terms of employment before any of them began working for Waterford. You may conclude that Waterford gave Pippett, Sr. full authority in its failure to establish the terms of employment orally or in writing before the start dates of any of the Plaintiffs."


**Page 23, lines 11-14.** Delete 2 sentences beginning "An employer . . . managerial discretion."; delete "However." Sentence now begins "Recognizing . . .."


**Page 24, insert paragraph after line 5:**

"Plaintiffs and Pippett, Sr. have testified that there was an abundance of work at the time of their terminations for each of the Plaintiffs to perform. You may also consider documentary evidence in the form of exhibits as to whether there was sufficient work for the Plaintiffs at the time of their termination. You may also find that the lack of work as to any of the Plaintiffs was created by Waterford or used as a pretext for termination due to other reasons which would not constitute cause for termination. This is peculiarly within your province to determine whether such cause existed or not."


**Page 26, line 2,** insert "by or through its agent";


-3-

**Page 26, line 13,** insert after end:

"If you find that any of the Plaintiffs' reliance was foreseeable, then you may find that Waterford's failure to confirm the terms of employment prior to their start dates precludes Waterford's ability to negate the promises made by Pippett, Sr."

**Page 26, line 21.** Add to end of line 21:

"I instruct you, however, that if the Plaintiffs reasonably relied on the representations of Pippett, Sr., and Waterford took no steps to define the term of employment contrary to such representations, Plaintiffs have satisfied the due diligence requirement."

**Page 29, lines 1-2.** Insert new paragraph between lines 1-2:

"There has been evidence presented through the Plaintiffs' testimony that there were specific reasons other than "lack of work" that led to their terminations. It is possible, if you find such testimony credible, that you may find such reasons to constitute a breach of good faith and fair dealing. That is for you to decide."

**Page 30, line 7,** insert at end:

"Misrepresentation may also be proven by the omission of a statement of a material fact. In this case, you may find such misrepresentation by omission occurred when Waterford failed to interview and/or establish the terms of employment independent of the Pippett, Sr. communications prior to the Plaintiffs' start dates and after they had acted in reliance on such representations as I shall shortly instruct you."

**Page 31, lines 3-4 and line 11:** Is this necessary (yes to both questions)

**Page 31, line 19,** add at end:

"In this regard, you may consider any evidence you heard regarding the custom and usage of employment practices for construction executives such as the Plaintiffs in the course of their other employments on projects."

**Page 34, line 19,** insert after "actions": ", or its agent, Pippett, Sr."

**Page 34, line 22,** add after "available.":

"Let me define what back pay means. In this context, back pay is that amount of money that Plaintiffs would have received during the course of their contracts. This would be from their start date until today.

In this case, Plaintiffs allege that their contracts were for the duration of the Adriaen's Landing project. If you have found that to be the duration of Waterford's obligation to the Plaintiffs, you may award front pay through the summer of 2005, which is the only date you have heard for a possible substantial completion of the project. In the absence of any other evidence, you may not speculate beyond that date."

**Page 35, line 6,** add at the end:

"Each Plaintiff has disclosed to you the efforts made and earnings received from the time of their termination until today. I instruct you that it is Waterford's burden to prove that those efforts and

earnings were not reasonable and that their lost earnings should be further reduced."

**Page 35, line 14**, delete from "will" to end of sentence, and substitute:

"provide a breakdown of the contract based damages that may be awarded and you should consider each such claim separately, as I have instructed you above in arriving at a total amount for contract based claims, if any."

**Page 35, line 21**, delete word "compensatory."

**Page 36, line 2,** insert after "misrepresentation.":

"Your Verdict Form breaks down these economic losses. I wish to instruct you about two of them. You have heard testimony from the Plaintiffs that, as a result of their reliance on the misrepresentations or omissions by Waterford, they have not recovered that level of earning capacity or employment status that they previously enjoyed. If you find that testimony credible, you may award compensatory damages for lost opportunity under this negligent misrepresentation claim.

The second line item under Tort Damages upon which I wish to instruct you is known as emotional distress. You have heard testimony from the Plaintiffs as to what emotional and psychological harm each of them has suffered as a result of their termination by Waterford. This non-economic loss, if you found that testimony credible, may also be awarded by you in such amount as you find reasonable and appropriate as to each or any of the Plaintiffs."

**Page 36, line 13.** Insert new section, "**C-1: PUNITIVE DAMAGES**."

"Punitive damages may be awarded if you find that one or more plaintiffs has proven his or her claim of negligent misrepresentation, and that Waterford engaged in malicious or outrageous conduct, that is, willful, wanton or reckless actions done with a bad motive or reckless indifference to the interests of others. These are damages that, as the word "punitive" implies, may be assessed against the defendant in order to deter the occurrence of similar conduct in the future.

In determining whether the conduct was wanton or willful, you must consider what occurred in light of all the facts involved. By wanton or willful, I mean that you must decide whether the defendant's actions in terminating the plaintiffs were motivated by ill will towards one or more of the plaintiffs, or for the purpose on the part of the defendant to do harm to plaintiffs or if you find that the defendant intended to bring about the results which occurred. In determining whether the defendant's conduct was reckless you should assess whether the defendant acted in a reckless disregard of the law or of the consequences that might follow from its conduct, such as any of plaintiffs' resulting economic losses and/or emotional distress.

If you find that one or more of the plaintiffs has proven his or her claim of negligent misrepresentation, and that defendant's actions were willful, wanton or reckless, then you may award punitive damages to deter similar conduct in the future.

You are not to set any amount for these damages. Under Connecticut law, the Court will determine the appropriate amount if you award punitive damages. Your Verdict Form has a section on punitive damages. You should indicate on that form by marking yes or no whether you find from the evidence that punitive damages are appropriate in this case."

**See proposed Jury No. 12 attached hereto (as modified).**

-7-

**Page 39, line 22.** Insert new section: "**D. Intervening or Superseding Cause.**"

"Since your consideration of the third party claim only applies if you have found Waterford liable to the Plaintiffs, then I wish to instruct you on legal doctrine known as intervening or superseding cause. By this time you would have found that the Plaintiffs reasonably relied upon the representations of Pippett, Sr. that their employments were for the duration of the Adriaen's Landing project. If you find that Waterford, as the employer, had a duty to disclose and clarify the terms of employment at the time of the Plaintiffs' start dates, then you may determine that Waterford's conduct supersedes any conduct on the part of Pippett, Sr. You may also make this determination if you find that Waterford's reasons for termination were unjustified and improper. Such intervening or superseding cause would relieve Pippett, Sr. of any obligation to pay Waterford or the Plaintiffs for the damages you have awarded."

                                      Respectfully submitted,

| POMERANTZ & SCHEFFER | PERLBERGER LAW ASSOCIATES, P.C. |
|---|---|
| *[signature]* | *[signature]* |
| Michael W. Jones, Esquire | Norman Perlberger, Esquire |
| 21 South 12th Street, Suite 700 | 326 W. Lancaster Avenue, Suite 210 |
| Philadelphia, PA 19107-3603 | Ardmore, PA 19003 |
| Dated: 9/7/04 | (Attorneys for Plaintiffs) |

## **CERTIFICATION**

I hereby certify that I have served a copy of the foregoing Plaintiffs' Proposed Changes to Jury Instruction by hand-delivery this 7th day of September, 2004, to the counsel of record listed below as follows:

Andrew Houlding, Esquire
Bridget Ciarlo, Esquire
Rome McGuigan, P.C.
One State Street
Hartford, CT 06103-3101

Barbara Collins, Esquire
44 Capitol Avenue, Suite 402
Hartford, CT 06106

_____
Michael W. Jones, Esquire
Pomerantz & Scheffer
21 South 12th Street, Suite 700
Philadelphia, PA 19107