UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS P. PIPPETT, JR., | : | CIVIL CASE NO. |
| JOSEPH T. MCDONALD, and | : | 3:01cv1716(MRK) |
| JAMES J. ROSATO, IND. par. | : | |
| t/a ECM ELECTRICAL | : | |
| CONSTRUCTION, | : | |
|     Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | |
| WATERFORD DEVELOPMENT, LLC, | : | |
|     Defendant and Third-Party Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| THOMAS PIPPETT, SR., | : | |
|     Third-Party Defendant. | : | |
| | | |
| DARLENE JENNINGS, | : | CIVIL CASE NO. |
|     Plaintiff, | : | 3:02cv1937(MRK) |
| | : | |
| vs. | : | |
| | : | |
| WATERFORD DEVELOPMENT, LLC, | : | |
|     Defendant. | : | |

## PLAINTIFFS' SECOND SET OF PROPOSED CHANGES TO JURY INSTRUCTIONS

**Page 18, lines 7-16.** Change to:

"**Existence of a Contract and Its Terms.** As to the first element of Plaintiffs' Breach of

Contract claim, as to Plaintiffs Pippett, Jr., McDonald and Jennings, I instruct you that there is no

dispute that an employment contract existed between each Plaintiff and Waterford. Such a contract

was established by the mere fact that each Plaintiff went to work for Waterford and was paid for his

or her services.  As to these three Plaintiffs, the dispute revolves around the duration and other terms of their employment.

As to Plaintiff Rosato t/a ECM Electrical Construction, I instruct you that ECM was a consultant acting as an independent contractor.  James T. Rosato is the principal for ECM Electrical Construction and was not, at any time, an employee of Waterford.  Under Connecticut law, a contractual relationship between ECM and Waterford could not be "at-will" unless the parties expressly agreed to such a contract term.  On the other hand, unlike the other three Plaintiffs, ECM must establish the existence of a contract between itself and Waterford.  ECM claims that such a contract was entered into orally between Rosato and Pippett, Sr. at a time when Pippett, Sr. was serving as the Project Director of Waterford.  Waterford claims that no enforceable contract existed because essential terms and requirements of the contract were left undetermined and open for further consideration, and the minds of the parties never truly met.  Plaintiff ECM must prove by a preponderance of the evidence that it had a contract with Waterford.

The partes also dispute the terms of this alleged contract.  ECM claims that the contract was for the duration of the Adriaen's Landing project and could only be terminated for cause.  Waterford claims that ECM could be terminated at any time, for any reason.  It is for you to determine whether a contract existed between ECM and Waterford and whether this essential term of the contract had been established between the parties."

**Page 19, lines 2-3.** Change sentence beginning in line 2 to:

"Although many contracts are in writing, oral contracts are just as valid and enforceable. I instruct you that the fact that no written contract was ever entered into between Plaintiffs and Waterford does

**Page 20, line 15.**  Insert prior to sentence beginning with "In this case . . .":

"While you are to apply this general rule for employees to Plaintiffs Pippett, Jr., McDonald and Jennings, in the case of Rosato t/a ECM, no such "at will" rule is applicable.  Instead you must determine what, if anything, was agreed upon between Waterford and ECM, as an independent contractor or consultant to this project."

**Page 22, line 19.**  Add after word "Plaintiffs":

"Pippett, Jr., McDonald and Jennings"

**Page 22, line 20.**   Delete "the" before "Plaintiffs" and insert "those three."

**Page 22, lines 21 and 22.**   Insert "those three" before "Plaintiffs'."

**Page 23, line 3.**   After word "each," insert "of the three."

**Page 23, line 7.**  At end of line, after "terminate," insert "either the contract or."

**Page 23, lines 10 and 11.**  After word "employee," insert the words "or consultant."

**Page 24, lines 5 and 21.**  Insert "contract or" before the word "employment."

**Page 25, lines 17 and 20.**  Insert after word "Plaintiffs," insert "Pippett, Jr., McDonald and

Jennings."

**Page 25, line 21.**  Insert before the last sentence on that line: "Plaintiff Rosato t/a ECM alleges that because he relied to his detriment on Waterford's alleged promise that ECM's term of its engagement would be for the duration of the Adriaen's Landing project, unless terminated for cause, Waterford should be prevented or "estopped" from arguing that Plaintiff ECM was not entitled to enforcement of Waterford's promise."

**Page 26, line 3.**  After word "employed," insert phrase "or contracted."

**Page 26, line 11.**  After word "employ," insert phrase "or contract."

**Page 27, line 15.**  After word "contract," insert at end of sentence: ", or in the case of Rosato, t/a ECM, its consulting contract."

**Page 28, line 16.**  Delete word "employment."

**Page 28, line 20.**  Before both instances of word "employment," insert phrase "contract or."

**Page 29, line 1.**  Delete word "employment."

**Page 30, line 1.**  Before word "employment," insert phrase "contract or."

**Page 30, line 10.** Delete word "employment."

**Page 30, line 14.** Before word "employment," insert phrase "contract or."

**Page 31, line 8.** Substitute phrase "contracting with" instead of word "employing."

**Page 34, line 2.** Insert phrase "contract or" in front of word "employment."

**Page 35, line 6,** add at the end:

"Each Plaintiff has testified regarding the efforts made and earnings received from the time of their termination until today. I instruct you that it is Waterford's burden to prove that those efforts were not reasonable and that their claimed damages should be further reduced."

**Page 36, line 13.** Insert new section, "**C-1: PUNITIVE DAMAGES.**"

"Punitive damages may be awarded if you find that one or more plaintiffs has proven his or her claim of negligent misrepresentation, and that Waterford engaged in malicious or outrageous conduct, that is, willful, wanton or reckless actions done with a bad motive or reckless indifference to the interests of others.

In determining whether the conduct was wanton or willful, you must consider what occurred in light of all the facts involved. By wanton or willful, I mean that you must decide whether the defendant's actions in terminating the plaintiffs were motivated by ill will towards one or more of the plaintiffs, or for the purpose on the part of the defendant to do harm to plaintiffs or if you find

that the defendant intended to bring about the results which occurred. In determining whether the defendant's conduct was reckless you should assess whether the defendant acted in a reckless disregard of the law or of the consequences that might follow from its conduct.

If you find that one or more of the plaintiffs has proven his or her claim of negligent misrepresentation, and that defendant's actions were willful, wanton or reckless, then you may choose to award punitive damages.

You are not to set any amount for these damages. Under Connecticut law, the Court will determine the appropriate amount if you award punitive damages. Your Verdict Form has a section on punitive damages. You should indicate on that form by marking yes or no whether you find from the evidence that punitive damages are appropriate in this case."

**Page 37, line 10.** After word "employment," insert phrase "or contract."

**Page 38, line 5.** After word "employment" at end of line, insert "or consulting."

Respectfully submitted,

POMERANTZ & SCHEFFER

Michael W. Jones, Esquire
21 South 12th Street, Suite 700
Philadelphia, PA 19107-3603

Dated: 9/8/04

PERLBERGER LAW ASSOCIATES, P.C.

Norman Perlberger, Esquire
326 W. Lancaster Avenue, Suite 210
Ardmore, PA 19003

(Attorneys for Plaintiffs)