**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **THOMAS P. PIPPETT, JR.,** | : | **CIVIL ACTION NO.** |
| **JOSEPH T. MCDONALD, and** | : | **3:01cv1716(MRK)** |
| **JAMES J. ROSATO, IND. par.** | : | |
| **t/a ECM ELECTRICAL** | : | |
| **CONSTRUCTION,** | : | |
| **Plaintiffs,** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **WATERFORD DEVELOPMENT, LLC,** | : | |
| **Defendant.** | : | |
| | : | |
| **WATERFORD DEVELOPMENT, LLC,** | : | |
| **Third-Party Plaintiff,** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **THOMAS PIPPETT, SR.,** | : | |
| **Third-Party Defendant.** | : | **September 6, 2004** |

**MEMORANDUM IN SUPPORT OF
MOTION FOR JUDGMENT AS A MATTER OF LAW**

    1.  Statement of Uncontested Facts

In January 2001, Waterford Development LLC ("Waterford") and Thomas Pippett

Sr. ("Pippett Sr.") signed a mutual release that applied to each party, and the parties'

successors and assigns.  The language of the release waives any and all actions and

claims between the parties. On January 15, 2001, Pippett Sr. signed the release as

president of TPP Inc.  (TPD Ex 901).  In February 2001, the Plaintiffs filed suit against

Waterford; Waterford then filed suit against Pippett Sr. as a Third Party Defendant in

August 2002.

Pippett Sr. testified at trial that he was the only employee and officer of TPP Inc.; Pippett

alone made decisions regarding TPP Inc.'s intake business; he controlled all what money

was taken-in and paid-out of the company, as well as, any policies effecting TPP Inc. The

representatives of Waterford, in particular Len Wolman, testified that they had both

notice and knowledge that TPP solely existed for tax purposes as a means for Pippett Sr.

to be paid. The representatives testified that all payments to Pippett Sr. were made to his

corporation TPP Inc., and not to Pippett Sr. as an individual.  Alan Angel testified that he

drafted the January 2001 release between TPP Inc. and Waterford.

The release dated January 12, 2001 states that "…by this letter Waterford

Development, L.L.C. and TPP International, Inc….hereby cancel and terminate any

existing agreements and relationships with another, oral, or written…" Further, the

release states " …Waterford and TPP Inc. each for itself and its successors and assigns

does release and forever discharge the other and its successors and assigns from any and

all claims, demands, liabilities, losses, expenses, suits or judgments which each of them

had, has, or may have against the other". One of the considerations for the release was

that Waterford paid all of TPP's outstanding expenses, which Pippett Sr. testified was

approximately $14,000 in out-of-pocket expenses, which he had incurred on Adriaen's

Landing (TPD Ex 901).  Pippett Sr. also testified that he negotiated the agreement and

that he had originally sought greater compensation but agreed to only three months

severance because Waterford refused to pay his expenses.

II. ARGUMENT

A. The release acted as an absolute bar to the present action

If Pippett Sr. filed a suit against Waterford for his termination, on the basis that the earlier release signed by the parties only bound TPP Inc., the corporation, and not Pippett, the individual, it is likely the Defendant Waterford would argue that Pippett was using the TTP Inc. to act as a screen for his own individual interests, and consequently the court should apply the doctrine of "piercing the corporate veil" to prevent the misuse of the corporate form.  Likewise, it is likely that Waterford would have successfully shown that TPP Inc. and Pippett Sr. are in fact one and the same because as Pippett Sr. testimony illustrated that " the controlled corporation has, so to speak, no separate mind, will or existence of its own and is but a business conduit for its principal" Davenport v. Quinn, et all, 53 Conn. App. 282, 300 (1999).  This is the reverse situation and as such the reverse logic should apply.

Although no case law directly on-point has been found, a release, like every other instrument, must be so construed as to carry out the intention of the parties. This intention is to be sought in the language of the instrument itself when read in the light of the circumstances, which surrounded the transaction. The question of whether a release bars claims against an employee of the corporation depends on the contract law of the forum state.  See Locafrance U.S. Corp. v. Intermodal Sys. Leasing, 1979 U.S. Dist. LEXIS 11083

Scope of the release is a question of contract interpretation and what the parties' intent was at the time of contracting. The accepted general rule is that contract must be construed to effectuate the intent of the parties, which is determined from the language used interpreted in the light of the situation of the parties and the circumstances

connected with the transaction. <u>Lawson v. Whitey's Frame Shop</u>, 241 Conn. 678, 686,

697 A.2d 1137 (1997)." (Internal quotation marks omitted.) <u>Pesino v. Atlantic Bank of</u>

<u>New York</u>, supra, 244 Conn. 91-92.


    A court can consider extrinsic evidence of the intent of the parties to a general

release to determine if the parties intended to release the party in question. <u>Sims v. Honda</u>

<u>Motor Co</u>., 225 Conn. 401  See Also <u>R.T. Vanderbilt Company, Inc. v. Continental</u>

<u>Casulty Co</u>. et al. August 16, 2002 Conn. Super. LEXIS 2766 (2002) (holding the parties'

settlement agreement and written release did not lend themselves to a plain

language interpretation. To ascertain the true meaning of the drafters'

words when they framed those documents, the court had to examine extrinsic

evidence as to the parties' intent).  See Also <u>Addison v. Velez</u>, 72 Conn.

App. 402 (2002).

In the case at bar, Waterford was resolving the termination of Pippett Sr. as project

director from Adriaen's Landing. However Pippett Sr. was hired not by Waterford but by

TPP. Waterford had hired TPP to provide Pippett Sr.'s services.  The misconduct that

Waterford now complains of occurred when Pippett Sr. was acting as the project director.

Pippet Sr. position as project director was terminated on September 29, 2004, several

months prior to the release.   TPP, other than as employer of Pippett Sr. committed no

wrongdoing against Waterford.   The only benefit that Waterford received from the

agreement  was protection from suit by TPP for breach of the contract for services with

Pippett Sr. As there is no evidence of independent wrongdoing, then a release of either

the principal or the agent operates to release the other. <u>Alvarez v. New Haven Register, Inc.</u>, 249 Conn. 709, 725 (1999); <u>Cunha v. Colon, et al</u>, 260 Conn. 15, 19 (2002)

Finally, it is long established that See also <u>Hartford Electric Applicators of Thermalux, Inc. v. Alden</u>, 169 Conn. 177, 182(1975) "The contract was prepared by the defendants. When there is ambiguity, we must construe contractual terms against the drafter." Id.

<u>III. CONCLUSION</u>

For the reasons stated above, the third party complaint against Pippett Sr. should be dismissed.


                        THIRD-PARTY DEFENDANT,
                        THOMAS PIPPETT SR.


                        /s/ Barbara J. Collins Esq.
                        _____
                              Barbara J. Collins, Esq.
                              Federal Bar No (ct04634)
                              44 Capitol Avenue, Suite 402
                              Hartford, CT  06106
                              Phone (860) 297-6502
                              Fax (860) 724-3921
                               barbcollins@mac.com
                              His Attorney

## **CERTIFICATION**

I hereby certify that I have caused a copy of the foregoing hand delivered the 7th

of September, 2004 to the following counsel of record listed below as follows:

Andrew Houlding, Esq
Rome McGuigan PC
One State Street
Hartford, CT 06016

Gerald Jay Pomerantz, Esq.
Mark Scheffer, Esq.
Pomerantz, Scheffer & Associates
7th Floor, Stephen Girard Building
21 South 12th Street
Philadelphia PA  19107-3603

Norman Perlberger, Esq.
Perlberger Law Associates, P.C.
326 W. Lancaster Avenue, Suite 210
Ardmore, PA  19003

/s/ Barbara J. Collins Esq.
_____

Barbara J. Collins