# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| THOMAS P. PIPPETT, JR., ET AL. | NO. 3:01CV1716(MRK) |
| Plaintiffs | (LEAD CASE) |
| v. | |
| WATERFORD DEVELOPMENT, LLC | |
| Defendant; Third Party Plaintiff | |
| v. | |
| THOMAS PIPPETT, SR., | |
| Third-Party Defendant | |



## VERDICT FORM

## DEFENDANT WATERFORD'S LIABILITY

Please answer ALL of the questions in Parts I and II of this Verdict Form, on Pages 2 through 8.



COURT'S EXHIBIT
#12
9/10/04

-1-

I. **CONTRACT LIABILITY**

A. **Breach of Contract**

    Please answer ALL of the following four questions on the Plaintiffs' Breach of Contract Claim by placing a check mark on the line next to "YES" or "NO."

(1) Has Thomas P. Pippett, Jr. proved by a preponderance of the evidence that (a) he entered into a contract with Waterford, by or through its agent, with a specific contractual commitment that he would be employed for the duration of the Adriaen's Landing project and that he would not be terminated except for cause; (b) Waterford breached or violated these terms of his contract; and (c) he suffered damages as a result of Waterford's breach?

           ✓ Yes            _____ No

(2) Has Joseph T. McDonald proved by a preponderance of the evidence that (a) he entered into a contract with Waterford, by or through its agent, with a specific contractual commitment that he would be employed for the duration of the Adriaen's Landing project and that he would not be terminated except for cause; (b) Waterford breached or violated these terms of his contract; and (c) he suffered damages as a result of Waterford's breach?

           ✓ Yes            _____ No

(3) Has Darlene Jennings proved by a preponderance of the evidence that (a) she entered into a contract with Waterford, by or through its agent, with a specific contractual commitment that she would be employed for the duration of the Adriaen's Landing project and that she would not be terminated except for cause; (b) Waterford breached or violated these terms of her contract; and (c) she suffered damages as a result of Waterford's breach?

           ✓ Yes            _____ No

(4)   Has James T. Rosato t/a ECM Electrical Construction ("ECM") proved by a preponderance of the evidence that (a) ECM entered into a contract with Waterford, by or through its agent, with a specific contractual commitment that ECM would be retained until substantial completion of the Adriaen's Landing project and that ECM would not be terminated except for cause; (b) Waterford breached or violated the terms its contract with ECM; and (c) ECM suffered damages as a result of Waterford's breach?

__✓__ Yes        _____ No

**Please continue to the next page.**

**B.     Equitable or Promissory Estoppel**

**Please answer ALL of the following four questions on the Plaintiffs' Equitable or Promissory Estoppel Claim by placing a check mark on the line next to "YES" or "NO."**

(1)   Has Thomas P. Pippett, Jr. proved by a preponderance of the evidence that (a) Waterford, by or through its agent, made a clear and unambiguous promise that he would be employed for the duration of the Adriaen's Landing project and that he would not be terminated except for cause; (b) he reasonably and foreseeably relied on that promise; and (c) by reason of his reliance on Waterford's promise, he changed his position to his detriment?

   ✓ Yes          _____ No

(2)   Has Joseph T. McDonald proved by a preponderance of the evidence that (a) Waterford, by or through its agent, made a clear and unambiguous promise that he would be employed for the duration of the Adriaen's Landing project and that he would not be terminated except for cause; (b) he reasonably and foreseeably relied on that promise; and (c) by reason of his reliance on Waterford's promise, he changed his position to his detriment?

   ✓ Yes          _____ No

(3)   Has Darlene Jennings proved by a preponderance of the evidence that (a) Waterford, by or through its agent, made a clear and unambiguous promise that she would be employed for the duration of the Adriaen's Landing project and that she would not be terminated except for cause; (b) she reasonably and foreseeably relied on that promise; and (c) by reason of her reliance on Waterford's promise, she changed her position to her detriment?

   ✓ Yes          _____ No

(4) Has James T. Rosato t/a ECM Electrical Construction ("ECM") proved by a preponderance of the evidence that (a) Waterford, by or through its agent, made a clear and unambiguous promise that ECM would be retained until substantial completion of the Adriaen's Landing project and that ECM would not be terminated except for cause; (b) ECM reasonably and foreseeably relied on that promise; and (c) by reason of ECM's reliance on Waterford's promise, ECM changed its position to its detriment?

        ✓   Yes            _____ No

**Please continue to the next page.**

C. **Breach of Good Faith and Fair Dealing**

**Please answer ALL of the following four questions on the Plaintiffs' Breach of Good Faith and Fair Dealing Claim by placing a check mark on the line next to "YES" or "NO."**

(1) Has Thomas P. Pippett, Jr. proved by a preponderance of the evidence that (a) he had an expressed or implied employment contract with Waterford; and (b) Waterford acted in bad faith with respect to his employment contract?

    __✓__ Yes      _____ No

(2) Has Joseph T. McDonald proved by a preponderance of the evidence that (a) he had an expressed or implied employment contract with Waterford; and (b) Waterford acted in bad faith with respect to his employment contract?

    __✓__ Yes      _____ No

(3) Has Darlene Jennings proved by a preponderance of the evidence that (a) she had an expressed or implied employment contract with Waterford; and (b) Waterford acted in bad faith with respect to her employment contract?

    __✓__ Yes      _____ No

(4) Has James T. Rosato t/a ECM Electrical Construction ("ECM") proved by a preponderance of the evidence that (a) ECM had an expressed or implied contract with Waterford; and (b) Waterford acted in bad faith with respect to that contract?

    __✓__ Yes      _____ No

**Please continue to the next page and the questions in Part II on Tort Liability.**

II.  **TORT LIABILITY**

A.  **Negligent Misrepresentation.**

Please answer ALL of the following four questions on the Plaintiffs' Negligent Misrepresentation Claim by placing a check mark on the line next to "YES" or "NO."

(1)  Has Thomas P. Pippett, Jr. proved by a preponderance of the evidence that (a) Waterford, by or through its agent, misrepresented that he would be employed for the duration of the Adriaen's Landing project and that he would not be terminated except for cause; (b) Waterford failed to exercise reasonable care or competence in communicating these alleged misrepresentations to him; (c) Waterford believed and intended that he would rely on the alleged misrepresentations; and (d) he reasonably relied on the alleged misrepresentations by Waterford and suffered a loss as a result?

   ✓ Yes        _____ No

(2)  Has Joseph T. McDonald proved by a preponderance of the evidence that (a) Waterford, by or through its agent, misrepresented that he would be employed for the duration of the Adriaen's Landing project and that he would not be terminated except for cause; (b) Waterford failed to exercise reasonable care or competence in communicating these alleged misrepresentations to him; (c) Waterford believed and intended that he would rely on the alleged misrepresentations; and (d) he reasonably relied on the alleged misrepresentations by Waterford and suffered a loss as a result?

   ✓ Yes        _____ No

(3) Has Darlene Jennings proved by a preponderance of the evidence that (a) Waterford, by or through its agent, misrepresented that she would be employed for the duration of the Adriaen's Landing project and that she would not be terminated except for cause; (b) Waterford failed to exercise reasonable care or competence in communicating these alleged misrepresentations to her; (c) Waterford believed and intended that she would rely on the alleged misrepresentations; and (d) she reasonably relied on the alleged misrepresentations by Waterford and suffered a loss as a result?

     __✓__ Yes          _____ No

(4) Has James T. Rosato t/a ECM Electrical Construction ("ECM") proved by a preponderance of the evidence that (a) Waterford, by or through its agent, misrepresented that ECM would be retained until substantial completion of the Adriaen's Landing project and that ECM would not be terminated except for cause; (b) Waterford failed to exercise reasonable care or competence in communicating these alleged misrepresentations to ECM; (c) Waterford believed and intended that ECM would rely on the alleged misrepresentations; and (d) ECM reasonably relied on the alleged misrepresentations by Waterford and suffered a loss as a result?

     __✓__ Yes          _____ No

**Please continue to the next page.**

III.  **INSTRUCTIONS ON YOUR ANSWERS REGARDING CONTRACT AND TORT LIABILITY**

Please read all of the following paragraphs related to your responses in Parts I and II above:

If for any particular Plaintiff you checked "YES" for any one or more of the Questions in Parts I and II above, then you have found for that Plaintiff and against Waterford on that claim. You should then consider the Questions in Part IV on Damages on Page 10 of this Verdict Form, for that particular Plaintiff on that particular claim.

If for any particular Plaintiff you checked "NO" for any one or more of the Questions in Parts I and II above, you have found for Waterford and against the Plaintiff on that particular claim and no further deliberations are required for that particular Plaintiff on that particular claim, and therefore you do not need to consider Damages for that particular Plaintiff on that particular claim. However, you will still need to consider Damages for any Plaintiff on any claim for which you have answered "YES" in Parts I and II above.

If you checked "NO" for ALL of the Questions in Parts I and II above, you have found for Waterford and against all of the Plaintiffs on all claims and you have completed your deliberations and you do not need to consider Damages at all. Please stop answering further questions and proceed to the Conclusion of Deliberations in Part VII, on Page 14 of this Verdict Form.

IV. **CONTRACT AND TORT DAMAGES**

Please fill in a dollar amount for the damages you have found for any particular Plaintiff for whom you checked "YES" for any one or more of the Questions in Parts I and II above.

|  | Contract Damages | Tort Damages |
|---|---|---|
| (1) Thomas P. Pippett, Jr.: | $ 374,000 | $ 450,000 |
| (2) Joseph T. McDonald: | $ 384,000 | $ 325,000 |
| (3) Darlene Jennings: | $ 167,000 | $ 225,000 |
| (4) James T. Rosato t/a ECM Electrical Construction: | $ 409,000 | $ 325,000 |

Please read all of the following paragraphs related to your responses awarding damages above:

If you filled in a dollar amount awarding TORT damages in the lines above to any particular Plaintiff, please continue to the Questions on Punitive Damages in Part V for that particular Plaintiff, on Page 11 of this Verdict Form.

If you did not award tort damages for any Plaintiff, but you did fill in a dollar amount awarding CONTRACT damages in the lines above to any particular Plaintiff, you should not answer the Questions on Punitive Damages in Part V, and you should continue to the Questions on the Third Party Claim in Part VI, on Page 12 of this Verdict Form.

If you did not award damages to any Plaintiff, please stop answering further questions and proceed to the Conclusion of Deliberations in Part VII, on Page 14 of this Verdict Form.

V.  **PUNITIVE DAMAGES**

**For any of the Plaintiffs for whom you have awarded Tort Damages in Part IV above, please indicate whether you also award that Plaintiff punitive damages by placing a check mark next to "YES" or "NO".**

(1) If you awarded Tort Damages for Thomas P. Pippett, Jr. in Part IV above, do you also award Punitive Damages for Thomas P. Pippett, Jr.?

　　✓ Yes　　　　＿＿＿＿No

(2) If you awarded Tort Damages for Joseph T. McDonald in Part IV above, do you also award Punitive Damages for Joseph T. McDonald?

　　✓ Yes　　　　＿＿＿＿No

(3) If you awarded Tort Damages for Darlene Jennings in Part IV above, do you also award Punitive Damages for Darlene Jennings?

　　✓ Yes　　　　＿＿＿＿No

(4) If you awarded Tort Damages for James T. Rosato t/a ECM Electrical Construction ("ECM") in Part IV above, do you also award Punitive Damages for James T. Rosato t/a ECM Electrical Construction ("ECM")?

　　✓ Yes　　　　＿＿＿＿No

**Please continue to the Questions on the Third Party Claim in Part VI, on Page 12 of this Verdict Form.**

VI.  **THIRD PARTY CLAIM**

If you filled in a dollar amount awarding damages to any particular Plaintiff in Part IV above, please answer following questions related to those Plaintiffs by placing a check mark on the line next to "YES" or "NO."

**If you awarded damages to Plaintiff Thomas P. Pippett, Jr.:**

(1) Has Waterford proved by a preponderance of the evidence that (a) Thomas P. Pippett, Sr. breached his duties of agency by failing to exercise reasonable care, diligence, and judgment on behalf of Waterford, with respect to his dealings with Plaintiff Thomas P. Pippett, Jr.; and (b) Pippett, Sr.'s breach of his duties of agency caused actual damages to Waterford?

    _____ Yes      ✓ No

**If you awarded damages to Plaintiff Joseph T. McDonald:**

(2) Has Waterford proved by a preponderance of the evidence that (a) Thomas P. Pippett, Sr. breached his duties of agency by failing to exercise reasonable care, diligence, and judgment on behalf of Waterford, with respect to his dealings with Plaintiff Joseph T. McDonald; and (b) Pippett, Sr.'s breach of his duties of agency caused actual damages to Waterford?

    _____ Yes      ✓ No

**If you awarded damages to Plaintiff Darlene Jennings:**

(3) Has Waterford proved by a preponderance of the evidence that (a) Thomas P. Pippett, Sr. breached his duties of agency by failing to exercise reasonable care, diligence, and judgment on behalf of Waterford, with respect to his dealings with Plaintiff Darlene Jennings; and (b) Pippett, Sr.'s breach of his duties of agency caused actual damages to Waterford?

    _____ Yes      ✓ No

**If you awarded damages to James T. Rosato t/a ECM Electrical Construction ("ECM"):**

(4)   Has Waterford proved by a preponderance of the evidence that (a) Thomas P. Pippett, Sr. breached his duties of agency by failing to exercise reasonable care, diligence, and judgment on behalf of Waterford, with respect to his dealings with Plaintiff James T. Rosato t/a ECM Electrical Construction ("ECM"); and (b) Pippett, Sr.'s breach of his duties of agency caused actual damages to Waterford?

_____ Yes          ✓ No

If you answered "NO" to ALL of the Questions (1) through (4) above on the Third Party Claim, please stop answering further questions and proceed to the Conclusion of Deliberations in Part VII, on Page 14 of this Verdict Form.

If you answered "YES" to ANY of the questions (1) through (4) above, please answer the following Question (5).

(5)   Has Thomas P. Pippett, Sr. proved by the preponderance of the evidence that the Release signed with Waterford bars enforcement of Waterford's third party claim for Indemnification?

_____ Yes          _____ No

Please continue to the Conclusion of Deliberations in Part VII, on Page 14 of this Verdict Form.

-13-

## VII.   CONCLUSION OF DELIBERATIONS

    Your deliberations are now complete, and you should have your jury foreperson note the date and time and sign the form in the space provided.

09/10/2004        4:22  A.M./**P.M.**        _[signature]_
**Date**        **Time**        **Foreperson (Please Sign)**